SCHLACK ITO
A Limited Liability Law Company

DEREK R. KOBAYASHI           5323-0
BRITTNEY M. WU               11505-0
Topa Financial Center, Fort Street Tower
745 Fort Street, Suite 1500
Honolulu, Hawaii  96813
Telephone:  (808) 523-6060
Facsimile:  (808) 523-6030
Email:      dkobayashi@schlackito.com
            bwu@schlackito.com

Attorneys for Defendant
CLIFFORD CHEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN DEFENSE GROUP, LLC, and NAVATEK HOLDINGS LLC,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>MARTIN KAO; TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; GARY AMBROSE; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00283-LEK-WRP<br><br>DEFENDANT CLIFFORD CHEN'S ANSWER TO COMPLAINT, FILED JUNE 22, 2022; DEFENDANT CLIFFORD CHEN'S CROSS-CLAIM AGAINST DEFENDANT MARTIN KAO; EXHIBIT A CERTIFICATE OF SERVICE<br><br><br>Judge:　Magistrate Wes Reber Porter<br>Trial Date:None |

### DEFENDANT CLIFFORD CHEN'S
### ANSWER TO COMPLAINT, FILED JUNE 22, 2022

　　Defendant CLIFFORD CHEN ("Defendant Chen"), by and through his

attorneys, Schlack Ito, A Limited Liability Law Company, hereby submits his

Answer to Plaintiffs MARTIN DEFENSE GROUP, LLC ("MDG") and NAVATEK HOLDINGS LLC ("Navatek") (jointly, "Plaintiffs") Complaint, filed herein on June 22, 2022 ("Complaint") as follows:

## FIRST DEFENSE

The Complaint fails to state a claim against Defendant Chen upon which relief can be granted.

## SECOND DEFENSE

1. In response to paragraph 8 of the Complaint, Defendant Chen admits that he was at all times relevant a resident of the State of Hawaii.

2. In response to paragraph 23 of the Complaint, Defendant Chen admits that he served as MDG's Chief Financial Officer from approximately January 2019 to November 2020.

3. In response to paragraph 33 of the Complaint, Defendant Chen admits that he worked for years in investment banking, served as treasurer for Hawaiian Electric Industries from July 2015 to June 2018, received his undergraduate degree (AB) from Harvard, his law degree (JD) from the University of Michigan, and business (MBA) degree from the University of Chicago Graduate School of Business (Booth) with a concentration in finance and accounting and denies the remaining allegations of said paragraph including those calling for legal conclusions.

4. Defendant Chen declines to respond to the allegations set forth in paragraphs 1 – 7, 9 – 22, 24 – 32, and 34 – 289 of the Complaint at this time and

asserts his constitutional rights against self-incrimination, including without limitation, such rights protected by the 5th Amendment of the United States Constitution and Article I, Section 10, of the Constitution of the State of Hawaii, Hawaii Rules of Evidence Rule 509, and applicable Federal and State laws.

5. Defendant Chen denies all other allegations contained in the Complaint that are not specifically addressed herein.

### THIRD DEFENSE

Plaintiffs are barred from maintaining this action against Defendant Chen based on the doctrine of unclean hands.

### FOURTH DEFENSE

Plaintiffs are barred from maintaining this action against Defendant Chen based on the doctrine of contributory negligence.

### FIFTH DEFENSE

Plaintiffs failed to mitigate their damages.

### SIXTH DEFENSE

The alleged conduct on the part of Defendant Chen was not the legal or proximate cause of any damages allegedly sustained or incurred by Plaintiffs.

### SEVENTH DEFENSE

Plaintiffs have failed to join an indispensable party.

### EIGHTH DEFENSE

Plaintiffs are barred from maintaining this action due to lack of standing as

the real party in interest.

## NINTH DEFENSE

Plaintiffs are barred from maintaining this action due to lawful business reasons for actions taken.

## TENTH DEFENSE

Defendant Chen gives notice that he intends to rely upon the defense of advice of counsel.

## ELEVENTH DEFENSE

Some or all claims are barred by lack of condition precedent and/or lack of all necessary conditions, injury, and other requirements for actions under Racketeer Influenced and Corrupt Organizations laws.

## TWELFTH DEFENSE

Some or all claims may be barred by the failure to plead fraud with particularity.

## THIRTEENTH DEFENSE

Some claims may be barred by the doctrine of laches.

## FOURTEENTH DEFENSE

Some or all claims may be barred by estoppel, ratification, and/or waiver.

## FIFTEENTH DEFENSE

Wrongful acts of others caused, contributed to, and/or exacerbated the conditions upon which Plaintiffs claim to have caused their losses, and Defendant

Chen cannot be held liable for the conduct of others.

## SIXTEENTH DEFENSE

The wrongdoing of other parties or individuals are the sole proximate cause of the losses alleged herein.

## SEVENTEENTH DEFENSE

Defendant Chen was merely following the direct orders of the principals of Plaintiffs and cannot be held liable to Plaintiffs for following Plaintiffs' own directives as their subordinate employee.

## EIGHTEENTH DEFENSE

Defendant Chen incorporates by reference all affirmative defenses plead by other parties to this action to the extent such defenses are applicable to Defendant Chen.  Additionally, Defendant Chen asserts such additional avoidance or affirmative defenses as may be revealed in the process of litigation.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant Chen gives notice that he intends to rely upon any and all matters constituting avoidance or an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure and reserves the right to amend this Answer as appropriate to further set forth said defenses.

WHEREFORE, Defendant CLIFFORD CHEN prays that:

    A.    The Complaint be dismissed with prejudice;

    B.    That the claims against Defendant Chen be stayed pending

completion of the related criminal cases and/or investigations;

      C.    Defendant Chen be awarded his costs, expenses, and reasonable attorneys' fees; and

      D.    Defendant Chen be granted such other and further relief as this Court deems just and equitable.

      DATED: Honolulu, Hawaii, <u>September 30, 2022</u>.

                      SCHLACK ITO
                      A Limited Liability Law Company

                      /s/ Derek R. Kobayashi
                      DEREK R. KOBAYASHI
                      BRITTNEY M. WU
                      Attorneys for Defendant
                      CLIFFORD CHEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN DEFENSE GROUP, LLC; and NAVATEK HOLDINGS LLC,<br><br>            Plaintiffs,<br><br>   vs.<br><br>MARTIN KAO; TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; GARY AMBROSE; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC,<br><br>           Defendants. | CIVIL NO. 1:22-cv-00283 LEK-WRP<br><br>DEFENDANT CLIFFORD CHEN'S CROSS-CLAIM AGAINST DEFENDANT MARTIN KAO; EXHIBIT A |
| CLIFFORD CHEN,<br><br>           Cross-Claimant,<br><br>   vs.<br><br>MARTIN KAO,<br><br>           Cross-Claim Defendant. | |

**DEFENDANT CLIFFORD CHEN'S CROSS-CLAIM AGAINST DEFENDANT MARTIN KAO**

Defendant/Cross-Claimant CLIFFORD CHEN ("Clifford Chen"), by and through his attorneys, Schlack Ito, A Limited Liability Law Company, and for his Cross-Claim against Defendant/Cross-Claim Defendant MARTIN KAO ("Martin Kao") alleges and avers as follows:

1. Clifford Chen resides in Honolulu, Hawaii and within the jurisdiction of this Court.

2. Upon information and belief, at all times relevant herein, Martin Kao resides in the City and County of Honolulu, Hawaii and within the jurisdiction of this Court.

**COUNT I – CONTRIBUTION INDEMNIFICATION AND SUBROGATION**

3. On June 22, 2022, Plaintiffs MARTIN DEFENSE GROUP, LLC ("MDG") and NAVATEK HOLDINGS LLC (jointly, "Plaintiffs") filed a Complaint herein ("Complaint") asserting claims and causes of action against Clifford Chen and other defendants. A true and correct copy of said Complaint is attached hereto as **Exhibit A.**

4. Martin Kao was Chief Executive Officer ("CEO") of MDG starting in 2012.

5. Clifford Chen served as MDG'S Chief Financial Officer ("CFO") from approximately January 2019 to November 2020.

6. On or about November 2020, Martin Kao stepped down as CEO of MDG.

7. Martin Kao had or should have had knowledge of campaign finance laws given his many years of experience supporting federal and state political candidates.

8. On or about February 10, 2022, Martin Kao was indicted on charges of using Navatek's company credit cards, a shell company and individual shell donors to make illegal campaign contributions.

9. Clifford Chen is not liable for any of the claims or causes of action alleged by Plaintiffs in the Complaint.

10. If Plaintiffs were injured or damaged as alleged in the Complaint, such injuries and/or damages were the legal result of acts and/or omissions of Martin Kao and not the legal result of any acts and/or omissions of Clifford Chen.

11. If it is determined that Clifford Chen is in some way liable or responsible to Plaintiffs, the liability or responsibility of Clifford Chen is passive and secondary, and the liability of Martin Kao is active and primary.

12. If any judgment is entered against Clifford Chen, he is entitled to indemnity, contribution and/or indemnification from Martin Kao.

WHEREFORE, Defendant/Cross-Claimant CLIFFORD CHEN prays as follows:

A. That if a judgment is granted to Plaintiffs against any party to this action, that judgment be entered against Martin Kao and not Clifford Chen;

B. That if judgment is entered in favor of Plaintiffs and against Clifford Chen, that judgment enter in favor of Clifford Chen for indemnification

over and against Martin Kao;

   C. That if Clifford Chen and any other party to this action are determined to be jointly and severally liable, that the relative degree of fault of each party be determined and that Clifford Chen may have judgment against Martin Kao and any other party determined to be jointly and severally liable, for any excess which may be paid by Clifford Chen over and above his pro-rata share of any judgment entered in favor of Plaintiffs;

   D. That Clifford Chen recover judgment against Martin Kao for the full amount of his defense costs incurred herein; and

   E. For prejudgment and post-judgment interest;

   F. For Clifford Chen's costs of suit herein, including reasonable attorneys' fees and costs; and

   G. For such other relief this Court may deem just and proper.

   DATED: Honolulu, Hawaii, September 30, 2022.

        SCHLACK ITO
        A Limited Liability Law Company


        /s/ Derek R. Kobayashi
        DEREK R. KOBAYASHI
        BRITTNEY M. WU
        Attorneys for Defendant
        CLIFFORD CHEN