Of Counsel:

LUNG ROSE VOSS & WAGNILD

| | |
|---|---|
| CRYSTAL K. ROSE | 3242-0 |

(*crose@legalhawaii.com*)
Attorney at Law
A Law Corporation

| | |
|---|---|
| RYAN H. ENGLE | 7590-0 |

(*rengle@legalhawaii.com*)
Attorney at Law
A Law Corporation

| | |
|---|---|
| GRANT FASI ALLISON | 10368-0 |

(*gallison@legalhawaii.com*)
Attorney at Law
A Law Corporation
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813
Telephone:  (808) 523-9000
Facsimile:  (808) 533-4184

Attorneys for Plaintiff
PACMAR TECHNOLOGIES LLC
(f/k/a MARTIN DEFENSE GROUP, LLC)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC),<br><br>    Plaintiff,<br><br>    vs.<br><br>MARTIN KAO; TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or | ) CASE NO. 1:22-cv-00283-LEK-WRP<br>)<br>) PLAINTIFF'S REPLY TO DUKE<br>) HARTMAN'S COUNTERCLAIM<br>) FILED ON JANUARY 12, 2024;<br>) CERTIFICATE OF SERVICE<br>)<br>) No trial date set.<br>)<br>) *(Caption continued on next page)* |

1264886.1

| | |
|---|---|
| TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S REPLY TO DUKE HARTMAN'S COUNTERCLAIM FILED ON JANUARY 12, 2024

Plaintiff PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC) ("Plaintiff"), by and through its attorneys, Lung Rose Voss & Wagnild, hereby replies to Defendant DUKE HARTMAN's ("Hartman) Counterclaim filed January 12, 2024 [Dkt. 120] ("Counterclaim"), as follows:

### FIRST DEFENSE

1. The Counterclaim fails to state a claim or cause of action upon which relief may be granted.

### SECOND DEFENSE

2. Plaintiff denies the allegations contained in paragraphs 9, 11, 12, 13, 14, 21, 22, 23, 24, 25, 26, 27, 28, 30, 33, 34, 36, 37, 42, 43, 44, 45, 47, 48, 49, 51, 52, 53, 54, 55, 56, 58, 59, 60, 61, 63, 64, 65 of the Counterclaim.

3. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 16, 17, 19, 20, 31, 32, 35 of the Counterclaim and therefore deny the same.

2

4. Plaintiff admits the allegations contained in paragraphs 3, 7, 29, 39, 41 of the Counterclaim.

5. With respect to the allegations in paragraphs 4, 5, 6, 18, 38, 40, 50, the referenced documents, communications, letters, court filings, pleadings, complaints, indictments, and plea agreements speak for themselves, and Plaintiff denies all remaining allegations.

6. With respect to Paragraph 8, Plaintiff admits that Mr. Loui has been an owner and Chairman of Plaintiff, but this allegation is not specific as to time, and Plaintiff denies the allegation on that basis.

7. With respect to Paragraph 10, Plaintiff admits that Hartman was hired by Plaintiff and is a former employee of Plaintiff, but Plaintiff denies the remaining allegations in this paragraph.

8. With respect to Paragraphs 15, 46, 57, 62 which reallege and incorporate all prior allegations, Plaintiff responds by incorporating its prior responses to the individual allegations stated herein, and in any event, Plaintiff denies these allegations.

9. With respect to paragraphs A, B, C, D, E, F, G, H, I under the heading "WHEREFORE, Defendant/Crossclaimant/Counterclaimant DUKE HARTMAN prays as follows:" these paragraphs do not call for or require an

admission or denial, but to the extent these paragraphs do require an admission or denial, Plaintiff denies the allegations contained therein.

10. Plaintiff denies each and every allegation contained in the Counterclaim which is not expressly admitted herein.

### THIRD DEFENSE

11. The Counterclaim fails to present a justiciable controversy between Hartman and Plaintiff.

### FOURTH DEFENSE

12. Hartman is barred from maintaining this action against Plaintiff based upon the doctrines of waiver, laches, and/or estoppel.

### FIFTH DEFENSE

13. Hartman is barred from maintaining this action against Plaintiff based upon the doctrine of unclean hands or due to Hartman's other negligent and/or wrongful conduct.

### SIXTH DEFENSE

14. Hartman is barred from maintaining this action against Plaintiff based upon Hartman's fraud, bad faith, illegal actions, and/or misrepresentations.

### SEVENTH DEFENSE

15. Hartman suffered no damages and/or lacks standing and/or his claims are moot.

## EIGHTH DEFENSE

16. Hartman's recovery in this action, if any, should be reduced in accordance with Hawaii Revised Statutes § 663-31.

## NINTH DEFENSE

17. Hartman is barred from maintaining this action against Plaintiff because Hartman failed to bring claims against the persons or entities who actually harmed Hartman, Plaintiff is not the real party in interest against whom Hartman's claims must be brought, there existed no special relationship between the Parties, and there is no duty to defend or indemnify.

## TENTH DEFENSE

18. Hartman failed to mitigate his damages, and/or Plaintiff is entitled to setoff, recoupment, and recovery from Hartman based on his wrongful conduct.

## ELEVENTH DEFENSE

19. The alleged conduct of Plaintiff is not a factor or legal proximate cause of any damages, if any, that Hartman is alleged to have sustained or incurred.

1264886.1

## TWELFTH DEFENSE

20. The alleged actions by Plaintiff were passive and were not active, and as a result, Plaintiff is liable to Hartman for the claims or damages alleged.

## THIRTEENTH DEFENSE

21. In addition to the above defenses, Plaintiff presently has insufficient knowledge or information regarding whether Plaintiff has additional affirmative defenses, and therefore Plaintiffs reserves the right to assert additional defenses when they are discovered and/or confirmed.

WHEREFORE, Plaintiff prays as follows:

A. That the Counterclaim filed herein be dismissed as against Plaintiff with prejudice;

B. That Plaintiff be awarded reasonable attorneys' fees and costs against Hartman incurred herein;

C. That Hartman's claim or request for an award of attorneys' fees and costs be denied;

D. That Plaintiff be awarded pre- and post-judgment interest against Hartman; and

1264886.1

   E. That the Court award such other and further relief as this Court deems just and proper.

   DATED: Honolulu, Hawaii, February 2, 2024.

           */s/ Grant Fasi Allison*
           CRYSTAL K. ROSE
           RYAN H. ENGLE
           GRANT FASI ALLISON

           Attorneys for Plaintiff
           PACMAR TECHNOLOGIES LLC
           (f/k/a MARTIN DEFENSE GROUP, LLC)