# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | 1:22-cv-00283-LEK-WRP |
| CASE NAME: | Pacmar Technologies LLC, fka Martin Defense Group, LLC, et al. v. Kao, et al. |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 11/19/2024 |

COURT ACTION: EO: COURT ORDER DENYING DEFENDANT DUKE HARTMAN'S MOTION TO FILE UNDER SEAL EXHIBITS IN SUPPORT OF DEFENDANT DUKE HARTMAN'S MOTION FOR SUMMARY JUDGMENT [ECF 186]

On November 15, 2024, Defendant Duke Hartman ("Hartman") filed his: Motion for Summary Judgment on All Claims Against Hartman ("Summary Judgment Motion"); Statement of Facts in Support of Motion for Summary Judgment ("Hartman CSOF"); and a motion to seal exhibits attached to the Hartman CSOF ("Motion to Seal"). [Dkt. nos. 186, 187, 188.] The Motion to Seal addresses Hartman's Exhibits 2, 7, 9, and 10, and Hartman argues each document was designated as confidential pursuant to the parties' Stipulated Protective Order, [filed 8/7/24 (dkt. no. 139)]. See Motion to Seal at 1. Hartman also states each document "purports to contain the confidential information" of one of the parties in this case. See Motion to Seal, Declaration of Rex Y. Fujichaku at ¶¶ 4-7. Because Exhibits 2, 7, 9, and 10 have been publicly filed, [dkt. nos. 187-4, 187-9, 187-11, 187-12,] Hartman asks this Court to remove them from the public record and file them under seal.

Hartman seeks to rely on those exhibits to support his Summary Judgment Motion, and that motion relates to the merits of the instant case. Therefore, the information must be publicly filed unless there are compelling reasons to file the information under seal. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The parties' protective order does not constitute a compelling reason to seal Hartman's exhibits. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1183-84 (9th Cir. 2006). Further, even assuming that the exhibits contain a party's "confidential information," that vague description is insufficient to establish compelling reasons to seal that information. See id. at 1179 ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." (citations and internal quotation marks omitted)). Moreover, even if Exhibits 2,

7, 9, and 10 contain some information that meets the compelling reasons standard, only that specific information would be sealed. In other words, the information would be redacted from the publicly filed version of the exhibit(s), and the unredacted version of the exhibit would be filed under seal. Hartman's Motion to Seal is therefore DENIED.

    IT IS SO ORDERED.


Submitted by: Carla Cortez, Courtroom Manager