IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC, f/k/a MARTIN DEFENSE GROUP, LLC,<br><br>            Plaintiff,<br><br>    vs.<br><br>MARTIN KAO, ET AL.,<br><br>            Defendants. | CIVIL NO. 22-00283 LEK-WRP<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR SANCTIONS AND TO COMPEL DEFENDANTS MARTIN KAO, TIFFANY JENNIFER LAM a/k/a JENNY LAM and/or TIFFANY KAO, AND SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC |

ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR
SANCTIONS AND TO COMPEL DEFENDANTS MARTIN KAO,
TIFFANY JENNIFER LAM a/k/a JENNY LAM and/or TIFFANY KAO,
AND SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC

Before the Court is Plaintiff's Second Motion for Sanctions and to Compel Defendants Martin Kao, Tiffany Jennifer Lam a/k/a Jenny Lam and/or Tiffany Kao, and Society of Young Women Scientists and Engineers LLC, filed on October 16, 2024, ECF No. 164 (Motion). Defendant/Cross-Claimant Clifford Chen and Defendant Lum Kee filed Statements of No Position regarding the Motion on October 29, 2024, ECF Nos. 169, 170. Defendants Martin Kao, Tiffany Jennifer Lam a/k/a Jenny Lam and/or Tiffany Kao, and Society of Young Women Scientists and Engineers LLC (SYWSE) filed their Opposition on October 31,

2024, ECF No. 171.  Plaintiff filed its Reply on November 13, 2024, ECF No. 181.  The Court finds the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  After careful consideration of the record in this action and the relevant legal authority, the Court GRANTS IN PART AND DENIED IN PART the Motion as detailed below.

BACKGROUND

Plaintiff filed its Second Amended Complaint on April 21, 2023, asserting claims against Martin Kao, Tiffany Lam, SYWSE, Clifford Chen, Lawrence Kahele Lum Kee, and Duke Hartman seeking reimbursement and damages from Defendants for their actions to fraudulently obtain funds and damages Plaintiff though money laundering, shell entities, and unauthorized transfers.  See Second Amend. Compl., ECF No. 97.  Plaintiff alleges that Defendant Kao, as the CEO of Plaintiff, conspired with his wife, Defendant Lam, Defendant Chen, the CFO of Plaintiff, Defendant Hartman, the Senior Vice President of Strategic Partnerships for Plaintiff, Defendant Lum Kee, the Controller of Plaintiff, and Defendant SYWSE, a shell company created by Defendants, to carry out racketeering activity to steal Plaintiff's assets through illegal campaign contributions, a scholarship scheme, fraudulent loans, money laundering, and to coverup those actions.  See id. ¶¶ 49-289.  Plaintiff also alleges

that Defendant Kao and Defendant Lam stole property from Plaintiff to purchase a home in Kahala.  See id. ¶¶ 290-298.  Plaintiff alleges that Defendants also failed to reimburse Plaintiff for legal expenses and stole money from Plaintiff in order to pay for legal fees.  See id. ¶¶ 299-321.  Criminal charges were brought against Defendants Kao, Chen, and Lum Kee in the United States District Court for the District of Columbia related to the campaign contributions.  See id. ¶ 91 (citing United States v. Kao, et al., 22-cr-00048-CJN).  Defendant Kao has pled guilty to the charges brought in the campaign contributions case.  See id. ¶ 92.[1]  Criminal charges were brought against Defendant Kao in this court related to the fraudulent loans.  See id. ¶ 188.  Defendant Kao has pled guilty to the charges brought in that case.  See id. ¶ 189.

On September 19, 2024, the Court issued its Order Granting Plaintiff's Motion to Compel Defendants Martin Kao, Tiffany Jennifer Lam a/k/a Jenny Lam and/or Tiffany Kao, and Society of Young Women Scientists and Engineers LLC to Provide Written Responses to Plaintiff's First Request for Production of Documents and Produce Responsive Documents and the Joinders Thereto, ECF No. 157 (Discovery Order).  In the Discovery Order, the Court

---

[1] Based on the Court's review of the docket in that case, it appears that Defendant Lum Kee and Defendant Chen also pled guilty to the charges brought in the campaign contributions case after Plaintiff filed its Second Amended Complaint.

ordered Defendant Kao, Defendant Lam, and Defendant Society of Young Women Scientists and Engineers LLC (SYWSE) to produce responses to Plaintiff's First Request for Production of Documents addressing the deficiencies identified by the Court and to provide privilege logs no later than October 3, 2024.  See Discovery Order, ECF No. 157, at 17-18.  Additionally, in the Discovery Order, the Court found that discovery sanctions against Defendant Kao, Defendant Lam, and Defendant SYWSE in the form of an award of reasonable expenses to Plaintiff was appropriate under Federal Rule of Civil Procedure 37(a)(5) and directed further briefing as to the amount to be awarded.  See id. at 15.  On October 16, 2024, the Court issued its Order as to Award of Reasonable Expenses to Plaintiff Related to its Motion to Compel, ECF No. 163 (Sanctions Order).

In the present Motion, Plaintiff states that Defendant Kao, Defendant Lam, and Defendant SYWSE provided responses on October 4, 2024, but those responses did not comply with the Court's Discovery Order.  See Mot., ECF No. 164-1 at 7-8.  Specifically, Plaintiff contends that these responses provided violate the Court's Discovery Order by including improper boilerplate objections, grouping requests together into a single response, failing to provide a privilege log, and failing to produce documents.  See id. at 8-9.  On October 10, 2024, Plaintiff received a document production, but the documents were not Bates stamped for this case to indicate which Defendant was producing the documents or which

documents were responsive to specific discovery requests.  See id. at 9.  Further, Plaintiff contents that Defendants Kao, Lam, and SYWSE failed to provide declarations stating that they have conducted a search for documents and not responsive documents were provided.  See id.  Plaintiff asks the Court to order Defendants Kao, Lam, and SYWSE to comply with the Court's prior Discovery Order and award additional sanctions including (i) prohibiting Defendants Kao, Lam, and SYWSE from asserting or supporting any defenses that relate to their relationship with, control over, or conduct of SYWSE; (ii) enter an order establishing that Defendant SYWSE was an alter ego of Defendant Kao and Defendant Lam based on the admission that all three (3) share and own the same documents and operate interchangeably; (iii) warn Defendants Kao, Lam, and SYWSE that continued disobedience will result in a finding of default as sanctions; (iv) treat Defendant Kao's, Lam's, and SYWSE's conduct as contempt of court; (v) stay the discovery cutoff for Plaintiff until Defendant Kao, Lam, and SYWSE comply with the Court's prior Discovery Order; and (vi) award Plaintiff its reasonable expenses related to bringing the present Motion.  See id. at 12-14.

       In their Opposition, counsel for Defendant Kao, Lam, and SYWSE states that he "takes responsibility for the lack of Mr. Kao's declaration in the previous response, and not itemizing the response on a question by question basis." Opp., ECF No. 171, at 2.  With the Opposition, Defendant Kao filed a declaration

5

that purports to respond to each discovery request.  See Kao Decl., ECF No. 172.  In the Opposition, Defendants Kao, Lam, and SYWSE state that Defendant Lam "does not have any of the requested documents, but she will, as noted in the last response will [sic] have separate counsel enter the case on her behalf."  Opp., ECF No. 171, at 2.  Defendants Kao, Lam, and SYWSE argue that a privilege log is not required because Defendant Kao does not assert any privilege in his declaration filed with the Opposition.  See id. at 3.  Defendants Kao, Lam, and SYWSE explain the limited number of documents that are in Defendant Kao's possession that have been produced or will be produced to Plaintiff and state that Defendant Kao's electronic devices were seized in connection with his federal criminal case and have not been returned to him, which is why he does not have access to additional documents.  See id. at 4.  Defendants Kao, Lam, and SYWSE state in their Opposition that certain tax documents will be produced by November 8, 2024, and that a motion to withdraw as counsel for Defendant Lam will be filed by that date as well.  See id.

In Reply, Plaintiff notes that contrary to the promises made in the Opposition, no tax documents have been produced and no motion to withdraw as counsel for Defendant Lam was filed.  See Reply, ECF No. 181, at 3, 7.  Further, Plaintiff argues that Defendant Kao's declaration responding to the discovery requests "is simply not trustworthy."  See id. at 6.  Plaintiff states that to date,

6

Defendant Lam, and Defendant SYWSE have not provided responses to the discovery requests that comply with the Court's Discovery Order. See id. at 4-6. Finally, Plaintiff notes that Defendants Kao, Lam, and SYWSE have failed to pay the award of reasonable expenses as ordered in the Sanctions Order. See id. at 7. Plaintiff asks the Court to impose sanctions against Defendants Kao, Lam, and SYWSE including an award of reasonable expenses related to brining the present Motion. See id. at 8.

## DISCUSSION

Federal Rule of Civil Procedure 37(b) confers broad authority to impose various sanctions against a party and/or the attorney advising that party for failure to comply with a court order regarding discovery. See Fed. R. Civ. P. 37(b)(2). The available sanctions range from terminating sanctions, contempt, and an award of reasonable expenses, including attorneys' fees, caused by the parties' failure to obey the discovery order. See id. (b)(2)(A), (C). Importantly, "[b]elated compliance with discovery orders does not preclude the imposition of sanctions." N. Am. Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451 (9th Cir. 1986). The Court addresses each category of sanctions requested by Plaintiff in its Motion below.

First, the Court DENIES Plaintiff's request for sanctions in the form of prohibiting Defendants Kao, Lam, and SYWSE from asserting defenses related

to their relationship with SYWSE or entering an order establishing that Defendant SYWSE was an alter ego of Defendant Kao and Defendant Lam.  Although Defendant Kao, Defendant Lam and Defendant SYWSE have failed to comply with their discovery obligations, these requested evidentiary sanctions do not address those failures and the Court does not have sufficient information before it to support the requested evidentiary limitations and factual findings.  To the extent Plaintiff questions the veracity of statements made in Defendant Kao's declaration, such arguments are better addressed through dispositive motions or cross-examination.

Second, the Court GRANTS Plaintiff's request for sanctions in the form of a warning to Defendants Kao, Lam, and SYWSE that continued failure to comply with their discovery obligations may result in an order entering default judgment against them.  Before declaring default against a defendant as sanctions, the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [other party]; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." Transamerica Life Ins. Co. v. Arutyunyan, 93 F.4th 1136, 1146 (9th Cir. 2024) (quoting Adriana Int'l Corp. v. Theoren, 913 F.2d 1406, 1412 (9th Cir. 1990)).  In considering these factors in this matter, the Court finds that default is not appropriate at this time.  As discussed

below, less drastic sanctions are available. However, Defendant Kao, Lam, and SYWSE are CAUTIONED that their future failure to comply with their discovery obligations orders of this Court may result in default.

Third, the Court DENIES AS PREMATURE Plaintiff's request to treat Defendant Kao's, Lam's, and SYWSE's conduct as contempt of court. Based on the information currently before the Court, Defendant Lam and Defendant SYWSE have not provided discovery responses in violation of the Court's Discovery Order. Further Defendant Kao, Defendant Lam, and Defendant SYWSE have not paid the $4,797.90 to Plaintiff in violation of the Court's Discovery Order and Sanctions Order. The Court will provide a final opportunity for Defendant Kao, Defendant Lam, and Defendant SYWSE to comply with the Court's Orders. No later than **November 27, 2024**, Defendant Lam and Defendant SYWSE must provide written discovery responses in compliance with the Court's Discovery Order and file a Certificate of Service on the docket reflecting that responses have been produced to Plaintiff. Further, no later than **November 27, 2024**, Defendant Kao, Defendant Lam, and Defendant SYWSE must file a statement confirming that they have paid the $4,797.90 sanctions as previously ordered. If Defendant Kao, Defendant Lam, or Defendant SYWSE fail to provide written discovery responses, fail to file a Certificate of Service, fail to pay the sanctions, or fail to file a statement confirming payment the Court will issue an

9

Order to Show Cause directing Defendant Kao, Defendant Lam, or Defendant SYWSE to personally appear before the Court to show cause why they should not be held in contempt and have additional sanctions imposed against them.

Fourth, the Court DENIES Plaintiff's request to stay the discovery deadline until Defendants Kao, Lam, and Defendant SYWSE comply with the Court's prior Discovery Order. A stay of the discovery deadline is not necessary to ensure compliance with the Court's orders related to this discovery. The discovery at issue was served well before the discovery deadline. The closing of the discovery deadline does not alter the parties' obligations to comply with orders of this Court.

Finally, based on the conduct at issue, the Court GRANTS Plaintiff's request for an award of monetary sanctions. The Court may award fees as sanctions unless the party's failure to comply with the discovery order was substantially justified or other circumstances make an award unjust. See Fed. R. Civ. P. 37(b)(2)(C) (providing that "[i]nstead of or in addition to the [sanction] orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust"). Substantial justification requires a showing that the discovery conduct has "a reasonable basis in both law and fact." Pierce v.

Underwood, 487 U.S. 552, 565 (1988). The discovery conduct must meet "the traditional reasonableness standard—that is justified in substance or in the main, or to a degree that could satisfy a reasonable person." Id. (internal quotations omitted).

As detailed above, Defendant Kao, Defendant Lam, and Defendant SYWSE failed to provide discovery responses and produce documents as ordered by the Court. It is undisputed that the Defendants Kao, Lam, and SYWSE did not timely comply with the Discovery Order, did not seek additional time to comply from the Court, and have not fully complied to date. Despite the clear deadlines set forth in the Court's Discovery Order and Sanctions Order, Defendants Kao, Lam, and SYWSE failed to produce the required discovery by that deadline and did not seek additional time from the Court. Even after the present Motion was filed, Defendants Kao, Lam, and SYWSE did not produce document or written discovery as promised. Although Defendant Kao has provided a declaration, it was provided late and did not contain all the information required by the Court. Further Defendant Lam and Defendant SYWSE have not provided any discovery responses to date. Reasonable people could not differ on whether the conduct of Defendants Kao, Lam, and SYWSE and the conduct of their counsel in this discovery dispute was appropriate. Further, the Court finds that sanctions should be imposed against Defendants Kao, Lam and SYWSE and their counsel. In

11

Opposition, counsel takes partial responsibility for the discovery failures.  See Opp., ECF No. 171, at 2.  Counsel has repeatedly represented to the Court that he will be seeking to withdraw as counsel for Defendant Lam; however, counsel did not file a motion to withdraw until after briefing on this Motion was complete and remains obligated to continue to represent Defendant Lam in this action until he is granted leave to withdraw as her counsel by the Court.[2]  Accordingly, the Court finds that an award of sanctions against Defendants Kao, Lam, and SYWSE and their counsel is appropriate.  Because of the conduct at issue, Plaintiff was required to file the present Motion detailing the continued noncompliance.  The Court finds that Defendant Kao's, Defendant Lam's, and Defendant SYWSE's failure to comply with the Court's Discovery Order was not substantially justified and no other circumstances make an award unjust.

No later than **December 4, 2024**, Plaintiff may file a supplemental declaration detailing the reasonable expenses incurred related to the Motion.  The supplemental declaration should contain sufficient information for the Court to determine the reasonableness of the work completed and the hourly rate requested.  No later than **December 11, 2024**, Defendants Kao, Lam, and SYWSE may file a response to Plaintiff's supplemental submission.  Thereafter, the Court will issue

---

[2] On November 18, 2024, counsel filed a Motion for Leave to Withdraw and Substitute as Counsel as to Defendant Tiffany Jennifer Lam, ECF No. 190.

an order regarding the award of reasonable expenses.

## CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART Plaintiff's Second Motion for Sanctions and to Compel Defendants Martin Kao, Tiffany Jennifer Lam a/k/a Jenny Lam and/or Tiffany Kao, and Society of Young Women Scientists and Engineers LLC, filed on October 16, 2024, ECF No. 164, as detailed above.

No later than **November 27, 2024**, Defendant Lam and Defendant SYWSE must provide written discovery responses in compliance with the Court's Discovery Order and file Certificates of Service on the docket reflecting that such responses have been produced to Plaintiff. Further, no later than **November 27, 2024**, Defendant Kao, Defendant Lam, and Defendant SYWSE must file a statement confirming that they have paid the $4,797.90 sanctions as previously ordered. If Defendant Kao, Defendant Lam, or Defendant SYWSE fail to provide written discovery responses, fail to file Certificates of Service, fail to pay the sanctions, or fail to file a statement confirming payment, the Court will issue an Order to Show Cause directing Defendant Kao, Defendant Lam, and a representative of Defendant SYWSE to personally appear before the Court to show cause why they should not be held in contempt and have additional sanctions imposed against them.

No later than **December 4, 2024**, Plaintiff may file a supplemental declaration detailing the reasonable expenses incurred related to the Motion.  The supplemental declaration should contain sufficient information for the Court to determine the reasonableness of the work completed and the hourly rate requested.  No later than **December 11, 2024**, Defendants Kao, Lam, and SYWSE may file a response to Plaintiff's supplemental submission.  Thereafter, the Court will issue an order regarding the award of reasonable expenses.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, NOVEMBER 19, 2024.



Wes Reber Porter
United States Magistrate Judge

**PACMAR TECHNOLOGIES LLC, f/k/a MARTIN DEFENSE GROUP, LLC v. KAO, ET AL.**; CIVIL NO. 22-00283 LEK-WRP; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR SANCTIONS AND TO COMPEL DEFENDANTS MARTIN KAO, TIFFANY JENNIFER LAM a/k/a JENNY LAM and/or TIFFANY KAO, AND SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC