IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC), <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN KAO; TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC, <br><br> Defendants. | CASE NO. 1:22-cv-00283-LEK-WRP <br><br> DECLARATION OF STEVEN LOUI |

## DECLARATION OF STEVEN LOUI

I, STEVEN LOUI, hereby declare as follows:

1. I am the principal of Navatek Capital Inc. ("NCI"), the sole member of Plaintiff PacMar Technologies LLC ("PacMar" or the "Company").

2. I am competent to testify in the matters set forth herein and I make this declaration based upon my own personal knowledge and in support of the motion filed herein.

3. In or around March 2019, the Company underwent restructuring. As a result of the restructuring, my role in the Company changed

and I was employed pursuant to an employment contract that lasted 36-months or until employment is terminated.

4. Upon the Company's restructuring, the then-operative and effective Operating Agreement for the Company provided that NCI was a passive investor and owner of the Company and, as a result, I had no active position, role, or responsibilities in the management of the Company.

5. As a further result of the March 2019 restructuring, the Company had no board of directors, I was not Chairman of the Board, and my role with the company was limited to the terms of my employment agreement. Thus, to be clear, throughout 2019, 2020, and parts of 2021, the Company had no Board and I was not Chairman of the Board, and I instead merely referred to myself as the "founder" of the Company during this period.

6. I was never consulted by the Company or by Duke Hartman ("Hartman"), Martin Kao ("Kao"), Clifford Chen ("Chen"), or Lawrence Lum Kee ("Lum Kee") on any matters relating to political donations, pay check protection ("PPP") loans, lobbyists, "Strategic Partnerships," or any other business decisions or strategies of the Company.

7. In fact, Hartman, Kao, Chen, and Lum Kee intentionally denied me access to the Company, its records, and its business operations from 2019 through late-2020.

8. I never worked with Hartman on matters relating to the Company's business or strategy.

I, STEVEN LOUI, do declare under penalty of law that the foregoing is true and correct.

DATED: Honolulu, Hawaii, _January 2_____, 2025.

_____
STEVEN LOUI