BEFORE THE FEDERAL ELECTION COMMISSION

CAMPAIGN LEGAL CENTER
1101 14th St NW, Suite 400
Washington, DC 20005
(202) 736-2200

MARGARET CHRIST
1101 14th St NW, Suite 400
Washington, DC 20005
(202) 736-2200

                      v.    MUR No. _____

SOCIETY OF YOUNG WOMEN
SCIENTIST AND ENGINEERS LLC
c/o Jennifer Lam
335 Merchant Street, Unit 2394
Honolulu, HI 96804

JENNIFER LAM, JOHN DOE,
JANE DOE, and other persons who
created and operated Society of
Young Women Scientist and
Engineers LLC, and made
contributions to 1820 PAC in
the name of Society of Young
Women Scientist and Engineers
LLC

## COMPLAINT

1. This complaint is filed pursuant to 52 U.S.C. § 30109(a)(1) and is based on information and belief that Society of Young Women Scientist and Engineers LLC ("SYWSE") and any person(s) who created, operated, and made contributions to or in the name of SYWSE (Jennifer Lam, John Doe, Jane Doe, and other persons) have violated the Federal Election Campaign Act ("FECA"), 52 U.S.C. § 30101, *et seq*.

1

EXHIBIT "F"

EXHIBIT 3

JSH-001994

2. Specifically, based on published reports, complainants have reason to believe that Jennifer Lam and any person(s) who created, operated, and/or contributed to SYWSE may have violated 52 U.S.C. § 30122 by making contributions to 1820 PAC (I.D.: C00698126) in the name of another person, namely SYWSE, and that SYWSE violated 52 U.S.C. § 30122 by knowingly permitting its name to be used for the making of such contribution.

3. Further, based on published reports, complainants have reason to believe that SYWSE, Jennifer Lam, and any person(s) who created and/or operated SYWSE, may have violated 52 U.S.C. §§ 30102, 30103, and 30104 by failing to register SYWSE as a political committee and failing to file disclosure reports as a political committee.

4. "If the Commission, upon receiving a complaint . . . has reason to believe that a person has committed, or is about to commit, a violation of [the FECA] . . . [t]he Commission *shall make an investigation* of such alleged violation . . . ." 52 U.S.C. § 30109(a)(2) (emphasis added); *see also* 11 C.F.R. § 111.4(a).

FACTS

5. On November 26, 2019, SYWSE filed articles of organization in Hawaii as a limited liability company, with the mailing address P.O. Box 2394, Honolulu, HI 96804.[1] Jennifer Lam was named as the company's registered agent and manager, and signed the organization documents.[2]

---

[1] *See* SYWSE, Articles of Organization for Limited Liability Company, Hawaii Dep't of Commerce and Consumer Affairs (Nov. 26, 2019) (attached as Exhibit A).
[2] *Id.* at 1-2.

2

**CONFIDENTIAL**

6. Approximately five weeks later, on December 31, 2019, SYWSE gave $150,000 to 1820 PAC, from the address 335 Merchant Street Unit 2394, Honolulu, HI 96804.[3] The street address 335 Merchant Street is associated with a U.S. Post Office;[4] the address's "unit" number, 2394, is identical to the P.O. Box number displayed on SYSWE's corporate registration.

7. Aside from the Hawaii registration records, there is no publicly available information about SYWSE. SYWSE does not appear to have a website or otherwise discernible public footprint:

   a. Searches on Google for "Society of Young Woman Scientist and Engineers" (and close variants) reveal no results.[5]

   b. SYWSE does not appear to have a Facebook, Instagram, or Twitter page.

   c. There is no record of SYWSE (or close variants) in searches with the Better Business Bureau,[6] Bloomberg's company profile search,[7] EDGAR,[8] the U.S. Patent & Trademark Office's Trademark Electronic Search System,[9] Hawaii's

---

[3] *See* 1820 PAC, 2019 Year-End Report, FEC Form 3X, at 9 (filed Jan. 31, 2020) https://docquery.fec.gov/pdf/603/202001319184108603/202001319184108603.pdf. The report attributes the contribution to the "Society of Young *Woman* Scientist and Engineers LLC" (emphasis added), which appears to be a misspelling.

[4] *See, e.g.*, Downtown Honolulu—Post Office, United States Postal Service, https://tools.usps.com/find-location.htm?address=9&searchRadius=20&fdbid=1439659&latitude=21.30657&longitude=-157.86042& (last visited Jan. 31, 2020) (showing U.S. post office at 335 Merchant St. address). The address also houses the State of Hawaii Department of Commerce & Consumer Affairs. *See* State of Hawaii Department of Commerce and Consumer Affairs, *Contact,* https://cca.hawaii.gov/contact/ (last visited Jan. 31, 2020).

[5] Google.com, Search results for "Society of Young Woman Scientist and Engineers," "Society of Young Women Scientist and Engineers," "Society of Young Woman Scientists and Engineers," "Society of Young Women Scientists and Engineers."

[6] Better Business Bureau, BBB Directory Hawaii, https://www.bbb.org/bbb-directory/us/hi (last visited Jan. 31, 2020).

[7] Bloomberg, Company Quick Search, https://www.bloomberg.com/profile/company/3385986Z:US (last visited Jan. 31, 2020).

[8] U.S. Securities and Exchange Commission, EDGAR – Search & Access, https://www.sec.gov/edgar/searchedgar/webusers.htm (last visited Jan. 31, 2020).

[9] U.S. Patent & Trademark Office, Search Trademark Database, https://www.uspto.gov/trademarks-application-process/search-trademark-database (last visited Jan. 31, 2020).

3

Professional & Vocational Licensing Database,[10] or Hawaii's Chamber of Commerce.[11]

### PROHIBITION ON CONTRIBUTIONS IN THE NAME OF ANOTHER

8. FECA provides that "[n]o person shall make a contribution in the name of another person or knowingly permit his name to be used to effect such a contribution and no person shall knowingly accept a contribution made by one person in the name of another person." 52 U.S.C. § 30122.

9. The Commission regulation implementing the statutory prohibition on "contributions in the name of another" provides the following examples of "contributions in the name of another":

   a. "Giving money or anything of value, all or part of which was provided to the contributor by another person (the true contributor) without disclosing the source of money or the thing of value to the recipient candidate or committee at the time the contribution is made." 11 C.F.R. § 110.4(b)(2)(i).

   b. "Making a contribution of money or anything of value and attributing as the source of the money or thing of value another person when in fact the contributor is the source." 11 C.F.R. § 110.4(b)(2)(ii).

10. The requirement that a contribution be made in the name of its true source promotes Congress's objective of ensuring the complete and accurate disclosure by candidates and committees of the political contributions they receive,[12] and ensures that the

---

[10] Hawaii Department of Commerce & Consumer Affairs, Professional & Vocational Licensing Search, https://pvl.ehawaii.gov/pvlsearch/captcha/index.html (last visited Jan. 31, 2020).
[11] Chamber of Commerce Hawaii, Member Directory, https://business.cochawaii.org/list/searchalpha/s (last visited Jan. 31, 2020).
[12] *United States v. O'Donnell*, 608 F.3d 546, 553 (9th Cir. 2010) ("[T]he congressional purpose behind [Section 30122]—to ensure the complete and accurate disclosure of the contributors who finance federal elections— is plain.") (emphasis added); *Mariani v. United States*, 212 F.3d 761, 775 (3d Cir. 2000)

CONFIDENTIAL

JSH-001997

public and complainant Christ have the information necessary to evaluate candidates for office and cast an informed vote.

11. On April 1, 2016, then-Chairman Petersen and Commissioners Hunter and Goodman "provide[d] clear public guidance on the appropriate standard that we will apply in future matters" pertaining to allegations that an LLC was used to facilitate a contribution in the name of another. Statement of Reasons of Chairman Matthew S. Petersen and Commissioners Caroline C. Hunter and Lee E. Goodman, MURs 6485, 6487, 6488, 6711, 6930 (April 1, 2016) at 2.[13] The Commissioners advised that "the proper focus in these matters is whether the funds used to make a contribution were intentionally funneled through a closely held corporation or corporate LLC for the purpose of making a contribution that evades the Act's reporting requirements, making the individual, not the corporation or corporate LLC, the true source of the funds." *Id.*; *see also id.* at 12. The relevant factors that these Commissioners indicated they would consider included whether:

> "there is evidence indicating that the corporate entity did not have income from assets, investment earnings, business revenues, or bona fide capital investments, or was created and operated for the sole purpose of making political contributions. These facts would suggest the corporate entity is a straw donor and not the true source of the contribution."

*Id.* at 12.[14]

12. Because SYWSE does not have a website, social media account, search engine presence, or business record,[15] the available facts do not suggest that SYWSE

---

(rejecting constitutional challenge to section 30122 in light of the compelling governmental interest in disclosure).
[13] *See* https://www.fec.gov/files/legal/murs/6487/16044391129.pdf.
[14] Mitigating factors include whether a contributor was acting pursuant to legal advice, and whether reports are corrected to reflect a true donor's identity in advance of an election. *Id.* n.70.
[15] *See* sources cited *supra* ¶7.

5

CONFIDENTIAL

conducted any business or had sufficient income from assets, investment earnings, business revenues, or bona fide capital investments to cover the $150,000 contribution to 1820 PAC at the time the contribution was made, without an infusion of funds provided to them for that purpose. The temporal proximity between SYWSE's formation and its contribution, viewed in the context of its overall activities, strongly suggests that it received funds for the specific purpose of making this contribution: SYWSE was formed on November 26, 2019, then made a $150,000 contribution on December 31, 2019.

13. Therefore, based on published reports, there is reason to believe that SYWSE violated 52 U.S.C. § 30122 by "[g]iving money . . . , all or part of which was provided to" the entity by another person (*i.e.*, the true contributor(s)) without disclosing the true source of money at the time of making the contribution to 1820 PAC. *See* 11 C.F.R. § 110.4 (b)(2)(i).

14. Based on published reports, there is reason to believe that Jennifer Lam and/or other person(s) who created, operated, and/or contributed to SYWSE (John Doe, Jane Doe, and other persons) may have violated 52 U.S.C. § 30122 by "[m]aking a contribution of money . . . and attributing as the source of the money . . . another person [namely, SYWSE] when in fact [the person(s) who created, operated and/or contributed to SYWSE was] the source." *See* 11 C.F.R. § 110.4(b)(2)(ii).

15. Based on published reports, there is reason to believe that SYWSE has violated 52 U.S.C. § 30122 by "knowingly permit[ting its] name to be used to effect such a contribution." 52 U.S.C. § 30122.

6

JSH-001999

### POLITICAL COMMITTEE STATUS, REGISTRATION, AND REPORTING REQUIREMENTS

16. FECA defines the term "political committee" to mean "any committee, club, association or other group of persons which receives contributions aggregating in excess of $1,000 during a calendar year or which makes expenditures aggregating in excess of $1,000 during a calendar year." 52 U.S.C. § 30101(4)(A); *see also* 11 C.F.R. § 100.5(a). "Contribution," in turn, is defined as "any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for Federal office." 52 U.S.C. § 30101(8)(A)(i). Similarly, "expenditure" is defined as "any purchase, payment, distribution, loan, advance, deposit, or gift of money or anything of value, made by any person for the purpose of influencing any election for Federal office." 52 U.S.C. § 30101(9)(A)(i).

17. In *Buckley v. Valeo*, 424 U.S. 1 (1976), the Supreme Court construed the term "political committee" to "only encompass organizations that are under the control of a candidate or the major purpose of which is the nomination or election of a candidate." *Id.* at 79. Again, in *FEC v. Mass. Citizens for Life, Inc.*, 479 U.S. 238 (1986), the Court invoked the "major purpose" test and noted, in the context of analyzing the activities of a 501(c)(4) group, that if a group's independent spending activities "become so extensive that the *organization's major purpose may be regarded as campaign activity*, the corporation would be classified as a political committee." *Id.* at 262 (emphasis added). In that instance, the Court continued, the corporation would become subject to the "obligations and restrictions applicable to those groups whose primary objective is to influence political campaigns." *Id.*

18. The Commission has explained:

7

JSH-002000

> [D]etermining political committee status under FECA, as modified by the Supreme Court, requires an analysis of both an organization's specific conduct—whether it received $1,000 in contributions or made $1,000 in expenditures—as well as its overall conduct—whether its major purpose is Federal campaign activity (*i.e.*, the nomination or election of a Federal candidate).

Supplemental Explanation and Justification on Political Committee Status, 72 Fed. Reg. 5595, 5597 (Feb. 7, 2007).

19. Based on the above, there is a two-prong test for "political committee" status under federal law: (1) whether an entity or other group of persons has a "major purpose" of influencing the "nomination or election of a candidate," as stated by *Buckley*, and, if so, (2) whether the entity or other group of persons receives "contributions" or makes "expenditures" of $1,000 or more in a calendar year.

20. Any entity that meets the definition of a "political committee" must file a "statement of organization" with the Commission, 52 U.S.C. § 30103, must comply with the organizational and recordkeeping requirements of 52 U.S.C. § 30102, and must file periodic disclosure reports of its receipts and disbursements, 52 U.S.C. § 30104.[16]

21. The political committee disclosure reports required by FECA must disclose to the Commission and the public, including complainants, comprehensive information regarding such committee's financial activities, including the identity of any donor who has contributed $200 or more to the committee within the calendar year. *See* 52 U.S.C. § 30104(b). The Supreme Court has repeatedly recognized the importance of campaign finance disclosure to informing the electorate. *See, e.g., Citizens United v.*

---

[16] 52 U.S.C. § 30121, the ban on foreign nationals directly or indirectly making contributions or expenditures in connection with Federal, State, or local elections, prohibits a foreign national from directly or indirectly making a contribution to an independent expenditure-only political committee.

8

JSH-002001

CONFIDENTIAL

*FEC*, 558 U.S. 310, 371 (2010) ("[T]ransparency enables the electorate to make informed decisions and give proper weight to different speakers and messages").

22. Based on published reports, there is reason to believe that SYWSE met the two-prong test for political committee status by (1) being an entity or group of persons with the "major purpose" of influencing the "nomination or election of a candidate" and (2) receiving "contributions" of $1,000 or more in a calendar year.

23. There is no public record of SYWSE conducting any significant activities other than making contributions since its formation. Consequently, there is reason to believe that SYWSE and any other person(s) who created and operated SYWSE have violated 52 U.S.C. §§ 30102, 30103, and 30104 by failing to register SYWSE as a political committee and failing to file disclosure reports as a political committee.

### PRAYER FOR RELIEF

24. Wherefore, the Commission should find reason to believe that SYWSE and any person(s) who created, operated and made contributions to or in the name of this entity (Jennifer Lam, John Doe, Jane Doe, and other persons) have violated 52 U.S.C. § 30101 *et seq.*, and conduct an immediate investigation under 52 U.S.C. § 30109(a)(2).

25. Further, the Commission should seek appropriate sanctions for any and all violations, including civil penalties sufficient to deter future violations and an injunction prohibiting the respondents from any and all violations in the future, and should seek such additional remedies as are necessary and appropriate to ensure compliance with the FECA.

Respectfully submitted,

JSH-002002

*[signature]*

Campaign Legal Center, by
Brendan M. Fischer
1101 14th St NW, Suite 400
Washington, DC 20005
(202) 736-2200

*[signature]*

Margaret Christ
1101 14th St NW, Suite 400
Washington, DC 20005
(202) 736-2200

Brendan M. Fischer
Campaign Legal Center
1101 14th St NW, Suite 400
Washington, DC 20005
Counsel to the Campaign Legal Center,
Margaret Christ

February 3, 2020

10

JSH-002003

## VERIFICATION

The complainants listed below hereby verify that the statements made in the attached Complaint are, upon their information and belief, true.

Sworn pursuant to 18 U.S.C. § 1001.



For Complainant Margaret Christ

*Margaret Christ*

Margaret Christ

Sworn to and subscribed before me this 3 day of February 2020.

_____
Notary Public

For Complainant Campaign Legal Center

*Brendan M. Fischer*

Brendan M. Fischer

Sworn to and subscribed before me this 3 day of February 2020.

_____
Notary Public

11

CONFIDENTIAL

# EXHIBIT A

JSH-002005

www.BUSINESSREGISTRATIONS.COM
Nonrefundable Filing Fee $50.00

Internet FORM LLC-1
1126201948462  7/2010



FILED_11/26/2019 03:59 PM
Business Registration Division
DEPT. OF COMMERCE AND
CONSUMER AFFAIRS
State of Hawaii

STATE OF HAWAII
DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS
Business Registration Division
335 Merchant Street
Mailing Address: P.O. Box 40, Honolulu, Hawaii 96810
Phone No.(808) 586-2727

**ARTICLES OF ORGANIZATION FOR LIMITED LIABILITY COMPANY**
(Section 428-203 Hawaii Revised Statutes)

*PLEASE TYPE OR PRINT LEGIBLY IN BLACK INK*

The undersigned, for the purpose of forming a limited liability company under the laws of the State of Hawaii, do hereby make and execute these Articles of Organization:

I

The name of the company shall be:
**SOCIETY OF YOUNG WOMEN SCIENTIST AND ENGINEERS LLC**
(The name must contain the words *Limited Liability Company* or the abbreviation *L.L.C.* or *LLC*)

II

The mailing address of the initial principal office is:
**P.O. BOX 2394, HONOLULU, HI 96804 USA**

III

The company shall have and continuously maintain in the State of Hawaii a registered agent who shall have a business address in this State. The agent may be an individual who resides in this State, a domestic entity or a foreign entity authorized to transact business in this State.

a. The name (and state or country of incorporation, formation or organization, if applicable) of the company's registered agent in the State of Hawaii is:
**JENNIFER LAM**

(Name of Registered Agent)                                                   (State or Country)

b. The street address of the place of business of the person in State of Hawaii to which service of process and other notice and documents being served on or sent to the entity represented by it may be delivered to is:
**BOX 2394, HONOLULU, HI 96804 USA**

IV

The name and address of each organizer is:
**JENNIFER LAM**                    **P.O. BOX 2394, HONOLULU, HI 96804 USA**

11/26/201948462

JSH-002006

**CONFIDENTIAL**

www.BUSINESSREGISTRATIONS.COM

Internet FORM LLC-1
1126201948462  **7/2010**

**V**

The period of duration is (check one):

[X] At-will

[ ] For a specified term to expire on: _____
(Month   Day   Year)

**VI**

The company is (check one):

a. [X] Manager-managed, and the names and addresses of the initial managers are listed in paragraph "c", and the number of initial members are: 1

b. [ ] Member-managed, and the names and addresses of the initial members are listed in paragraph "c".

c. List the names and addresses of the initial managers if the company is Manager-managed, or
List the names and addresses of the initial members if the company is Member-managed.

| JENNIFER LAM | P.O. BOX 2394, HONOLULU, HI 96804 USA |

11/26/201948462

**VII**

The members of the company (check one):

[X] Shall not be liable for the debts, obligations and liabilities of the company.

[ ] Shall be liable for all debts, obligations and liabilities of the company.

[ ] Shall be liable for all or specified debts, obligations and liabilities of the company *as stated below*, and have consented in writing to the adoption of this provision or to be bound by this provision.

_____

We certify, under the penalties set forth in the Hawaii Uniform Limited Liability Company Act, that we have read the above statements, I am authorized to sign this Articles of Organization, and that the above statements are true and correct to the best of our knowledge and belief.

Signed this   26   day of   NOVEMBER 2019

JENNIFER LAM

(Type/Print Name of Organizer)            (Type/Print Name of Organizer)

JENNIFER LAM

(Signature of Organizer)                  (Signature of Organizer)

JSH-002007