BEFORE THE FEDERAL ELECTION COMMISSION
IN THE MATTER OF MUR # 7690

**RESPONSE OF THE SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS, LLC.**

Respondents, the Society of Young Women Scientists and Engineers, LLC (the "Society") and its Registered Agent and Manager, Jennifer Lam ("Ms. Lam") submit this Response to a complaint filed by the Campaign Legal Center. That complaint alleges a violation of the Federal Election Campaign Act of 1974, as amended (the "FECA" and the "Act") and the Regulations promulgated by the Federal Election Commission (the "Commission") as the result of a contribution made by the Society to the 1820 PAC, a federal multi-candidate committee, on December 31, 2019.

**The complaint has no basis in fact or law and must be dismissed.**

THE FACTS:

The Society is a limited liability corporation organized under the laws of the State of Hawaii in November 2019. The stated purpose of the Society is to promote the ability of young women in the United States to pursue undergraduate studies in the so-called STEM (Science, Technology, Engineering and Mathematics) curricula by providing scholarships to such young women through the colleges and universities in which they are enrolled or plan to enroll. The Society believes, based upon peer-reviewed academic studies, that young women in the United States are statistically underrepresented in the STEM curricula of America's undergraduate colleges and universities and that the way to remedy this shortcoming is to provide financial incentives to young women to actively engage in STEM curricula.

To date, the Society has partnered with a large number of colleges and universities across the United States to create and administer the Society's STEM scholarship program. For more information about the mission of the Society and its STEM scholarship program, please direct your attention to the Society's website, https://www.sywse.org/.

In December 2019, the Society made a one-time voluntary contribution to the 1820 PAC. That contribution was duly reported to the Commission by the 1820 PAC, as required by the Act. Contrary to the underlying supposition of the complaint, the Society was not created for the purpose of making this contribution to the 1820 PAC and thus the contribution was not 'illegal" as was incorrectly asserted in the complaint. The Society's overarching purpose, as outlined in the Society's website, referred to above, is to provide STEM scholarships to young women scholars in the United States. There is no factual evidence to support the contention in the complaint that the Society was created in order to facilitate contributions to federal Independent Expenditure-Only committees, such as the 1820 PAC.

**EXHIBIT 9**

MDG025204
PAC-006874

THE LAW and REGULATIONS:

As the Commission well knows, Independent Expenditure-Only committees are permitted to accept contributions from a limited liability corporation domesticated in the United States. The authority of a committee, such as the 1920 PAC, to accept a contribution from an LLC, a corporation or a partnership has been <u>settled law</u> since the seminal United States Supreme Court decisions in Citizens United v FEC, 558 U.S. 310 (2010) and the parallel U.S. Circuit Court of appeals decision in Speech Now v FEC, 599 F. 3rd. 686 (D.C. Circuit 2010). The statutory/regulatory restrictions relied upon by the complainant to assert that the Society's contribution to the 1820 PAC was "illegal" are completely <u>misapplied</u> by the complainant as they are <u>demonstrability inapplicable</u> to a contribution from a domestic US LLC to an Independent Expenditure-Only committee, such as the 1820 PAC. The reliance, by the complainant, on regulatory language that has been inapplicable for a full decade is, on its face, inexcusable for an entry such as the complainant, that holds itself out as being knowledgeable about the Commission's Regulations. The complainant should be held accountable by the Commission for its egregious misstatement of the law and regulations as are applicable to contributions made to and reported by an Independent Expenditure-Only committee.

The Regulations cited by the complainant to support its assertion of "illegality" are simply <u>inapplicable</u> to contributions to an Independent Expenditure-Only committee as established by two different federal court decisions in 2010 and, further, there no evidence that the Commission has provided any guidance to the public that the two federal court decisions cited above have been somehow limited, by the Commission, as to their scope and application to Independent Expenditure-Only committees, such as the 1820 PAC.

PRAYER FOR RELIEF:

The Law and the Facts, as set forth above, clearly demonstrate that there is simply no basis for a finding by the Commission of a reason to believe that the contribution made by the Society represented a statutory violation. <u>For this reason, the Society respectfully asks the Commission to dismiss this complaint and take no further action against the Society or Ms. Lam</u>.

Respectfully submitted,

William B. Canfield, Esq.
Counsel to
The Society of Young Women Scientists and Engineers, LLC and
Jennifer Lam, Its Manager

Dated: The ___16___ th day of July, 2020.

MDG025205
PAC-006875