BRONSTER FUJICHAKU ROBBINS
A Law Corporation

MARGERY S. BRONSTER          #4750
mbronster@bfrhawaii.com
REX Y. FUJICHAKU             #7198
rfujichaku@bfrhawaii.com
NOELLE E. CHAN               #11280
nchan@bfrhawaii.com
1003 Bishop Street, Suite 2300
Honolulu, Hawaii 96813
Telephone:  (808) 524-5644
Facsimile:   (808) 599-1881

Attorneys for Defendant
DUKE HARTMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC),<br><br>                    Plaintiff,<br><br>         vs.<br><br>MARTIN KAO; TIFFANY JENNIFER LAM a.k.a JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC,<br><br>                    Defendants. | Case 1:22-cv-00283-LEK-WRP<br><br>DEFENDANT DUKE HARTMAN'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF COUNSEL; EXHIBIT "A" (TO BE SUBMITTED UNDER SEAL); CERTIFICATE OF SERVICE<br><br>**Trial Judge: Hon. Leslie E. Kobayashi**<br>**Trial Date: April 14, 2025** |

## DEFENDANT DUKE HARTMAN'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

Defendant DUKE HARTMAN ("Hartman"), by and through his attorneys, Bronster Fujichaku Robbins, submits this petition for a determination that the settlement entered into by Hartman and Plaintiff PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC) ("PacMar") was entered in good faith, within the meaning of Hawai'i Revised Statutes § 663-15.5. As set forth in this Motion, all the elements for determining that the Settlement Agreement executed by PacMar and Hartman is in good faith under § 663-15.5 are satisfied.

This Petition is made pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, Local Rules 7 and 7.8 of the U.S. District Court for the District of Hawai'i, and Haw. Rev. Stat. § 663.15.5 and is supported by the attached memorandum, declaration, exhibits, and the records and files in this case and such further argument and evidence as may be presented at the hearing. Hartman will seek to submit the settlement agreement, attached as Exhibit "A", under seal for the Court's and the parties' review.

//

//

//

//

2

This motion is made following separate telephonic and email conferences of counsel pursuant to LR 7.8 which took place on September 22-23, 2025.

DATED:  Honolulu, Hawai'i, September 29, 2025.

*/s/ Rex Y. Fujichaku*
MARGERY S. BRONSTER
REX Y. FUJICHAKU
NOELLE E. CHAN

Attorneys for Defendant
DUKE HARTMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC), <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN KAO; TIFFANY JENNIFER LAM a.k.a JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC, <br><br> Defendants. | Case 1:22-cv-00283-LEK-WRP <br><br> MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

## I.    INTRODUCTION

Defendant DUKE HARTMAN ("Hartman") submits this memorandum in support of Petition for Determination of Good Faith Settlement ("Petition") for determination that the Settlement Agreement ("Settlement Agreement") between Hartman and Plaintiff PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC) ("PacMar" or "Company") (collectively, the "Settling

Parties"), was made in good faith within the meaning of Hawai'i Revised Statutes § 663-15.5.

Pursuant to Haw. Rev. Stat. § 663-15.5, the Court may approve a settlement agreement if the "totality of circumstances" show that the settlement was made in good faith. *Troyer v. Adams*, 102 Hawai'i 399, 77 P.3d 83 (2003). Here, the totality of the circumstances show that the Settling Parties made the Settlement Agreement in good faith.

## II.    RELEVANT BACKGROUND

Due to the extensive amount of factual background and the Court's acquaintance with these facts, Hartman will only describe those facts pertinent to the instant Petition.

PacMar is a Hawaii-based company primarily involved in the business of providing engineering solutions and related services in the defense and martime industries. Second Amended Complaint ("SAC") [ECF 97], ¶ 3. Hartman was hired on around September 2018 as the Company's Director of Programs. *Id*. ¶12.

On June 22, 2022, PacMar filed a Complaint [ECF 1] in the United States District Court for the District of Hawaii, Case 1:22-cv-00283-LEK-WRP ("Action"). At the heart of Plaintiff's case is its Racketeer Influenced and Corrupt Organizations Act ("RICO") claims against the multiple defendants. The Complaint set forth twelve claims against Hartman alleging that Hartman was

2

involved in a "complex racketeering scheme aimed to loot the resources of a

venerable engineering firm" and "reward[ed] [him]self with ill-gotten Federal

Payment Protection Program ("PPP") funds". Compl. ¶1.

On September 22, 2022, Hartman filed a Motion to Dismiss [ECF 36] and

PacMar was given leave to amend its complaint. ECF 64.

On January 9, 2023, Plaintiff filed a First Amended Complaint [ECF 68]

("FAC") alleging ten claims against Hartman. On February 9, 2023, filed a Motion

to Dismiss the FAC [ECF 73], which was granted. ECF 96. The FAC was dismissed

without prejudice, *id*., and PacMar filed its Second Amended Complaint on April

21, 2023 [ECF 97].

On May 23, 2023, Hartman filed a Motion to Dismiss the SAC [ECF 101],

which was granted in part and denied in part. ECF 116. In the Court's Order

Granting In Part and Denying In Part: Defendant Duke Hartman's Motion To

Dismiss Second Amended Complaint, filed December 29, 2023 [ECF 116]

("Dismissal Order"), the Court dismissed two of Plaintiff's RICO claims (Counts

III and IV) and partially dismissed the two remaining RICO claims (Counts I and

II) against Hartman. Dismissal Order at 51.

On November 15, 2024, Hartman filed a Motion for Summary Judgment

[ECF 186], which was granted in part and denied in part, which left only one RICO

conspiracy claim and several related state law claims against Hartman. ECF 235.

On August 20, 2025, the Settling Parties participated in a Confidential Settlement Conference before the Magistrate Judge, the Honorable Wes Reber Porter. Thereafter, in order to avoid the further expense and burden of litigation, the Settling Parties agreed to settle the claims by PacMar against Hartman, which would be memorialized in a written Settlement Agreement, which was executed on September 15, 2025.

The material terms of the Settlement Agreement provide that PacMar discharges and releases Hartman (including all related persons and entities) for all claims and liability asserted or that could have been asserted in the Action or related to Hartman's employment with PacMar in exchange for a payment in the amount of $425,000. The Settlement Agreement expressly provides that neither Hartman nor PacMar make any admission whatsoever in agreeing to the Settlement Agreement. The Settlement Agreement also includes a mutual non-disparagement clause.

## III. LEGAL STANDARD

A petition for determination of a good faith settlement under Hawaii law is governed by Haw. Rev. Stat. § 663-15.5, which provides in pertinent part:

> **§ 663-15.5 Release; joint tortfeasors; co-obligors; good faith settlement.**
>
> (a) A release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment that is given in good faith under subsection (b) to one or more joint tortfeasors, or to one or more co-obligors who are mutually subject to contribution rights, shall:

4

> (1) Not discharge any other joint tortfeasor or co-obligor not released from liability unless its terms so provide;
>
> (2) Reduce the claims against the other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater; and
>
> (3) Discharge the party to whom it is given from all liability for any contribution to any other joint tortfeasor or co-obligor.

Haw. Rev. Stat. § 663-15.5(a). A party must petition the Court for a determination on the issue of good faith on a settlement agreement entered into by a plaintiff and one or more alleged joint tortfeasors or co-obligors. *Id*. § 663-15.5(b).

In determining whether a settlement was made in good faith, the court conducts a "totality of circumstances" approach. *Palumbo v. United States,* No. CIV. 12-00206 HG-BMK, 2013 WL 3778590, at *3 (D. Haw. July 17, 2013) (citing *Troyer v. Adams*, 102 Hawai'i 399, 425, 77 P.3d 83, 109 (2003)).

In utilizing this standard, Hawaii courts look to the following non-exclusive factors: (1) type of case and difficulty of proof at trial, (2) a realistic approximation of total damages that plaintiff seeks, (3) strength and likelihood of success of plaintiff's claims, (4) predicted litigation expense, (5) relative degree of fault of the tortfeasors, (6) amount of consideration paid to settle the claims, (7) any insurance policy limits and solvency of the joint tortfeasor, (8) relationship of the parties and whether it is conducive to collusion or wrongful conduct, and (9) any other evidence that settlement is aimed at injuring the interests of the non-settling

tortfeasors or motivated by wrongful purpose. *Id.*; *see Troyer*, 102 Hawai'i at 427, 77 P.3d at 110. "[T]he determination of good faith is left to the discretion of the trial court based on all relevant facts available at the time of the settlement." *Id.* at 423, 77 P.3d at 107.

Pursuant to Haw. Rev. Stat. § 663-15.5(d), when a court determines that a settlement was made in good faith, joint tortfeasors are precluded from making claims against the settling tortfeasor and shall:

> (1)   Bar any joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and
>
> (2)   Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement.

Haw. Rev. Stat. § 663-15.5(d).  A non-settling joint tortfeasor or co-obligor has the burden of proving that the settlement was not in good faith.  *Id.* § 663-15.5(b).

## IV.   ARGUMENT

Under the *Troyer* "totality of circumstances" standard, the Settlement Agreement was entered into in good faith pursuant to Haw. Rev. Stat. § 663-15.5. Based on the totality of the circumstances, the Petition should be granted because the settlement is made in good faith; is not collusive; extinguishes the claims between the Settling Parties; was made following successful efforts to fully resolve

the dispute; and will allow the Settling Parties to avoid the uncertainty, burden, and expense of trial and/or further arbitration hearing.

### a) The *Troyer Factors*

1. <u>The type of case and difficulty of proof at trial</u>.

This matter involves multiple parties, experts, and witnesses and relates to questions of liability and fault among multiple parties. PacMar brought RICO claims and a host of state law claims against Defendants, requiring extensive evidence and expert testimony to be provided at trial. Therefore, a finding of a good faith settlement is proper. *See Rowan v. Ditmore*, CIV. NO. 20-00543 JMS-RT, 2023 WL 3510836, at *3 (D. Haw. Apr. 28, 2023) (finding that *Troyer* factors one and four counseled in favor of finding a good faith settlement because the "case [was] complex and likely would have involved experts" as the "case involve[d] a dispute regarding breach of contract, design and construction defects and misleading disclosures or failure to disclose material facts").

2. <u>The realistic approximation of total damages that PacMar seeks</u>.

PacMar sought numerous remedies, including: general, special, compensatory, incidental and consequential damages; treble damages; punitive damages; restitution; declaratory and injunctive relief; placement of a constructive trust; pre and post judgment interest; and attorneys' fees and costs. SAC at 98. PacMar sought multi-million dollar damages.

The Court is not required to conduct 'mini-trials' in order to determine the parties' likely liability. *Palumbo v. United States*, No. CIV. 12-00206 HG-BMK, 2013 WL 3778590, at *5 (D. Haw. July 17, 2013); *Troyer,*102 Hawai'i at 426, 77 P.3d at 111. And the "price of a settlement alone rarely appears to be the outcome-dispositive factor regarding a settlement's bad faith." *Id*. at 427, 77 P.3d at 111.

3. <u>The strength and likelihood of success of PacMar's claims</u>.

Because Hartman's Motion for Summary Judgment [ECF 186] only left one RICO conspiracy claim and several related state law claims against Hartman, the strength of PacMar's case against Hartman was greatly diminished as the case progressed, and PacMar's likelihood of success at trial against Hartman was consequently low.

4. <u>The relative degree of fault of the tortfeasors</u>.

The nature of the case involves multiple issues which would involve substantial difficulties of proof regarding both liability and damages defenses between multiple parties, especially in relation to Hartman. Hartman, unlike several other defendants, has not pled guilty to criminal charges brought by the federal government. But for the Settlement Agreement, the Settling Parties would have been subjected to substantial expenses in litigating the claims at trial.

5. <u>The predicted litigation expense</u>.

The predicted litigation expenses for both the Settling Parties to present their

expert and lay witnesses at trial is substantial. Specifically, given many of the participants in this trial, *i.e.*, parties, lay, and expert witnesses, do not reside on Oahu, each party will need to accrue travel related costs. Although discovery deadlines closed on November 15, 2024, the parties are still able to pursue outstanding discovery that was permitted by this Court's Discovery Plan, ECF No. [227] and subsequent court orders. This is in addition to the substantial litigation costs already incurred by the parties to this point. This settlement will be beneficial to the Settling Parties as it will eliminate the need for large expenditures of money for the parties, counsel, and witnesses to appear at trial.

6. The amount of consideration paid to settle the claims.

Under the circumstances, the consideration under the Settlement Agreement is in good faith. In *Brooks v. Dana Nance & Co.*, 113 Hawaiʻi 406, 153 P.3d 1091 (2007), the Hawaiʻi Supreme Court stated that a $100,000 settlement by one party was reasonable, even though the plaintiffs' original claim had been for $24,000,000. *See Brooks*, 113 Hawaiʻi at 416, 153 P.3d at 1101. In reaching this decision, the Court stated that the amount was "not an insignificant sum and was consistent with the avoidance of foreseeable future litigation expenses." *Id.*

In light of the likely increase in litigation costs due to pending discovery motions practice and disputes, and trial in this matter, the settlement amount is adequate consideration.

9

7. <u>The insurance policy limits and solvency of joint tortfeasors or co-obligors.</u>

Hartman does not have insurance policies related to PacMar's claims but he has assets sufficient to meet his obligations in the Settlement Agreement. In addition, Hartman understands that Defendant Martin Kao has substantial assets which are presently subject to collection efforts by PacMar.

8. <u>The relationship of the parties and whether it is conducive to collusion or wrongful conduct.</u>

The Settlement Agreement was entered into after arms-length discussions carried out by the Settling Parties' attorneys in a confidential settlement conference conducted by the Magistrate Judge. There has been no wrongful or collusive conduct on the part of any of the Settling Parties.

9. <u>Any other evidence that settlement is aimed at injuring the interests of the non-settling tortfeasors or motivated by wrongful purpose.</u>

There is no evidence that the Settlement Agreement is aimed at injuring the interests of a non-settling tortfeasor or co-obligor, or motivated by other wrongful purpose. Fujichaku Decl. ¶ 4.

**V.    CONCLUSION**

Based on the foregoing, Hartman respectfully requests that the Court grant the Petition and order, pursuant to Haw. Rev. Stat. § 663-15.5, that Hartman is discharged from any liability, future claims, and any other claims as an alleged joint-tortfeasor or co-obligor. Further, under Haw. Rev. Stat. § 663-15.5(b),

Hartman further requests that the hearing on this Petition, if any, be closed and the

transcript for the hearing be placed under seal.

    DATED:  Honolulu, Hawai'i, September 29, 2025.

                          */s/ Rex Y. Fujichaku*
                          MARGERY S. BRONSTER
                          REX Y. FUJICHAKU
                          NOELLE E. CHAN

                          Attorneys for Defendant
                          DUKE HARTMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC), | Case 1:22-cv-00283-LEK-WRP |
| Plaintiff, | DECLARATION OF COUNSEL |
| vs. | |
| MARTIN KAO; TIFFANY JENNIFER LAM a.k.a JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC, | |
| Defendants. | |

## <u>DECLARATION OF COUNSEL</u>

I, REX Y. FUJICHAKU, hereby declare as follows:

1.     I am a partner with the law firm of Bronster Fujichaku Robbins, and one of the attorneys for Defendant Duke Hartman ("Hartman") in this matter.

2.     I am competent to testify to the matters contained herein and, unless otherwise noted, I make these statements based on my personal knowledge.

3.     This declaration is submitted in support of Defendant's Petition for Determination of Good Faith Settlement.

4.    The relationships among the Settling Parties are not conducive to collusion or wrongful conduct, and there is no evidence that the proposed settlement is aimed at injuring the interests of a non-settling claimant, joint tortfeasor, or co-obligor, or is motivated by any other wrongful or improper purpose.

5.    Attached as Exhibit "A" is a true and correct copy of the Settlement Agreement between Duke Hartman and PacMar Technologies LLC (f/k/a Martin Defense Group, LLC) ("Settlement Agreement"). The Settlement Agreement is to be filed under seal pursuant to Haw. Rev. Stat. § 663-15.5(b), that requires the court to hear this matter in a "manner consistent with preventing public disclosure of the agreement while providing other joint tortfeasors and co-obligors sufficient information to object to a proposed settlement."

6.    I conducted a telephonic LR 7.8 pre-filing conference with counsel for Plaintiff on September 22, 2025. I conducted a telephonic LR 7.8 pre-filing conference with counsel for Defendants Martin Kao and Society of Young Women Scientists and Engineers LLC on September 22, 2025. I conducted a LR 7.8 pre-filing conference by email with counsel for Defendant Lawrence Kahele Lum Kee on September 22-23, 2025. I conducted a LR 7.8 pre-filing conference by email with counsel for Defendant Tiffany Jennifer Lam on September 22-23, 2025, and by telephone on September 24, 2025. I attempted to conduct a LR 7.8 pre-filing conference by email with counsel for Defendant Clifford Chen by leaving

voicemails on September 22, 2025 and sending email requests on September 22 and 24, 2025.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  Honolulu, Hawaiʻi, September 29, 2025.

/s/ Rex Y. Fujichaku
REX Y. FUJICHAKU

# EXHIBIT "A"

# TO BE FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC), | Case 1:22-cv-00283-LEK-WRP |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| MARTIN KAO; TIFFANY JENNIFER LAM a.k.a JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

The undersigned certifies that a file-marked copy of the foregoing document

was duly served upon filing on the following parties electronically through

CM/ECF:

CRYSTAL K. ROSE, ESQ.
crose@legalhawaii.com
RYAN H. ENGLE, ESQ
rengle@legalhawaii.com
GRANT FASI ALLISON, ESQ.
gallison@legalhawaii.com
Lung Rose Voss & Wagnild
700 Bishop Street, Suite 900
Honolulu, Hawaiʻi 96813

Attorneys for Plaintiff
PACMAR TECHNOLOGIES LLC

KEITH M. KIUCHI, ESQ.
kkiuchi106@cs.com
1001 Bishop Street, Suite 985
Honolulu, Hawaiʻi 96813

Attorney for Defendants
MARTIN KAO and
SOCIETY OF YOUNG WOMEN
SCIENTISTS AND ENGINEERS, LLC

DEREK R. KOBAYASHI, ESQ.
dkobayashi@schlackito.com
BRITTNEY M. WU, ESQ.
bwu@schlackito.com
SCHLACK ITO
745 Fort Street, Suite 1500
Honolulu, Hawaiʻi 96813

Attorneys for Defendant/Cross-Claimant
CLIFFORD CHEN

SCOTT E. KUBOTA, ESQ.
scott.kuboto@gmail.com
NEAL K. AOKI, ESQ.
aokihawaiilaw@gmail.com
3 Waterfront Plaza, Suite 500
500 Ala Moana Boulevard
Honolulu, Hawaiʻi 96813

Attorneys for Defendant and Cross-Claimant
LAWRENCE KAHELE LUM KEE

PHILIP W. MIYOSHI, ESQ.
MIYOSHI & HIRONAKA LLLC
201 Merchant Street, Suite 2240
Honolulu, Hawaii 96813

2

Attorney for Defendant
TIFFANY LAM

DATED:  Honolulu, Hawai'i, September 29, 2025.

/s/ Rex Y. Fujichaku
MARGERY S. BRONSTER
REX Y. FUJICHAKU
NOELLE E. CHAN

Attorneys for Defendant
DUKE HARTMAN

3