# MINUTE ORDER

CASE NUMBER: 1:22-cv-00283-LEK-WRP

CASE NAME: Pacmar Technologies LLC, fka Martin Defense Group, LLC, et al. v. Kao, et al.

JUDGE: Leslie E. Kobayashi             DATE: 11/3/2025

COURT ACTION:   EO: COURT ORDER DENYING DEFENDANT DUKE HARTMAN'S MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBIT "A" IN SUPPORT OF DEFENDANT HARTMAN'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

On September 29, 2025, Defendant/Cross-Claimant/Counterclaimant Duke Hartman ("Hartman") filed his Petition for Determination of Good Faith Settlement ("Petition") and a motion for leave to seal a proposed exhibit to the Petition ("Motion to Seal"). [Dkt. nos. 252, 253.] Hartman describes the exhibit as a confidential settlement agreement between Hartman and Plaintiff/Counterclaim Defendant PacMar Technologies LLC, formerly known as Martin Defense Group, LLC ("PacMar" and "Settlement Agreement"). See Motion to Seal at 2; see also Motion to Seal, Declaration of Rex Y. Fujichaku ("Fujichaku Decl.") at ¶ 3. Hartman also submitted the proposed exhibit to this Court for review. Hartman states that the Settlement Agreement "contains terms that constitute sensitive business information pertaining to Hartman and his company, Integer Technologies, LLC ('Integer')." [Fujichaku Decl. at ¶ 4.] Hartman further asserts that, if this information is made public, it could cause commercial harm to the business interests of Hartman and Integer. See, e.g., id.; Motion to Seal at 2, 4.

On October 1, 2025, the Court filed an entering order that provided the parties an opportunity to respond to the Motion to Seal and the Petition. [Dkt. no. 254.] PacMar filed a statement on October 14, 2025, which noted that: 1) the Settlement Agreement contains no confidentiality provision; 2) PacMar specifically negotiated that the Settlement Agreement would not be confidential; and 3) PacMar does not view the Settlement Agreement as confidential. [Dkt. no. 261.] Defendant/Cross-Claimant Lawrence Kahele Lum Kee and Defendant/Cross-Claimant Clifford Chen each filed a statement of no position on the Motion to Seal. [Dkt. nos. 257, 259.]

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks and citation omitted). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." Id. at 1178-79 (brackets, internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. at 1179 (brackets and internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citation and internal quotation marks omitted). The "compelling reasons" standard applies when the materials sought to be sealed are "more than tangentially related to the merits of a case." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101-02 (9th Cir. 2016).

When a motion is only tangentially related to the merits of a case, the less stringent "good cause" standard of Federal Rule of Civil Procedure 26(c) applies. Id. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result if no protective order is granted." Phillips ex. rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citations omitted).

The Court finds that it is not necessary to determine whether the Petition is "more than tangentially related to the merits of [this] case" because, even if the lower good cause standard applies, Hartman has failed to meet that standard. The Court has carefully reviewed the Settlement Agreement and agrees with PacMar that the Settlement Agreement contains no confidentiality provisions. Further, while Hartman asserts that terms in the Settlement Agreement contain sensitive business information, [Fujichaku Decl. at ¶ 4,] this assertion is conclusory. Hartman fails to make any particularized showing that prejudice or harm will result if the information is not filed under seal. Hartman's Motion to Seal is therefore DENIED.

Hartman is ORDERED to publicly file the Settlement Agreement by **November 10, 2025.**

IT IS SO ORDERED.


Submitted by: Carla Cortez, Courtroom Manager