```
                UNITED STATES DISTRICT COURT

                     DISTRICT OF HAWAII
```

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC, fka<br>MARTIN DEFENSE GROUP, LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>MARTIN KAO, TIFFANY JENNIFER<br>LAM, LAWRENCE KAHELE LUM KEE,<br>CLIFFORD CHEN, DUKE HARTMAN,<br>SOCIETY OF YOUNG WOMEN<br>SCIENTISTS AND ENGINEERS LLC,<br><br>          Defendants. | CIV. NO. 22-00283 LEK-WRP |

**ORDER GRANTING: DEFENDANT'S PETITION
FOR DETERMINATION OF GOOD FAITH SETTLEMENT;
AND PLAINTIFF'S JOINDER IN DEFENDANT'S PETITION**

On September 29, 2025, Defendant/Cross-Claimant/Counterclaimant Duke Hartman ("Hartman") filed the Petition for Determination of Good Faith Settlement ("Petition"). [Dkt. no. 252.] An entering order was issued on October 1, 2025, which directed the parties to submit responses to the Petition by October 13, 2025 ("10/1 EO"). [Dkt. no. 254.] On October 2, 2025, Plaintiff/Counterclaim Defendant PacMar Technologies LLC, formerly known as Martin Defense Group, LLC ("PacMar"), filed a joinder in Hartman's Petition ("PacMar Joinder"). [Dkt. no. 255.]

On October 9, 2025, Defendant/Cross-Claimant Lawrence Kahele Lum Kee ("Lum Kee") filed a statement of no position as

to Hartman's Petition. [Dkt. no. 256.] On October 13, 2025, Defendant/Cross-Claimant Clifford Chen ("Chen") filed a statement of no position as to the Petition. [Dkt. no. 258.] On October 14, 2025, Defendant Tiffany Jennifer Lam ("Lam") filed a statement of no position as to the Petition. [Dkt. no. 260.] Neither Defendant Martin Kao ("Kao") nor Defendant Society of Young Women Scientists and Engineers LLC ("SYWSE") filed a response to the Petition.

On August 20, 2025, PacMar and Hartman met for a confidential settlement conference before the magistrate judge ("8/20 Settlement Conference"). See Minutes - EP: Confidential Settlement Conference, filed 8/20/25 (dkt. no. 250). A settlement was reached by PacMar and Hartman ("the Settling Parties") after the 8/20 Settlement Conference. The Settling Parties memorialized the settlement terms in a written agreement executed on September 15, 2025 ("the Settlement Agreement"). See Petition, Mem. in Supp. at 4. In an entering order filed on November 3, 2025, the Court ordered Hartman to publicly file the Settlement Agreement. See dkt. no. 264 at PageID.3729; see also Hartman's Submission of Exhibit "A" to Motion for Determination of Good Faith Settlement ("Submission"), filed 11/3/25 (dkt. no. 265).

On November 5, 2025, the Court filed an entering order ordering the Settling Parties to file a joint statement

2

clarifying ambiguities contained in the Settlement Agreement ("11/5 EO"). [Dkt. no. 266.] The Settling Parties submitted the joint statement on November 21, 2025 ("Joint Statement"). [Dkt. no. 271.] On that same date, Hartman filed the Notice of Dismissal Without Prejudice of Crossclaim Against Defendant Martin Kao, [dkt. no. 270,] which the Court approved as to form on November 24, 2025 ("Notice of Dismissal"), [dkt. no. 272].

The Court finds the Petition and the PacMar Joinder suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. For the reasons set forth below, the Petition is granted, and the PacMar Joinder is granted to the same extent as the Petition.

## BACKGROUND

The relevant factual and procedural background is set forth in the Court's March 3, 2025 Order Granting in Part and Denying in Part: Defendant Duke Hartman's Motion for Summary Judgment on All Claims Against Hartman; Defendant/Cross-Claimant Clifford Chen's, Defendant/Cross-Claimant Lawrence Kahele Lum Kee, Defendant Tiffany Jennifer Lam, and Defendants Martin Kao and Society of Young Women Scientists and Engineers, LLC's Respective Joinders in Hartman's Motion ("3/3/25 Order"). [Dkt.

3

no. 238.[1]] The instant Order incorporates the background from the 3/3/25 Order and supplements it as necessary. In the 3/3/25 Order, the Court granted Hartman's Motion for Summary Judgment on All Claims Against Hartman, filed November 15, 2024 ("Motion"), [dkt. no. 186,] as to Count I, PacMar's claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and denied summary judgment with respect to Count II, the RICO conspiracy claim, and Counts V through XIV, the state law claims.[2] Joinders filed by Chen, Lum Kee, Lam, Kao, and SYWSE were construed as joinders of simple agreement, and were granted in part and denied in part to the same extent as Hartman's Motion. See 3/3/25 Order, 2025 WL 673476, at *14.

On January 12, 2024, Hartman filed the "Crossclaim Against Defendant Martin Kao and Counterclaim Against Plaintiff PacMar Technologies LLC" ("Hartman Counterclaim" and "Hartman Crossclaim"). [Dkt. no. 120-1.] PacMar filed a reply to the Hartman Counterclaim on February 2, 2024. [Dkt. no. 127.] As of the date of the Notice of Dismissal, Kao had not responded to the Hartman Crossclaim. See Notice of Dismissal at 2.

The second term of the Settlement Agreement states:

> 2. **Release of Claims**: For and in consideration of the payments and other

---

[1] The 3/3/25 Order is also available at 2025 WL 673476.
[2] PacMar filed its Second Amended Complaint on April 21, 2023. [Dkt. no. 97.] The relevant claims are alleged in paragraphs 322-60 and 387-473 of the Second Amended Complaint.

4

consideration set forth below, PacMar hereby fully and finally releases, acquits, and forever discharges the Hartman Releasees of, for, and against the Covered Claims.

For the purposes of this Agreement, "Covered Claims" means and includes any and all allegations, contentions, disputes, demands, judgments, liabilities, actual damages, consequential damages, incidental damages, punitive damages, exemplary damages, losses, lost profits, injuries, claims, counterclaims, cross-claims, third-party complaints or other complaints, controversies, actions or cause of action of any kind and every nature whatsoever based upon contract, tort, warranty, strict liability, statute, common law or otherwise, whether in law or equity (including but not limited to any claims for contribution, indemnity and reimbursement, however denominated) which the Parties have, have ever had, or may have in the future, whether known or unknown and whether accrued or accruing before, on, or after the date of the Agreement, resulting directly or indirectly, arising out of, connected with, or traceable to any of the following: (i) the Complaint, as amended; (ii) the Action; (iii) Hartman's employment with PacMar.

[Submission, Exh. A (Settlement Agreement) at 2.] Further, the Settlement Agreement states:

4. **Good Faith Settlement Approval**: The Parties acknowledge that this settlement is made in good faith, in accordance with Section 663-15.5 of the Hawaii Revised Statutes. Within ten (10) days of the Effective Date, Hartman will file a petition to obtain the Court's good faith settlement approval of this Agreement. Upon the filing of such petition, PacMar shall file a joinder supporting the petition. Within five (5) days of the filing of an order granting good faith settlement approval, the Parties shall execute and file a stipulation to dismiss the Complaint and Action with prejudice as to Hartman only (and not with respect to claims asserted by

PacMar against other Defendants).
[Id. (Hartman's emphasis omitted).]

Prior to the filing of the Joint Statement, it was unclear whether the Settlement Agreement resolved the Hartman Counterclaim against PacMar and whether the Settlement Agreement resolved the Hartman Crossclaim against Kao. See 11/5 EO at PageID.3744. The Joint Statement, however, clarifies that the Settlement Agreement is intended to discharge Hartman's claims against PacMar with prejudice, and that the Settling Parties will execute an amendment to the Settlement Agreement to that effect. See Joint Statement at 2. The Joint Statement also clarified that the Hartman Crossclaim against Kao would be dismissed without prejudice. See id. at 2-3; see also Notice of Dismissal.

The Settling Parties request that the Court grant the Petition on the grounds that the Settlement Agreement satisfies the requirements set forth by Hawai`i Revised Statute Section 663-15.5. See Petition, Mem. in Supp. at 10-11. If the Court grants the Petition, the following claims will remain: PacMar's claims against Kao, Lam, Chen, Lum Kee, and SYWSE; [dkt. no. 97;] Chen's Crossclaim against Kao; [dkt. no. 98;] and Lum Kee's Crossclaim against Kao; [dkt. no. 99]. See Notice of Dismissal at 2.

## **STANDARD**

A finding of good faith settlement:

(1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement.

Tansey v. Marriott Hotel Servs., Inc., CIVIL NO. 19-00231 JAO-WRP, 2020 WL 1495993, at *1 (D. Haw. Mar. 10, 2020) (citing Haw. Rev. Stat. § 663-15.5(a), (d)), *adopted by* 2020 WL 1493041 (D. Haw. Mar. 27, 2020).

The Hawaii Supreme Court has adopted a "totality of circumstances" analysis to determine whether a settlement is made in good faith under HRS § 663-15.5. Doyle v. Hawaiian Cement, Civ. No. 08-00017 JMS/KSC, 2009 WL 1687022, at *2 (D. Haw. June 15, 2009) (citing Troyer v. Adams, 102 Haw. 399, 77 P.3d 83 (2003)). The Hawaii Supreme Court set forth a nonexclusive list of issues that courts may consider when deciding whether a settlement was made in good faith:

> (1) the type of case and difficulty of proof at trial, e.g., rearend motor vehicle collision, medical malpractice, product liability, etc.;
>
> (2) the realistic approximation of total damages that the plaintiff seeks;
>
> (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;

>   (4) the predicted expense of litigation;
>
>   (5) the relative degree of fault of the settling tortfeasors;
>
>   (6) the amount of consideration paid to settle the claims;
>
>   (7) the insurance policy limits and solvency of the joint tortfeasors;
>
>   (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and
>
>   (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.
>
> Id. (citing Troyer, 102 Haw. at 427, 77 P.3d at 112) (the "Troyer factors").
>
>   A settlement agreement is made in good faith when the totality of circumstances show that the settlement was not collusive or aimed at injuring the interests of the non-settling parties. Id. The non-settling defendant has the burden to show that the settlement was not reached in good faith. Id. (citing Haw. Rev. Stat. § 663-15.5(b)).

Aira v. Martin & MacArthur Enters., Ltd., Civil No. 23-00182 JMS-KJM, 2024 WL 3835201, at *2 (D. Hawai`i July 31, 2024).[3]

---

[3] The district judge adopted the magistrate judge's report and recommendation. Aira, 2024 WL 3833859 (Aug. 15, 2024).

8

# DISCUSSION

## I. Petition for Determination of Good Faith Settlement

The Troyer factors, although they are non-exhaustive, help the Court determine whether a settlement agreement is made in good faith. See id. No opposition to the Petition was filed. Further, PacMar has filed a joinder.

Troyer factors one and four concern the difficulty of proof and the expense of litigating an action. See Troyer, 102 Hawai`i at 427, 77 P.3d at 111. Count II, a RICO, Title 18 United States Code Section 1962(d) claim, and various state law claims survived Hartman's attempt to obtain summary judgment. See 3/3/25 Order, 2025 WL 673476, at *13-14. The remaining claims concern complex issues that would need to be addressed at trial through the introduction of extensive evidence and expert testimony. See Petition, Mem. in Supp. at 7. The Court concludes that factors one and four weigh in favor of finding a good faith settlement because of the complexity of the outstanding issues and the likely expense of trial.

The second and sixth factors examine the realistic approximation of total damages that a plaintiff sought, and the amount of consideration paid to settle the claims. See Troyer, 102 Hawai`i at 427, 77 P.3d at 111. Although PacMar sought damages in the millions, see Petition, Mem. in Supp. at 7, the Court finds that, under the circumstances, namely the complexity

9

of the legal issues described above, the settlement amount described in the Settlement Agreement, *i.e.*, $425,000.00, is adequate consideration. The second and sixth Troyer factors weigh in favor of a good faith finding.

Factor three examines the strength of a plaintiff's claim and the realistic likelihood of his or her success at trial. See Troyer, 102 Hawai`i at 427, 77 P.3d at 111. Hartman notes that the Court granted partial summary judgment in his favor and asserts that, as a result, "the strength of PacMar's case against Hartman was greatly diminished as the case progressed[.]" [Petition, Mem. in Supp. at 8.] The Court makes no findings or conclusions regarding the strength of PacMar's claims against Hartman that survived summary judgment. The Court finds that the third factor is neutral.

Factors five and eight assess the relationship between the parties, including the relative degree of fault between any settling tortfeasor, and the relationship among the parties and whether that relationship is conducive to collusion or wrongful conduct. See Troyer, 102 Hawai`i at 427, 77 P.3d at 111. The other parties were provided ample opportunity to lodge any objections to the Petition. See 10/1 EO. No oppositions were filed. According to Hartman, "[t]he Settlement Agreement was entered into after arms-length discussions carried out by the Settling Parties' attorneys in a confidential settlement

10

conference conducted by the Magistrate Judge." [Petition, Mem. in Supp. at 10.] The Court has not been presented with any evidence to suggest any wrongful or collusive conduct between Hartman and PacMar. Consequently, the Court finds that factors five and eight also weigh in favor of a finding of good faith.

Factor seven looks at the insurance policy limits and solvency of joint tortfeasors and co-obligors. See Troyer, 102 Hawai`i at 427, 77 P.3d at 111. Hartman asserts that he does not have insurance policies that cover PacMar's claims, but he does possess sufficient assets to meet his obligations as set forth in the Settlement Agreement. [Petition, Mem. in Supp. at 10.] Hartman also asserts that his understanding is that Kao has substantial assets, which PacMar is currently undertaking efforts to collect. See id. The Court finds that Hartman's ability to cover his obligations as set forth in the Settlement Agreement weighs in favor of a finding of good faith pursuant to factor seven.

Finally, factor nine provides the Court with discretion to consider other evidence provided by the parties that may weigh against the finding of good faith. See Troyer, 102 Hawai`i at 427, 77 P.3d at 111. As mentioned above, no opposition to the Petition has been filed and the Court has not been presented with any evidence of bad faith or other wrongful purpose for entering into the Settlement Agreement. The Court

11

notes that the Settling Parties responded to the Court's concerns regarding the ambiguity in the Settlement Agreement by submitting a Joint Statement that clarified their obligations to each other and to third parties that are not signatories to the Settlement Agreement. See generally 11/5 EO; Joint Statement. There being no evidence that the Settling Parties were acting in bad faith in reaching the settlement, the Court finds that the ninth factor also weighs in favor of a finding of good faith.

After having reviewed the factors set forth in Troyer v. Adams, the Court finds that the essential terms of the Settlement Agreement meet the purpose of Section 663-15.5. Given the totality of the circumstances and the absence of opposition, the Court finds that Hartman and PacMar entered into their settlement in good faith.

**II.   Joinder**

PacMar does not state whether its joinder is a substantive joinder or a joinder of simple agreement. See generally PacMar Joinder. The PacMar Joinder is not "supported by a memorandum that complies with LR7.4(a) and (b)," and therefore the Court considers the PacMar Joinder as a joinder of simple agreement. See Local Rule LR7.7. Accordingly, the PacMar Joinder is granted to the same extent as the Petition.

**CONCLUSION**

After careful review of the Petition for Determination of Good Faith Settlement, filed September 29, 2025, the parties' submissions, files and records in this case, and applicable law, the Court FINDS that the Settlement Agreement made between Defendant/Cross-Claimant/Counterclaimant Duke Hartman and Plaintiff/Counterclaim Defendant PacMar Technologies LLC, formerly known as Martin Defense Group, LLC, was entered into in good faith under Hawai`i Revised Statutes Section 663-15.5 and GRANTS the Petition. PacMar's joinder in the Petition, filed October 2, 2025, is GRANTED to the same extent as the Petition.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 1, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge


**PACMAR TECHNOLOGIES LLC, FKA MARTIN DEFENSE GROUP, LLC VS. MARTIN KAO, ET AL; CV 22-00283 LEK-WRP; ORDER GRANTING: DEFENDANT'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND PLAINTIFF'S JOINDER IN DEFENDANT'S PETITION**