SCOTT E. KUBOTA   3706-0
3 Waterfront Plaza, Suite 500
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone No.: (808) 532-9595
Facsimile No.: (808) 532-9599
scott.kubota@gmail.com

NEAL K. AOKI       3919-0
3 Waterfront Plaza, Suite 500
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone No.: (808) 282-4585
Facsimile No.: (808) 532-9599
aokihawaiilaw@gmail.com

Attorneys for Defendant, and Cross-Claimant
LAWRENCE KAHELE LUM KEE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC), <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN KAO; TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC, | Case No. 1:22-cv-00283-LEK-WRP <br><br> DEFENDANT LAWRENCE KAHELE LUM KEE'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF SCOTT E. KUBOTA; EXHIBIT "A" (TO BE SUBMITTED UNDER SEAL); CERTIFICATE OF SERVICE <br><br> Trial Date:  April 20, 2026 <br> Trial Judge: Hon. Leslie E. Kobayashi |

Defendants.          )

_____ )

## DEFENDANT LAWRENCE KAHELE LUM KEE'S
## PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

Defendant LAWRENCE KAHELE LUM KEE ("Lum Kee"), by and

through his attorneys, Scott E. Kubota and Neal K. Aoki, submits this petition for a

determination that the settlement entered into by Lum Kee and Plaintiff PACMAR

TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC) ("PacMar")

was entered in good faith, within the meaning of Hawai'i Revised Statutes

("HRS") § 663-15.5. As set forth in this Motion, all the elements for determining

that the Settlement Agreement executed by PacMar and Lum Kee is in good faith

under § 663-15.5 are satisfied.

This Petition is made pursuant to Rule 7(b) of the Federal Rules of Civil

Procedure, Local Rules 7 and 7.8 of the U.S. District Court for the District of

Hawai'i, and Haw. Rev. Stat. § 663.15.5 and is supported by the attached

memorandum, declaration, exhibits, and the records and files in this case and such

further argument and evidence as may be presented at the hearing. Lum Kee will

seek to submit the settlement agreement, attached as Exhibit "A", under seal for

the Court's and the parties' review.

This motion is made following separate telephonic and email conferences of

counsel pursuant to LR 7.8 which took place between December 23, 2025 and

2

January 20, 2026.  Concurrently with the filing of this motion, Lum Kee will file a

Notice of Dismissal without prejudice of his Cross-Claims against Defendant

MARTIN KAO.

DATED:  Honolulu, Hawaii, January 27, 2026.

/s/ Scott E. Kubota
SCOTT E. KUBOTA
NEAL K. AOKI

Attorneys for Defendant, and
Cross-Claimant
LAWRENCE KAHELE LUM KEE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC )<br>(f/k/a MARTIN DEFENSE GROUP, )<br>LLC), )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>MARTIN KAO; TIFFANY )<br>JENNIFER LAM a.k.a. JENNY )<br>LAM and/or TIFFANY KAO; )<br>LAWRENCE KAHELE LUM KEE; )<br>CLIFFORD CHEN; DUKE )<br>HARTMAN; SOCIETY OF )<br>YOUNG WOMEN SCIENTISTS )<br>AND ENGINEERS LLC, )<br> )<br>Defendants. )<br>_____ ) | Case No. 1:22-cv-00283-LEK-WRP<br><br>MEMORANDUM IN SUPPORT OF<br>MOTION |

MEMORANDUM IN SUPPORT OF MOTION

## I.    INTRODUCTION

Defendant LAWRENCE KAHELE LUM KEE ("Lum Kee") submits this

memorandum in support of Petition for Determination of Good Faith Settlement

("Petition") for determination that the Settlement Agreement ("Settlement

Agreement") between Lum Kee and Plaintiff PACMAR TECHNOLOGIES LLC

(f/k/a MARTIN DEFENSE GROUP, LLC) ("PacMar" or "Company")

(collectively, the "Settling Parties"), was made in good faith within the meaning of

Hawai'i Revised Statutes ("HRS") § 663-15.5.

Pursuant to HRS § 663-15.5, the Court may approve a settlement agreement if the "totality of circumstances" show that the settlement was made in good faith. *Troyer v. Adams*, 102 Hawai'i 399, 77 P.3d 83 (2003). Here, the totality of the circumstances show that the Settling Parties made the Settlement Agreement in good faith.

## II. RELEVANT BACKGROUND

The relevant factual and procedural background of this case ["USDC Case"] is set forth in this Court's March 3, 2025 Order Granting in Part and Denying in Part: Defendant Duke Hartman's Motion for Summary Judgment on All Claims Against Hartman; Defendant/Cross-Claimant Clifford Chen's, Defendant/Cross-Claimant Lawrence Kahele Lum Kee, Defendant Tiffany Jennifer Lam, and Defendants Martin Kao and Society of Young Women Scientists and Engineers, LLC's Respective Joinders in Hartman's Motion ("3/3/25 Order"). [Dkt. no. 238]. This motion incorporates the background from the Court's March 3, 2025 Order and supplements it as necessary.

PacMar is a Hawaii-based company primarily involved in the business of providing engineering solutions and related services in the defense and maritime industries. Lum Kee was an employee of PacMar until January 12, 2021. Lum Kee was initially hired as an Accountant for Navatek by Clifford Chen, the CFO of

2

Navatek, in May 2019. He reported to Chen and his main duties were General

Ledger conversion. Lum Kee was elevated to Controller when his predecessor

Kasey Lock resigned in June 2019. Lum Kee remained in the position of

Controller until he was terminated in January 2021. He filed a wrongful

termination claim in First Circuit Court, Civ. No. 1CCV-23-0000038 (KTM)

["wrongful termination case"] resulting from his termination as the Controller from

PacMar [fka MDG, fka Navatek].

On June 22, 2022, PacMar filed a Complaint [Dkt. 1] in the United States

District Court for the District of Hawaii, Case 1:22-cv-00283-LEK-WRP

("Action"). At the heart of Plaintiff's case is its Racketeer Influenced and Corrupt

Organizations Act ("RICO") claims against the multiple defendants. The

Complaint alleged that Lum Kee was involved in a "complex racketeering scheme

aimed to loot the resources of a venerable engineering firm" and rewarded with ill-

gotten federal funds. Complaint ¶1. This RICO action alleges that Lum Kee and

the other defendants "conspired" with Defendant Martin Kao to enrich themselves,

and in the process cause damage to PacMar. It is currently set for trial before the

Hon. Leslie Kobayashi on April 20, 2026.

On November 15, 2024, Defendant Duke Hartman filed a Motion for

Summary Judgment [Dkt. 186], and Lum Kee filed a Joinder therein [Dkt. 215].

This motion and the Joinders therein, were granted in part and denied in part,

leaving only one RICO conspiracy claim and several related state law claims remaining against Lum Kee and the other defendants. [Dkt. 238].

A settlement was reached between Defendant Duke Hartman and plaintiff for $425,000. On December 1, 2025 the Court granted Hartman's motion to determine the settlement was made in Good Faith [Dkt. 273]. Defendant Kahele is considered a 'small player' (non-executive) who was sued in the RICO matter because he was hired by, and supposedly 'in the Kao camp'.

On December 23, 2025, the Settling Parties participated in a Confidential Settlement Conference before Judge Kevin Morikone in the Wrongful Termination case. Thereafter, in order to avoid the further expense and burden of litigation, the Settling Parties agreed to a confidential global settlement of "any and all claims" between Plaintiff and Lum Kee which was memorialized in a written Settlement Agreement, which was executed effective January 17, 2026.

Among other things, the Settlement Agreement provides for discharge and release of all claims and liability asserted or that could have been asserted in both the Wrongful Termination case and the RICO case with respect to Mr. Lum Kee, in exchange for a confidential monetary insurance payment and distribution. Confidentiality is a material term of the settlement. A copy of the fully executed Settlement Agreement was shared with the Court off the record, concurrent with this filing and the filing of a companion Motion to Seal. It was also shared with

the remaining counsels in this RICO action on January 20, 2026. None of the

defense attorneys contacted voiced any objections to the Petition for Good Faith

Determination or Motion to Seal.[1] *See* Declaration of Scott E. Kubota, ¶¶ 3-5.

## III.   LEGAL STANDARD

A petition for determination of a good faith settlement under Hawaii law is

governed by HRS § 663-15.5, which provides in pertinent part:

> **§ 663-15.5 Release; joint tortfeasors; co-obligors; good faith
> settlement.**
>
> (a) A release, dismissal with or without prejudice, or a covenant not to
> sue or not to enforce a judgment that is given in good faith under
> subsection (b) to one or more joint tortfeasors, or to one or more co-
> obligors who are mutually subject to contribution rights, shall:
>
> (1) Not discharge any other joint tortfeasor or co-obligor not released
> from liability unless its terms so provide;
>
> (2) Reduce the claims against the other joint tortfeasor or co-obligor
> not released in the amount stipulated by the release, dismissal, or
> covenant, or in the amount of the consideration paid for it, whichever
> is greater; and
>
> (3) Discharge the party to whom it is given from all liability for any
> contribution to any other joint tortfeasor or co-obligor.

A party must petition the Court for a determination on the issue of good faith

on a settlement agreement entered into by a plaintiff and one or more alleged joint

---

[1] Counsel Phillip Miyoshi, Esq. has stated that while he has no objections to this
Petition for a Good Faith Settlement Determination, he reserves his right to seek
relief regarding the interview that Lum Kee is required to provide to counsel for
Plaintiff as part of his settlement.

tortfeasors or co-obligors. *Id.* § 663-15.5(b).

In determining whether a settlement was made in good faith, the court conducts a "totality of circumstances" approach. *Palumbo v. United States*, No. CIV. 12-00206 HG-BMK, 2013 WL 3778590, at *3 (D. Haw. July 17, 2013) (citing *Troyer v. Adams*, 102 Hawai'i 399, 425, 77 P.3d 83, 109 (2003)).

In utilizing this standard, Hawaii courts look to the following non-exclusive factors: (1) type of case and difficulty of proof at trial, (2) a realistic approximation of total damages that plaintiff seeks, (3) strength and likelihood of success of plaintiff's claims, (4) predicted litigation expense, (5) relative degree of fault of the tortfeasors, (6) amount of consideration paid to settle the claims, (7) any insurance policy limits and solvency of the joint tortfeasor, (8) relationship of the parties and whether it is conducive to collusion or wrongful conduct, and (9) any other evidence that settlement is aimed at injuring the interests of the non-settling tortfeasors or motivated by wrongful purpose. *Id.*; *see Troyer*, 102 Hawai'i at 427, 77 P.3d at 110. "[T]he determination of good faith is left to the discretion of the trial court based on all relevant facts available at the time of the settlement." *Id.* at 423, 77 P.3d at 107.

Pursuant to HRS § 663-15.5(d), when a court determines that a settlement was made in good faith, joint tortfeasors are precluded from making claims against the settling tortfeasor and shall:

6

> (1)    Bar any joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and
>
> (2)    Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement.

A non-settling joint tortfeasor or co-obligor has the burden of proving that the settlement was not in good faith. *Id.* § 663-15.5(b).

## IV.    ARGUMENT

Under the *Troyer* "totality of circumstances" standard, the Settlement Agreement was entered into in good faith pursuant to HRS § 663-15.5. Based on the totality of the circumstances, the Petition should be granted because the settlement was brokered in good faith after great effort by Circuit Court Judge Morikone; is not collusive; extinguishes globally all the claims between the Settling Parties; was made following successful efforts to fully resolve the dispute; and will allow the Settling Parties to avoid the uncertainty, burden, and expense of trial and/or further hearings and appeals. Counsels for all the remaining parties have been consulted regarding this Petition, and all have stated that they have no objections to the granting of a 'good faith determination' per HRS § 663-15.5.

### A. The *Troyer Factors*

#### 1. The type of case and difficulty of proof at trial.

This matter involves multiple parties, experts, and witnesses and relates to

questions of liability and fault among multiple parties. PacMar brought RICO

claims and a host of state law claims against Defendants, requiring extensive

evidence and expert testimony to be provided at trial.  Therefore, a finding of a

good faith settlement is proper. *See Rowan v. Ditmore*, CIV. NO. 20-00543 JMS-

RT, 2023 WL 3510836, at *3 (D. Haw. Apr. 28, 2023) (finding that *Troyer* factors

one and four counseled in favor of finding a good faith settlement because the

"case [was] complex and likely would have involved experts" as the "case

involve[d] a dispute regarding breach of contract, design and construction defects

and misleading disclosures or failure to disclose material facts").

 This Court, in analyzing and granting Defendant Hartman's Petition for

Good Faith Determination [Dkt. 273, p. 9], found that:

> <u>Troyer</u> factors one and four concern the difficulty of proof and the expense of litigating an action. <u>See Troyer</u>, 102 Hawai'i at 427, 77 P.3d at 111. Count II, a RICO, Title 18 United States Code Section 1962(d) claim, and various state law claims survived Hartman's attempt to obtain summary judgment. <u>See</u> 3/3/25 Order, 2025 WL 673476, at *13-14. The remaining claims concern complex issues that would need to be addressed at trial through the introduction of extensive evidence and expert testimony. <u>See</u> Petition, Mem. in Supp. at 7. The Court concludes that factors one and four weigh in favor of finding a good faith settlement because of the complexity of the outstanding issues and the likely expense of trial.

The difficulty of proof and the expense of litigating the remaining action between

the Settling Parties has not changed since the Court's ruling on December 1, 2025.

## 2. The realistic approximation of total damages that PacMar seeks.

 PacMar sought numerous remedies, including: general, special,

compensatory, incidental and consequential damages; treble damages; punitive damages; restitution; declaratory and injunctive relief; placement of a constructive trust; pre and post judgment interest; and attorneys' fees and costs. SAC at 98. PacMar sought multi-million dollar damages.

The Court is not required to conduct 'mini-trials' in order to determine the parties' likely liability. *Palumbo v. United States*, No. CIV. 12-00206 HG-BMK, 2013 WL 3778590, at *5 (D. Haw. July 17, 2013); *Troyer*,102 Hawaiʻi at 426, 77 P.3d at 111. And the "price of a settlement alone rarely appears to be the outcome dispositive factor regarding a settlement's bad faith." *Id*. at 427, 77 P.3d at 111. Lum Kee's contribution towards these damages is fair and realistic considering his minor role in Company decisions as a non-executive, and the damages sought.

**3. The strength and likelihood of success of PacMar's claims**.

Because Hartman's Motion for Summary Judgment [ECF 186] only left one RICO conspiracy claim and several state law claims against Lum Kee, the strength of PacMar's case against Lum Kee was greatly diminished as the case progressed, and PacMar's likelihood of success at trial against Lum Kee was consequently low. In addition to Lum Kee's settlement, Hartman's contribution of $425,000 must also be factored into the overall damages likely to be recovered by Plaintiffs.

**4. The relative degree of fault of the tortfeasors**.

The nature of the case involves multiple issues which would involve

substantial difficulties of proof regarding both liability and damages defenses between multiple parties, especially in relation to Lum Kee. Unlike most of the other defendants, as a Controller, Lum Kee was not in an executive "decision making" position for the Company. But for the Settlement Agreement, the Settling Parties would have been subjected to substantial expenses in litigating the claims against Lum Kee at trial.

**5. The predicted litigation expense**.

The predicted litigation expenses for both the Settling Parties to present their case at trial is substantial. Although discovery deadlines closed on November 15, 2024, the parties are still able to pursue outstanding discovery that was permitted by this Court's Discovery Plan, ECF No. [227] and subsequent court orders. This is in addition to the substantial litigation costs already incurred by the parties to this point. This settlement will be beneficial to the Settling Parties as it will eliminate the need for large expenditures of money for the parties, counsel, and witnesses to appear at trial.

**6. The amount of consideration paid to settle the claims**.

Under the circumstances, the consideration under the Settlement Agreement is in good faith. In *Brooks v. Dana Nance & Co.*, 113 Hawai'i 406, 153 P.3d 1091 (2007), the Hawai'i Supreme Court stated that a $100,000 settlement by one party was reasonable, even though the plaintiffs' original claim had been for

$24,000,000. *See Brooks*, 113 Hawai'i at 416, 153 P.3d at 1101. In reaching this decision, the Court stated that the amount was "not an insignificant sum and was consistent with the avoidance of foreseeable future litigation expenses." *Id.*

In light of the likely increase in litigation costs due to pending discovery motions practice and disputes, and trial in this matter, the settlement amount is adequate consideration.

### 7. The insurance policy limits and solvency of joint tortfeasors or co-obligors.

Lum Kee tendered his defense to an insurer, but was denied insurance coverage related to PacMar's claims. He does not have personal assets sufficient to meet his obligations in the Settlement Agreement without the settlement reached in the Wrongful Termination case. Defendant Martin Kao is understood to have substantial assets which are presently subject to collection efforts by PacMar.

### 8. The relationship of the parties and whether it is conducive to collusion or wrongful conduct.

The Settlement Agreement was entered into during good faith discussions carried out by the Settling Parties' attorneys in a mandatory confidential settlement conference conducted by Judge Morikone. There has been no wrongful or collusive conduct on the part of any of the Settling Parties.

### 9. Any other evidence that settlement is aimed at injuring the interests of the non-settling tortfeasors or motivated by wrongful purpose.

There is no evidence that the Settlement Agreement is aimed at injuring the

11

interests of a non-settling tortfeasor or co-obligor, or motivated by other wrongful purpose.  *See* Kubota Declaration, ¶ 2.

## V.    CONCLUSION

Based on the foregoing, Lum Kee respectfully requests that the Court grant the Petition and order, pursuant to HRS § 663-15.5, that Lum Kee is discharged from any liability, future claims, and any other claims as an alleged joint-tortfeasor or co-obligor. Further, under HRS § 663-15.5(b), Lum Kee further requests that the hearing on this Petition, *if any*, be closed and the transcript for the hearing be placed under seal.  It is Lum Kee's position that this Petition and any Joinder therein is suitable for disposition without a hearing pursuant to LR 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii.

DATED:  Honolulu, Hawaii, January 27, 2026.

/s/ Scott E. Kubota
SCOTT E. KUBOTA
NEAL K. AOKI

Attorneys for Defendant, and
Cross-Claimant
LAWRENCE KAHELE LUM KEE

12

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC ) <br> (f/k/a MARTIN DEFENSE GROUP, ) <br> LLC), ) <br> ) <br>           Plaintiff, ) <br> ) <br>    vs. ) <br> ) <br> MARTIN KAO; TIFFANY ) <br> JENNIFER LAM a.k.a. JENNY ) <br> LAM and/or TIFFANY KAO; ) <br> LAWRENCE KAHELE LUM KEE; ) <br> CLIFFORD CHEN; DUKE ) <br> HARTMAN; SOCIETY OF ) <br> YOUNG WOMEN SCIENTISTS ) <br> AND ENGINEERS LLC, ) <br> ) <br>          Defendants. ) <br> _____ ) | Case 1:22-cv-00283-LEK-WRP <br><br> DECLARATION OF SCOTT E. KUBOTA |

## DECLARATION OF SCOTT E. KUBOTA

    1.    I am counsel for Defendant and Cross-Claimant Lawrence Kahele Lum Kee ("Lum Kee") and make this Declaration upon personal knowledge.

    2.    The relationship between the Settling Parties is adversarial, and is not conducive to collusion or wrongful conduct.  There is no evidence that the proposed settlement was designed to injure the interests of a non-settling party or motivated by any wrongful or improper purpose.

3.      I personally conducted telephonic LR 7.8 conferences with counsels for MARTIN KAO; TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO; and the SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC, on January 20, 2026 and was advised that neither counsel objected to the instant Petition for Determination of Good Faith Settlement.

4.      I personally conducted a LR 7.8 conference by email with counsel for CLIFFORD CHEN on January 20 and 21, 2026, and was advised that they had no objection to the instant Petition for Determination of Good Faith Settlement.

5.      Pursuant to the agreed terms of the settlement agreement, Plaintiff "PacMar shall file a joinder supporting the petition." I personally conferenced with counsel for Plaintiff during settlement negotiations on December 23, 2025 regarding the filing of this Petition for Determination of Good Faith Settlement, and have been in regular communication with them regarding the language of this Petition.

6.      Lum Kee will file a Notice of Dismissal without prejudice of his Cross-Claims against Defendant MARTIN KAO concurrently with the instant Petition for Determination of Good Faith Settlement.

## 28 U.S.C. § DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed:  Honolulu, Hawaii, January 27, 2026.

/s/     Scott E. Kubota
SCOTT E. KUBOTA

# EXHIBIT "A"

# TO BE FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC), | ) ) ) | Case 1:22-cv-00283-LEK-WRP |
| | ) | |
| Plaintiff, | ) ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) ) | |
| | ) | |
| MARTIN KAO; TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 27, 2026, a copy of the foregoing

document was served on the following parties listed below, via CM/ECF:

> CRYSTAL K. ROSE, ESQ.
> RYAN H. ENGLE, ESQ.
> GRANT FASI ALLISON, ESQ.
> Lung Rose Voss & Wagnild
> Topa Financial Center
> 700 Bishop Street, Suite 900
> Honolulu, Hawaii 96813
> crose@legalhawaii.com
> rengle@legalhawaii.com
> gallison@legalhawaii.com

Attorneys for Plaintiff
PACMAR TECHNOLOGIES LLC
(f/k/a MARTIN DEFENSE GROUP, LLC)


KEITH M. KIUCHI, ESQ.
1001 Bishop Street, Suite 985
Honolulu, Hawaii 96813
kkiuchi106@cs.com

Attorney for Defendants
MARTIN KAO, and SOCIETY OF
YOUNG WOMEN SCIENTISTS
AND ENGINEERS, LLC


PHILIP W. MIYOSHI, ESQ.
JAMES T. OGIWARA, ESQ.
Miyoshi & Hironaka, LLLC
201 Merchant Street, Suite 2240
Honolulu, Hawaii 96813
philip@808-law.com
james@808-law.com


Attorneys for Defendant
TIFFANY JENNIFER LAM


DEREK R. KOBAYASHI, ESQ.
BRITTNEY M. WU, ESQ.
Schlack Ito
745 Fort Street, Suite 1500
Honolulu, Hawaii 96813
dkobayashi@schlackito.com
bwu@schlackito.com


Attorneys for Defendant
CLIFFORD CHEN

DATED:  Honolulu, Hawaii, January 27, 2026.


/s/ Scott E. Kubota
SCOTT E. KUBOTA
NEAL K. AOKI

Attorneys for Defendant, and
Cross-Claimant
LAWRENCE KAHELE LUM KEE