# EXHIBIT 16

Case 1:22-cv-00283-LEK-WRP   Document 312-18   Filed 03/03/26   Page 2 of 17
PageID.4245

TIFFANY J. LAM, Vol I on 05/29/2025   Page 1
PACMAR TECHNOLOGIES LLC vs MARTIN KAO, et al.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PACMAR TECHNOLOGIES LLC )
(f/k/a MARTIN DEFENSE )
GROUP, LLC), )
    ) CASE NO.
    Plaintiff, ) 1:22-CV-00283-LEK-WRP
    )
    vs. )
    )
MARTIN KAO; TIFFANY )
JENNIFER LAM a.k.a. )
JENNY LAM and/or TIFFANY )
KAO; LAWRENCE KAHELE LUM )
KEE; CLIFFORD CHEN; DUKE )
HARTMAN; SOCIETY OF )
YOUNG WOMEN SCIENTISTS )
AND ENGINEERS LLC, )
    )
    Defendants. ) (Pages 1 to 52)
_____)

**Certified Transcript**

VOLUME I

DEPOSITION OF TIFFANY J. LAM

THURSDAY, MAY 29, 2025

REPORTED BY:    IRENE NAKAMURA, RPR, CLR
State of Hawaii CSR No. 496
State of California CSR No. 9478
State of Washington CCR No. 3177
State of Nevada CSR No. 893
State of Illinois CSR No. 084.004909

EXHIBIT 16   808.664.6677
www.iDepoHawaii.com


iDepo
Hawaii, LLC

                   IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

                            STATE OF HAWAII


PACMAR TECHNOLOGIES LLC        )
(f/k/a MARTIN DEFENSE          )
GROUP, LLC),                   )
                               )
             Plaintiff,        )
                               )
        vs.                    )   CIVIL NO.
                               )   1:22-CV-00283-LEK-WRP
MARTIN KAO; TIFFANY            )
JENNIFER LAM a.k.a.            )
JENNY LAM and/or TIFFANY       )
KAO; LAWRENCE KAHELE LUM       )
KEE; CLIFFORD CHEN; DUKE       )
HARTMAN; SOCIETY OF            )
YOUNG WOMEN SCIENTISTS         )
AND ENGINEERS LLC,             )
                               )
             Defendants.       )
_____)


                            Volume I

          HYBRID DEPOSITION OF TIFFANY J. LAM,

taken on behalf of the Plaintiff pursuant to Notice,

on Thursday, May 29, 2025, commencing at 9:04 a.m.,

at the office of Lung Rose Voss & Wagnild, located at

Topa Financial Center, Suite 900, 700 Bishop Street

before IRENE NAKAMURA, RPR, CLR, State of Hawaii CSR

No. 496, State of California CSR No. 9478, State of

Washington CCR No. 3177, State of Nevada CSR No. 893,

State of Illinois CSR No. 084.004909.

Case 1:22-cv-00283-LEK-WRP    Document 312-18    Filed 03/03/26    Page 4 of 17
PageID.4247

TIFFANY J. LAM, Vol I on 05/29/2025                                                    Page 3
PACMAR TECHNOLOGIES LLC vs MARTIN KAO, et al.

APPEARANCES:


For Plaintiff:

        LUNG ROSE VOSS & WAGNILD
        BY:  GRANT FASI ALLISON, ESQ.
        Topa Financial Center
        700 Bishop Street
        Suite 900
        Honolulu, Hawaii 96813
        Phone:  (808) 523-9000
        E-mail:  gallison@legalhawaii.com


For Defendant CLIFFORD CHEN:

        SCHLACK ITO, LLLC
        BY:  BRITTNEY M. WU, ESQ.
        745 Fort Street
        Suite 1500
        Honolulu, Hawaii 96813
        Phone:  (808) 523-6040
        E-mail:  bwu@schlackito.com
        (Via Remote Appearance)


For Defendants DUKE HARTMAN and SOCIETY OF YOUNG
WOMEN SCIENTISTS AND ENGINEERS LLC:

        BRONSTER FUCHICHAKU ROBBINS
        BY:  REX Y. FUJICHAKU, ESQ.
        1003 Bishop Street
        Suite 2300
        Honolulu, Hawaii 96813
        Phone:  (808) 524-5644
        E-mail:  rfujichaku@bfrhawaii.com

Case 1:22-cv-00283-LEK-WRP    Document 312-18    Filed 03/03/26    Page 5 of 17
PageID.4248
TIFFANY J. LAM, Vol I on 05/29/2025                                                    Page 4
PACMAR TECHNOLOGIES LLC vs MARTIN KAO, et al.

APPEARANCES (continued):

For Defendant LAWRENCE KAHELE LUM KEE:

    SCOTT E. KUBOTA, AAL, LLLC
    BY:  SCOTT KUBOTA, ESQ.
    500 Ala Moana Blvd
    3 Waterfront Plaza, Suite 500
    Honolulu, Hawaii 96813
    Phone:  (808) 532-9595
    E-mail:  Scott.kubota@gmail.com
    (Via Remote Appearance)

For Defendant TIFFANY JENNIFER LAM a.k.a. JENNY LAM
and/or TIFFANY KAO:

    MIYOSHI & HIRONAKA LLLC
    BY:  PHILIP W. MIYOSHI, ESQ.
    BY:  RANDALL HIRONAKA, ESQ.
    201 Merchant Street, Suite 2240
    Honolulu, Hawaii  96813
    Phone:  (808) 888-2595
    E-mail:  philip@808-law.com
         randy@808-law.com

Also Present:

    Shaz Hassan, iDepo Moderator - remotely via Zoom

    Susan Matsuura - remotely via Zoom



TIFFANY J. LAM, Vol I on 05/29/2025
PACMAR TECHNOLOGIES LLC vs MARTIN KAO, et al.

I N D E X

DEPONENT:              EXAMINATION:                    PAGE:

TIFFANY J. LAM        BY MR. ALLISON                   7

                      BY MR. FUJICHAKU                 45


UNANSWERED QUESTIONS

PAGE:        LINE:

28           21

30           22

32           14

32           20

33           02

33           18

37           07

41           22

42           09

42           19

43           19

46           01

47           03


MARKED PORTIONS BY COUNSEL

(NONE)



TIFFANY J. LAM, Vol I on 05/29/2025
PACMAR TECHNOLOGIES LLC vs MARTIN KAO, et al.

A    I don't know.

Q    Do you recall receiving a request for production of documents during the course of this case?

A    I think so.

Q    Okay.  Do you recall searching through your E-mail, tiffany808@gmail.com, for documents that were the subject of a requested by -- that request for production of documents?

A    Yes.

Q    Yes, you remember searching your E-mail?

A    Yes.

Q    Okay.  And what did your searching uncover when you searched tiffany808@gmail.com for E-mails responsive to the request for production of documents you received?

A    I don't remember.

Q    Do you recall that not a single responsive document was discovered?

A    I don't remember.

Q    So you don't have any recollection about the search, other than that you made it?

MR. HIRONAKA:  Well, I'm going to -- I'm going to object on this line of questioning because it is to the privilege, Fifth Amendment.

So you don't have to answer that.

MR. ALLISON:  It's your position that actions she took to uncover and respond to an RPOD is covered by the Fifth Amendment?

MR. HIRONAKA:  I'm saying that the line of questioning is protected by her Fifth Amendment privilege.

MR. ALLISON:  Okay.  So your counsel is objecting.

And are you instructing her not to answer?

MR. HIRONAKA:  I did, correct.  Yes.

BY MR. ALLISON:

**Q    So are you going to follow your counsel's instructions?**

A    Yes.

MR. ALLISON:  Okay.  And is the scope of the objection -- can you define for me the scope of the objection as to her efforts to respond to discovery?

MR. HIRONAKA:  Basically, yeah.  The way the lawsuit has been plead, our position is that for right now, I need -- the potential statute of limitations hasn't necessarily run on any potential criminal charges.  So it's basically to any topics

related to the underlying allegations and facts in the complaint.  They're the -- well, specifically with respect to these line of -- this line of questioning, there are obstruction allegations in the -- in the Second-Amended Complaint.

MR. ALLISON:  So just so I'm clear, because I don't want to continue to ask her questions --

MR. HIRONAKA:  Sure.

MR. ALLISON:  -- if it's -- under the scope of your objection she's not going to answer it.

MR. HIRONAKA:  Sure.

MR. ALLISON:  Is it correct and accurate to say that the objection covers anything dealing with her efforts to respond to the discovery?

MR. HIRONAKA:  Correct.

MR. ALLISON:  And that the instruction will be not to answer any questions on that subject matter?

MR. MIYOSHI:  That's correct.

BY MR. ALLISON:

Q    Okay.  I'd like to ask you about the Society of Young Women Scientists and Engineers LLC.

Is that an entity or a name of an entity with which you are familiar with?



just:  Are you familiar with the entity the Society of Young Women Scientists and Engineers LLC?

MR. HIRONAKA:  You can answer that question.

THE DEPONENT:  Can you say the question again?

BY MR. ALLISON:

Q    Yes.  Are you familiar with an entity called the Society of Young Women Scientists and Engineers LLC?

A    At this time?

Q    As you sit here today.

A    Yes.

Q    And what is the basis for your understanding of the Society of Young Women Scientists and Engineers LLC, as you sit here today?

MR. HIRONAKA:  I'll object.  Yeah, Fifth Amendment.

BY MR. ALLISON:

Q    Okay.  When did you first become aware of the Society of Young Women Scientists and Engineers LLC?

MR. HIRONAKA:  Same objection; Fifth Amendment.

///



Case 1:22-cv-00283-LEK-WRP    Document 312-18    Filed 03/03/26    Page 11 of 17
PageID.4254
TIFFANY J. LAM, Vol I on 05/29/2025                                                    Page 33
PACMAR TECHNOLOGIES LLC vs MARTIN KAO, et al.

BY MR. ALLISON:

Q    Okay.  As you sit here today, what is your role or position with the Society of Young Women Scientists and Engineers LLC?

MR. HIRONAKA:  Same objection.

BY MR. ALLISON:

Q    And so just to be clear, Ms. Lam, your attorney is making these Fifth Amendment objections. I understand that he's instructing you not to answer any of these questions.

MR. ALLISON:  Is that accurate?

MR. HIRONAKA:  That's correct.

BY MR. ALLISON:

Q    Ms. Lam, are you following your counsel's instructions and are you refusing to answer these questions?

A    Yes.

Q    Ms. Lam, did the Society of Young Women Scientists and Engineers ever have any employees?

MR. HIRONAKA:  Same objection.

BY MR. ALLISON:

Q    Are you going to follow your counsel's objection and refuse to answer that question?

A    Yes.

Q    Okay.  Ms. Lam, who is Laurie Bofman?

Case 1:22-cv-00283-LEK-WRP    Document 312-18    Filed 03/03/26    Page 12 of 17
PageID.4255

TIFFANY J. LAM, Vol I on 05/29/2025                                    Page 37
PACMAR TECHNOLOGIES LLC vs MARTIN KAO, et al.

Q    So Ms. Bofman gets hired to be Mr. Kao's executive assistant at the company for a short period of time, but other than that, you can't really tell me anything about when you met Ms. Bofman or what your relationship was before that, can you?

A    I don't remember.

Q    Was Ms. Bofman ever hired by the Society of Young Women Scientists and Engineers LLC?

MR. HIRONAKA:  I'm going to object on privilege.

Don't answer that, Tiffany.

MR. ALLISON:  So to be clear, it's a Fifth Amendment objection?

MR. HIRONAKA:  Correct.

MR. ALLISON:  So I'm just going to state on the record that it appears that there is essentially no factual question related to the society that I can ask that will not be met with a Fifth Amendment objection; is that accurate?

MR. HIRONAKA:  Correct.

MR. ALLISON:  So I'm going to move on from the topic of the society, political donations, 1820 PAC, basically anything and everything related to the society.  And I'll state for the record that it's prejudicial to the plaintiff and that the

PACMAR TECHNOLOGIES LLC vs MARTIN KAO, et al.

plaintiff reserves its rights to recall Ms. Lam at a future date if and when the Fifth Amendment privilege is lifted or the reasons for it are lifted, and/or at a time when the Court orders Ms. Lam to come back for her deposition or counsel agrees with parties' input that that will happen.

          MR. HIRONAKA:  Understood.

          MR. ALLISON:  And I think the same can be said for my questions about her efforts to respond to discovery, as well.

          MR. HIRONAKA:  Correct.

BY MR. ALLISON:

     Q     Ms. Lam, do you know who Clifford Chen is?

     A     Yes.

     Q     And who is he?  What's your understanding of who he is?

     A     He worked at the company.

     Q     Do you know or understand anything else about who he is or what he did?

     A     No.

     Q     So the entirety of your scope of understanding of Mr. Chen is that he worked at the company?

     A     Yes.

iDepo
Hawaii, LLC

TIFFANY J. LAM, Vol I on 05/29/2025
PACMAR TECHNOLOGIES LLC vs MARTIN KAO, et al.

you've met him?

A    I think I've met him.

Q    Okay.  And to the best of your recollection, when was the first time you met him?

A    I don't know.

Q    And beyond the fact that Mr. Lum Kee worked for the company, do you have any other understanding of who Mr. Lum Kee is or what his position or role with the company was?

A    I don't know.

Q    What about Mr. Duke Hartman; do you know who that is?

A    Yes.

Q    Who is it that you understand Mr. Hartman to be?

A    I think he worked with the company.

Q    And beyond knowing that Mr. Hartman worked for the company, do you know anything else about Mr. Hartman's role or position with the company or anything else about who he is or what he did?

A    I don't know.

Q    Did you ever communicate by E-mail or telephone call or any other method with Mr. Chen about the company's business?  And to be clear, by "the company," I'm referring to PacMar, Navatek or



TIFFANY J. LAM, Vol I on 05/29/2025    Page 42
PACMAR TECHNOLOGIES LLC vs MARTIN KAO, et al.

Martin Defense Group.

MR. HIRONAKA:  This one I'm going to object to on Fifth Amendment, as well, and instruct her not to answer.

BY MR. ALLISON:

Q    Okay.  Are you going to follow that instruction, Ms. Lam?

A    Yes.

Q    Same question with respect to Mr. Lum Kee:  Did you ever communicate by E-mail, verbally, telephone, or any other communication method with Mr. Lum Kee about the company's business?

MR. HIRONAKA:  Same objection; Fifth Amendment.

BY MR. ALLISON:

Q    Are you going to follow that objection; Ms. Lam?

A    Yes.

Q    And same question as to Mr. Hartman:  Did you ever communicate with him by E-mail, verbally, telephone or any other mode of communication about the company's business?

MR. HIRONAKA:  Same objection; Fifth Amendment.

///



BY MR. ALLISON:

Q    And will you follow your counsel's instruction and refuse to answer the question?

A    Yes.

Q    I've seen E-mails that you've either sent or received about the company's business.

My question is, Ms. Lam:  Who was your point of contact at the company when you would E-mail or communicate about company business?

MR. HIRONAKA:  I'm going to object.  It assumes facts not in evidence, but if you understand the question and you're able to answer.

THE DEPONENT:  (Deponent shook head from side to side.)

MR. HIRONAKA:  You don't understand the question?

THE DEPONENT:  I don't understand.

BY MR. ALLISON:

Q    Ms. Lam, did you ever send or receive E-mails relating to the company or its business?

MR. HIRONAKA:  And that I'll object. Fifth Amendment and instruct her not to answer.

BY MR. ALLISON:

Q    Are you going to follow your counsel's objection?

iDepo
Hawaii, LLC

TIFFANY J. LAM, Vol I on 05/29/2025    Page 44
PACMAR TECHNOLOGIES LLC vs MARTIN KAO, et al.

A    Yes.

MR. ALLISON:  Okay.  Can we go off the record for a few minutes.

(Whereupon, a discussion was held

off the record.)

MR. ALLISON:  Back on the record.

BY MR. ALLISON:

Q    Okay.  Ms. Lam, we went off the record for a second and counsel had a discussion about the deposition.  And what was agreed was that -- well, first, I'll say that I'm going to reiterate my objection from earlier.

I'll put on the record that plaintiff's position is that it's prejudiced by the blanket assertion of Fifth Amendment to broad topics. Plaintiff feels, I think justifiably so, that it essentially cannot ask or obtain answers to any questions on any substantive topics in this lawsuit, given the Fifth Amendment privileges.

Your counsel, sitting to your left, Randy, he just agreed that he will not object in the future to future efforts by plaintiff to redepose you if and when the basis for the Fifth Amendment privilege is lifted or is no longer a concern.

And so with that, I'm going to rest my

