IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC), | ) CASE NO. 1:22-cv-00283-LEK-WRP |
| | ) |
| | ) **MEMORANDUM IN SUPPORT** |
| | ) **OF MOTION** |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MARTIN KAO; TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| CLIFFORD CHEN, | ) |
| | ) |
| Cross-Claimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| MARTIN KAO, | ) |
| | ) |
| Cross-Claim Defendant. | ) |
| _____ | ) |

## MEMORANDUM IN SUPPORT OF MOTION

I.    INTRODUCTION

Plaintiff PacMar Technologies LLC ("PacMar") requests that this Court order that the guilty pleas, factual bases and criminal convictions against Defendants Martin Kao ("Kao") and Clifford Chen ("Chen") be pre-admitted into evidence, and that Kao and Chen are collaterally estopped from attempting to litigate facts and issues to which they have already pleaded, and been found guilty of, in their criminal cases. Entering such an order at this time is consistent with the law in the Ninth Circuit, and entering the same will streamline trial and is in the best interest of judicial efficiency and economy.

II.    APPLICABLE LAW – COLLATERAL ESTOPPEL

Ninth Circuit law holds not only that a criminal conviction based upon the same factual bases and issues is admissible, but further that the defendant is collaterally estopped from re-litigating the same issues in the civil case. *SEC v. Stein*, 906 F.3d 823 (9th Cir. 2018). In *Stein*, the Ninth Circuit Court of Appeals affirmed the district court's grant of Plaintiff SEC's motion for summary judgment ("MSJ") finding that the admission of the defendant's criminal conviction in the civil case was appropriate, and that the defendant was collaterally estopped from re-litigating issues that had been previously decided in the criminal trial. *Id.* at 829-830.

In the underlying civil action, *SEC v. Heart Tronics, Inc. et al.*, the district court reasoned that:

> Collateral estoppel is appropriate when (1) 'the issue at stake is identical to an issue raised in the prior litigation;' (2) 'the issue was actually litigated in the prior litigation'; and (3) 'the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.' Littlejohn v. United States, 321 F.3d 915, 923 (9th Cir. 2003). In the Ninth Circuit, the following criteria are used to analyze the collateral effect of a prior criminal conviction:
>
> (1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a full and fair trial to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior trial. Ayers v. City of Richmond, 895 F.2d 1267, 1271 (9th Cir. 1990).

*SEC v. Heart Tronics, Inc. et. al.*, 2015 WL 13343180, at *2 (C.D. Cal. Feb 18, 2015).

The individual defendant Stein ("Stein") was outside counsel for co-defendant Heart Tronics, Inc. ("Heart Tronics"). The Complaint alleged that between December 2005 and December 2008, Stein orchestrated a series of frauds designed to manipulate the price of Heart Tronics stock in order to profit from the sale of its securities to investors. In furtherance of this scheme, Stein allegedly submitted false and misleading filings to the SEC, concealed his ownership of

Heart Tronics stock through the use of brokerage accounts and blind trusts over
which Stein maintained control, and created false purchase orders, false change of
address notices, and false and misleading press releases in order to inflate the price
of stock. *Id.* at *1.

While the civil case was proceeding, a federal grand jury in the Southern
District of Florida returned a fourteen-count indictment charging Stein with crimes
based on the same conduct as alleged in the civil complaint. The civil trial court
stayed discovery pending resolution of the criminal matter. The criminal case went
to trial, and a guilty verdict was rendered against Stein on all fourteen counts.
Judgment was entered against Stein and he was sentenced to seventeen years in
custody. *Id.*

After he was convicted, the civil case resumed, and the SEC filed an MSJ
arguing that Stein was collaterally estopped from re-litigating the same issues as
the criminal case. *Id.* The district court held:

> While Stein correctly notes that only the identical issues
> necessarily decided in the criminal case may be given
> collateral effect, when a jury returns a general verdict a
> court may determine what was necessarily decided by the
> criminal judgment "upon an examination of the record,
> including the pleadings, the evidence submitted, [the jury
> instructions], and any opinions of the court." See <u>Emich
> Motors Corp. v. Gen. Motors Corp.</u>, 340 U.S. 558, 569
> (1951). Issues "essential to the verdict must be regarded
> as having been determined by the judgment." <u>Id.</u>

3

*Id.* at *3. The MSJ was granted and then affirmed by the Ninth Circuit: "[i]n sum, the issues the SEC seeks to preclude Stein from litigating in the civil action are identical to the issues litigated and decided in the DOJ's criminal case. Accordingly, the district court did not err in entering judgment based on the preclusive effect of Stein's conviction." *Stein*, 906 F.3d 823, 829 (9th Cir. 2018) (emphasis added).

The *Stein* case involved a criminal conviction through a jury trial. But, a trial conviction is not required for collateral estoppel to be applied in this context. Courts in the Ninth Circuit have held that a defendant's guilty plea is collateral estoppel in a civil case involving the same defendant and the same factual allegations and issues. *See*, *Ayers v. City of Richmond*, 895 F.2d 1267 (9th Cir. 1990) (applying collateral estoppel in a civil case precluding re-litigation of facts and issues in a criminal case); *In re Maggi*, 57 B.R. 446 (Bankr. D. Oregon 1985) (applying collateral estoppel based upon criminal guilty plea); *SEC v. Mogler*, 2020 WL 1065865 (D. Ariz. March 5, 2020) (applying collateral estoppel based upon defendant's guilty plea where he admitted the same facts which are the basis of the SEC's civil case).

Consistently, in *SEC v. Neman*, 2015 WL 127458082 (C.D. Cal. Dec. 8, 2015), the Court affirmed summary judgment based upon collateral estoppel of

4

guilty pleas entered in a criminal case against the same allegations in a civil case.

In affirming, the Court recited Plaintiff's cited authority:

> Plaintiff cites *Ivers v. United States*, 581 F.2d 1362, 1367 (9th Cir. 1978) to support its position. In *Ivers*, the Ninth Circuit held that it was proper for the district court to accept the party's previous guilty plea as an admission of each element of the crime charged, including the elements requiring knowledge and willfulness. *Id.* The court also held that in the civil suit "arising out of the same transaction and involving the same parties" as the criminal matter, the party was collaterally estopped from denying the facts established at the criminal trial through his guilty plea. *Id.*; *see also Hitachi Cable, Ltd.*, 547 F. Supp. at 641–43 (holding that collateral estoppel barred a party from denying that it bribed two individuals when it previously entered a guilty plea in a criminal matter admitting to facts establishing that it indeed bribed the individuals); *SEC v. Quinlan*, No. 02–60082, 2008 WL 4852904, at *5 (E.D. Mich. Nov. 7, 2008) (holding that even though the defendant did not plead guilty to securities fraud, collateral estoppel applied where the defendant's misrepresentation and securities fraud were essential to his criminal conviction and also constituted the basis for the civil action; in other words, collateral estoppel was appropriate where there was a "commonality of factual issues" between the civil and criminal cases), *aff'd*, 373 Fed.Appx. 581, No. 08–2619, 2010 WL 1565473 (6th Cir. April 21, 2010).

*Id.* at *7.

The Hawaii appellate courts have similarly applied collateral estoppel to bar

the re-litigation of issues determined by criminal convictions and guilty pleas in

civil cases. In *Tradewind Ins. Co., Ltd. v. Stout*, 85 Hawaii 177, 938 P.2d 1196

(1997), the Intermediate Court of Appeals ("ICA") affirmed the trial court's grant

5

of summary judgment in favor of plaintiff homeowner's insurer in a declaratory

judgment action. The ICA affirmed the application of collateral estoppel

preventing the re-litigation of the issue of intent to cause the death of the victim at

the hands of the insured homeowner even though the insurer was not a party to the

criminal proceeding. *Id.* at 188-189. The defendant in the underlying criminal case

was convicted of attempted second degree murder. *Id.* at 184.

III.    <u>LEGAL ANALYSIS</u>

According to Ninth Circuit law set forth above, this Court must analyze all

of the pleadings and related documents and information to determine whether Kao

and Chen's guilty pleas were based upon a "commonality of factual issues" and/or

were "arising out of the same transaction and involving the same parties" in the

civil action.

The operative document in this case is the Second Amended Complaint

("SAC") [Dkt. 97] filed on April 21, 2023 (a true and correct copy is attached

hereto as Exhibit 1). On page 4, paragraph 13 of SAC, the general bases for the

allegations against the defendants including Kao and Chen is set forth as: PPP

fraud and illegal campaign donations. Kao was indicted and pleaded guilty to PPP

fraud and both Kao and Chen were indicted and pleaded guilty to illegal campaign

donations in their criminal cases. As the facts and issues are common, arose out of

the same transaction, and involved the same parties, their convictions and the

factual bases for the same should be admitted into evidence, and Kao and Chen should be collaterally estopped from attempting to litigate these issues.

A.    Illegal Campaign Donations

In its SAC, PacMar alleges that Defendants, including Kao and Chen, committed fraud and conspired to make illegal campaign donations to 1820 PAC and members of Congress. [Exhibit 1, SAC at page 15, ¶61 through page 21, ¶92]. The SAC alleges that Kao and Chen fraudulently made illegal campaign donations by and through family members, family members of other defendants, and other fraudulently created entities including SYWSE. [Exhibit 1, SAC at page 15, ¶61 through page 21, ¶92]. Specifically, the SAC alleges that Defendants made, or arranged to make through conduits, 39 illegal political campaign contributions between May 2019 and December 2019 using at least $173,968 of funds stolen from PacMar. [Exhibit 1, SAC at page 67, ¶335]. The SAC also alleges that Kao and Chen orchestrated the illegal contribution of $150,000 to 1820 PAC using PacMar's money. [Exhibit 1, SAC at page 67, ¶335]

Kao and Chen were indicted for these same illegal contributions in the United States District Court for the District of Columbia in *US v. Martin Kao*, 22-cr-00048 (CJN) (hereinafter the "DC Case"). Exhibit 2 attached hereto is a true and correct copy of the Indictment [DC Case, Dkt. 1].

Exhibit 3 attached hereto is a true and correct copy of the Guilty Plea letter

from the Government to Kao dated August 10, 2022 [DC Case, Dkt. 33]. Exhibit 4 is a true and correct copy of the Statement of Offense in Support of Kao's Guilty Plea [DC Case , Dkt. 34] dated September 27, 2022. Both Exhibits 3 and Exhibit 4 set forth the factual bases upon which the Indictment and charges were made, and to which Kao and Chen decided to plead guilty to.

Notably, the factual statements conditioned on Kao's guilty plea included, among other things, that Kao ordered Chen and Defendant Lawrence Lum Kee ("Lum Kee") to use PacMar's money to make unlawful campaign contributions totaling at least $22,400.00. [Exhibit 4, ¶¶29-37]. The factual statements included in Kao's guilty plea also included that Kao, Chen, and Lum Kee "devised and executed a plan to create a shell company—SYWSE—through which to funnel an unlawful contribution of $150,000 of [PacMar's] federal contractor funds to [1820 PAC], as follows." [Exhibit 4, ¶38]. Exhibit 5 is a true and correct copy of the Judgment [Dkt. 101, DC Case] filed October 23, 2025.

Chen also pleaded guilty to campaign contribution crimes in the DC Case. Attached hereto as Exhibit 9 is a copy of Chen's Plea Agreement [Dkt. 54], which expressly references the Statement of Offense in Support of Guilty Plea [Dkt. 55], which is also attached as Exhibit 10. Chen accepted the Plea Agreement and attached factual statement, and Judgment [Dkt. 80] was entered against him. [Exhibit 11].

8

Kao and Chen pleaded guilty to the same facts that are in common and arise out of the same transaction as both the DC Case and the civil case herein. Notably, Kao and SYWSE admit in their Pretrial Statement that "Mr. Kao and SYWSE do not dispute Mr. Kao's criminal conviction and will not dispute specific campaign contributions made." *PacMar Technologies LLC*, Dkt. 309, p. 2. As such, the factual bases, guilty pleas and conviction should be admitted into evidence, and Kao and Chen should be collaterally estopped from attempting to re-litigate these facts and issues.

B.     PPP Fraud

In its SAC, PacMar alleges that Defendants, including Kao and Chen, committed fraud and conspired by applying for, receiving and mis-using Paycheck Protection Program ("PPP") monies from the federal government. [Exhibit 1, SAC at page 32, ¶149 through page 54, ¶268].

Kao was indicted for these same alleged illegal fraud and conspiracies in applying for, receiving, and mis-using PPP monies from the federal government in the United States District Court for the District of Hawaii in *US v. Martin Kao*, 21-cr-00061 (LEK) (hereinafter the "HI Crim. Case"). Exhibit 6 attached hereto is a true and correct copy of the Indictment [HI Crim. Case, Dkt. 31] filed on May 6, 2021.

Exhibit 7 attached hereto is a true and correct copy of the Guilty Plea letter

dated September 6, 2022 [HI Crim. Case, Dkt. 102]. Exhibit 8 is a true and correct copy of the Amended Judgment [HI Crim. Case, Dkt. 153] filed on February 24, 2025.

Exhibit 7 sets forth the factual bases upon which Kao pleaded guilty in the HI Crim. Case which are the same facts and issues in common with and which arise out of the same transaction as those alleged in the SAC herein. As such, the Court should admit the factual bases, guilty pleas, and convictions, and collaterally estop Kao from attempting to re-litigate the facts and issues to which he already pleaded guilty.

IV.    CONCLUSION

For the foregoing reasons, PacMar respectfully requests that the Court grant this Motion, and for such other and further relief as this Court deems just and proper under the circumstances.

DATED:  Honolulu, Hawaii, March 12, 2026.

> /s/ Lyle S. Hosoda
> CRYSTAL K. ROSE
> GRANT FASI ALLISON
> LYLE S. HOSODA
>
> Attorneys for Plaintiff
> PACMAR TECHNOLOGIES LLC
> (f/k/a MARTIN DEFENSE GROUP, LLC)