IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PACMAR TECHNOLOGES LLC (f/k/a MARTIN DEFENSE GROUP, LLC),<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN KAO; TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC,<br><br>Defendants.<br>_____<br>CLIFFORD CHEN,<br><br>Cross-Claimant,<br><br>vs.<br><br>MARTIN KAO,<br><br>Cross-Claim Defendant.<br>_____ | Case 1:22-cv-00283-LEK WRP<br><br>DECLARATION OF KEITH S. KIUCHI; EXHIBITS "1" – "9" |

**DECLARATION OF KEITH S. KIUCHI**

I, KEITH S. KIUCHI, hereby declare as follows:

1.    I am an attorney licensed to practice law in the State of Hawai'i. I represented Defendant Martin Kao ("Kao") in the arbitration proceedings titled

*Navatek Capital Inc., individually and derivatively on behalf of Nominal Defendant Martin Defense Group, LLC, f/k/a Navatek LLC v. Martin Kao*, Civil No. 1CCV-20-0001511 (the "Arbitration"), conducted before Dispute Prevention & Resolution, Inc., with Jerry M. Hiatt serving as Arbitrator. I also represent Kao in Hawaii appellate proceedings, Civil Nos. CAAP-22-0000364 and SCWC-22-0000364.

2.      I make this Declaration in support of Defendant Tiffany Jennifer Lam's ("Lam") Motion for Summary Judgment. I have personal knowledge of the facts stated herein based on my representation of Kao in the Arbitation, *Navatek Capital Inc. v. Martin Kao*, Civil No. 1CCV-20-0001511 ("*Navatek v. Kao*"), and the above-referenced appellate proceedings. I have reviewed the Arbitration documents produced by Plaintiff in this case, including the exhibits attached hereto, and can attest that they are copies of the same documents filed and/or entered in the Arbitration.

3.      Attached as Exhibit "1" is a true and correct copy of the Demand for Arbitration filed by Navatek Capital Inc. ("NCI"), individually and derivatively on behalf of Martin Defense Group, LLC, f/k/a Navatek LLC and now known as PacMar Technologies LLC (the "Company" or "PacMar"), against Martin Kao on or about May 4, 2021. I was served a copy of this document in my capacity as counsel for Kao in the Arbitration.

2

4. Attached as Exhibit "2" is a true and correct copy of the Crossclaim filed by the Company against Kao on or about May 19, 2021, in the Arbitration. I was served a copy of this document in my capacity as counsel for Kao in the Arbitration.

5. Attached as Exhibit "3" is a true and correct copy of the Arbitration Award dated November 23, 2021 ("Award"), issued by Arbitrator Jerry M. Hiatt. The Award is a 100-page written decision resolving all claims between NCI, the Company, and Kao. I was served a copy of this document in my capacity as counsel for Kao in the Arbitration.

6. Attached hereto as Exhibit "4" are (i) Findings of Fact, Conclusions of Law And Order Granting Plaintiff Navatek Capital Inc., Individually and Derivatively on Behalf Of Nominal Defendant Martin Defense Group, LLC, FKA Navatek LLC's Motion To Confirm Arbitration Award, and (ii) Findings of Fact, Conclusions of Law, and Order Granting Plaintiff Nominal Defendant Martin Defense Group, LLC, FKA Navatek LLC's Joinder to Plaintiff Navatek Capital Inc., Individually and Derivatively on Behalf of Nominal Defendant Martin Defense Group, LLC, FKA Navatek LLC's Motion to Confirm Arbitration Award, filed on April 27, 2022, collectively " Confirming Orders". *Navatek v. Kao*, Dkts. 439, 441.

7. A Final Judgment Confirming Arbitration Award was filed by the Hawaii Circuit Court on April 28, 2022. *Navatek v. Kao*, Dkt. 452.

8.    Attached as Exhibit 5 are true and correct copies of excerpts of Claimant Navatek Capital Inc.'s Post-Arbitration Brief; Appendices "A"–"F," filed in the Arbitration. I was served a copy of this document in my capacity as counsel for Kao in the Arbitration.

9.    Attached as Exhibit 6 are true and correct copies of excerpts of Martin Defense Group, LLC, fka Navatek LLC's Post-Arbitration Brief; Appendices 1-2," filed in the Arbitration. I was served a copy of this document in my capacity as counsel for Kao in the Arbitration.

10.    Attached as Exhibit "7" is a true and correct copy of the damages exhibit (Exhibit MDG-225) from the Arbitration, which itemized the special damages claimed by the Company and NCI. This exhibit was offered and received into evidence during the Arbitration. I received a copy of this document in my capacity as counsel for Kao in the Arbitration.

11.    Kao filed a Motion to Vacate the Arbitration Award ("Motion to Vacate"), which was denied by the Hawaii Circuit Court. *Navatek v. Kao*, Dkt. 437.

12.    On May 27, 2022, Kao appealed the Hawaii Circuit Court's denial of his Motion to Vacate and the Confirming Orders ("Kao's Appeal"). CAAP-22-0000364.

13.    On July 29, 2025, the Hawaii Intermediate Court of Appeals ("ICA")
entered its Summary Disposition Order regarding Kao's Appeal, a true and correct
copy of which is attached hereto as Exhibit "8."

14.    The ICA affirmed in part and vacated in part the Confirming Orders
and remanded the case back to the Hawaii Circuit Court to enter Findings of Facts
and Conclusions of Law regarding its rationale for rejecting certain arguments raised
in Kao's Motion to Vacate. The remand proceedings are pending before the
Honorable Karin Holma.

15.    On December 23, 2025, the Hawaii Supreme Court accepted Kao's
Application for Writ of Certiorari ("Application"), a copy of which is attached hereto
as Exhibit "9." SCWC-22-0000364.

16.    Oral argument on the Application before the Hawaii Supreme Court is
scheduled for May 12, 2026 at 2:00 p.m.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawai'i, March 30, 2026.

/s/ Keith S. Kiuchi
KEITH S. KIUCHI