# EXHIBIT "4"

KOBAYASHI SUGITA & GODA, LLP
DAVID M. LOUIE                          2162
JESSE W. SCHIEL                         7995
NICHOLAS R. MONLUX                      9309
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawai'i 96813
Telephone: (808) 535-5700
Facsimile: (808) 535-5799
Email: dml@ksglaw.com; jws@ksglaw.com; nrm@ksglaw.com

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-20-0001511**
**27-APR-2022**
**08:23 AM**
**Dkt. 439 FOF**

Attorneys for Plaintiff
NAVATEK CAPITAL INC., individually and derivatively
on behalf of Nominal Defendant MARTIN DEFENSE
GROUP, LLC, fka NAVATEK LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| NAVATEK CAPITAL INC, individually and derivatively on behalf of Nominal Defendant MARTIN DEFENSE GROUP, LLC, fka NAVATEK LLC<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN KAO; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-5; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10,<br><br>Defendants,<br><br>and<br><br>MARTIN DEFENSE GROUP, LLC, fka NAVATEK LLC<br><br>Nominal Defendant. | CIVIL NO. 1CCV-20-0001511 GWBC (Contract)<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING PLAINTIFF NAVATEK CAPITAL INC., INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF NOMINAL DEFENDANT MARTIN DEFENSE GROUP, LLC, FKA NAVATEK LLC'S **MOTION TO CONFIRM ARBITRATION AWARD**<br><br>**Hearing**<br>Date:  January 11, 2022<br>Time:  1:30 p.m.<br>Judge: Honorable Gary W.B. Chang<br><br><br>No Trial Date Set |

**PLEASE NOTE CHANGES**

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING
PLAINTIFF NAVATEK CAPITAL INC., INDIVIDUALLY AND
DERIVATIVELY ON BEHALF OF NOMINAL DEFENDANT
MARTIN DEFENSE GROUP, LLC, fka NAVATEK LLC'S
<u>MOTION TO CONFIRM ARBITRATION AWARD</u>**

Plaintiff NAVATEK CAPITAL, INC., individually and derivatively on behalf of

Nominal Defendant MARTIN DEFENSE GROUP, LLC, fka NAVATEK LLC's ("**NCI**"),

Motion to Confirm Arbitration Award ("**Motion to Confirm**") came on for hearing before the

Honorable Gary W.B. Chang on January 11, 2022 at 1:30 p.m..  David M. Louie, Jesse W.

Schiel, and Nick R. Monlux appeared on behalf of NCI, Keith M. Kiuchi and Michael A. Ozaki

appeared on behalf of Defendant MARTIN KAO ("**Kao**"), and Douglas S. Chin, Vernon Y.T.

Woo, Peter Starn, and Eric Robinson appeared on behalf of Defendant MARTIN DEFENSE

GROUP, LLC, fka NAVATEK LLC ("**MDG**").

The Court, having heard arguments of counsel, having reviewed NCI's Motion to

Confirm, MDG's Joinder to the Motion to Confirm filed herein on December 9, 2021 ("**MDG's

Joinder**"), Kao's Memorandum in Opposition to the Motion to Confirm and MDG's Joinder

filed herein on January 3, 2022 ("**Kao's MIO**"), NCI's Reply Memorandum in Support of the

Motion to Confirm filed herein on January 6, 2022, MDG's Reply Memorandum in Support of

the Motion to Confirm and MDG's Joinder filed herein on January 6, 2022 (collectively, the

"**Pleadings**"), and the affidavits, exhibits and other evidence submitted by each of the parties

hereto, and good cause appearing therefore, makes the following Findings of Fact, Conclusions

of Law, and issues this Order GRANTING NCI's Motion to Confirm as follows:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court finds the following facts, and in applying the applicable law to such factual

findings, makes the following conclusions of law.  To the extent that any findings of fact as

2

stated may also be deemed to be conclusions of law, they shall also be considered conclusions of law; similarly, to the extent that any conclusions of law as stated may be deemed findings of fact, they shall also be considered finds of fact.

## FINDINGS OF FACT

1.      On November 9, 2020, NCI filed the underlying Complaint herein against defendant Kao and nominal defendant MDG.

2.      On March 30, 2021 NCI, Kao, and MDG entered into a "Stipulation And Order To (1) Refer Matter To Voluntary Settlement Conference; And (2) Stay Proceedings Pending Alternative Dispute Resolution", which stipulation was entered herein on April 1, 2021 (the "**First Stipulation**").

3.      The First Stipulation stated as follows: "If the Parties are unable to fully resolve all of their claims at such settlement conference, the Parties shall submit any and all claims asserted in the Complaint and/or Crossclaim and any affirmative defenses and/or counterclaims to binding arbitration pursuant to section 12.22 of the Operating Agreement."

4.      On May 4, 2021, NCI submitted a Demand for Arbitration with Dispute Prevention & Resolution (the "**Arbitration**"), which demand was attached as Exhibit "B" to the Motion to Confirm ("**NCI's Arbitration Demand**").

5.      On May 19, 2021, MDG filed a Counterclaim against NCI and a Cross-Claim against Defendant Kao in the Arbitration, which was attached as Exhibit "C" to the Motion to Confirm ("**MDG's Counterclaim and Cross Claim**").

6.      On May 19, 2021, Kao filed a Counterclaim against NCI and a Cross-Claim against MDG in the Arbitration ("**Kao's Counterclaim**" and "**Kao's Cross-Claim**", and,

collectively the NCI's Arbitration Demand and MDG's Counterclaim and Cross-Claim, the "**Arbitration Claims**").

7.    By agreement of NCI, MDG, and Kao, Jerry M. Hiatt (the "**Arbitrator**") was duly appointed to serve as the Arbitrator for the Arbitration to decide the parties' Arbitration Claims.

8.    The Arbitration hearing was held, via Zoom, on September 27, 28, 29, 30, and October 1, 5, and 7 (the "**Hearing**").

9.    The Arbitrator heard seven days of testimony from approximately fifteen witnesses and received hundreds of exhibits.

10.    On November 23, 2021, the Arbitrator issued his final award in the Arbitration (the "**Final Award**") concerning the parties' Arbitration Claims, which Final Award was attached to the Motion to Confirm but filed under seal as Exhibits "E"[1] (redacted) and "F" (unredacted), respectively.

11.    Among other rulings, the Arbitrator's Final Award concluded that Kao was dissociated from MDG effective as of the date of the Final Award.

12.    The Arbitrator's Final Award included a monetary Total Final Award of $9,532,109.82 against Kao.

13.    The Arbitrator's Final Award also applied credits in favor of Kao for the value of his Capital Account with MDG and setoffs, reducing the Total Final Award by the amount of $3,406,328.02.

---

[1] Pursuant to the Court's December 8, 2021 Order Granting Part and Denying in Part NCI's Ex Parte Motion to File Exhibit "E" & "F" to the Motion to Confirm under Seal, the redacted Final Award (Exhibit "E") was filed herein on December 9, 2021.

14.    The Arbitrator's **"Total Final Award Still Due"** from Kao to MDG totaled $6,125,781.80.

15.    In addition, the Arbitrator's Final Award awarded prejudgment interest in favor of MDG and against Kao at the statutory rate of ten percent (10%) on the $6,125,781.80 Total Final Award Still Due based on the Arbitrator's findings and Mr. Kao's pattern of conduct and fraud (**"Prejudgment Interest"**), commencing as of the date of entry of the Final Award.

16.    It is undisputed that the Final Award was made in good faith by the Arbitrator.

17.    At the January 11, 2022 hearing on the Motion to Confirm, this Court took the motion under advisement and stated that it will issue its decision and order on the Motion to Confirm on February 21, 2022 or on the date the Court disposes of any timely filed motion to vacate the Final Award, *whichever is later*.

18.    On February 18, 2022, Kao timely filed "DEFENDANT/ RESPONDENT MARTIN KAO'S MOTION TO VACATE ARBITRATION AWARD" (**"Kao's Motion to Vacate"**).

19.    No other motions to vacate, modify, or correct the Final Award were timely filed by any of the parties.

20.    On April 27, 2022, this Court entered an order denying Kao's Motion to Vacate.

### CONCLUSIONS OF LAW

1.    Section 658A-22 of the Hawaii Revised Statutes governs orders confirming arbitration awards, and provides as follows:

> After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.

5

**PLEASE NOTE CHANGES**

2.      In deciding the Motion to Confirm, this Court does not weigh the merits of the Final Award.

3.      The Court, having already denied Kao's Motion to Vacate, concludes that there is no basis to modify, correct, or vacate the Final Award under Hawaii law.

4.      The Court concludes that the Final Award, having been made in good faith by the Arbitrator, and there being no basis to modify, correct or vacate the Final Award, is binding and conclusive upon the parties.

5.      HRS Section 658A-25(a) governs final judgments in conformity with orders confirming arbitration awards and provides that "[u]pon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court *shall* enter a judgment in conformity therewith. The judgment may be recorded, docketed, and enforced as any other judgment in a civil action."

**ORDER**

Based on the Court's Findings of Fact and Conclusions of Law, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.      The Motion to Confirm is GRANTED and the Final Award is confirmed.

2.      This Court expressly directs that, pursuant to HRS Section 658A-25(a), judgment shall be entered on the Final Award in conformity therewith, which shall include: (a) confirmation that Martin Kao was dissociated from MDG effective as of November 23, 2021, the date of the Final Award; and (b) a monetary judgment in the amount of $6,125,781.80 in favor of MDG, and against Martin Kao, with prejudgment interest thereon in favor of MDG commencing from the date of the Final Award.

6

DATED: Honolulu, Hawaii, _____April 27_____, 2022.


/s/  Gary W. B. Chang

_____

JUDGE OF THE ABOVE-ENTITLED COURT

_____

*NAVATEK CAPITAL INC, individually and derivatively on behalf of Nominal Defendant*
*MARTIN DEFENSE GROUP, LLC, fka NAVATEK LLC vs. MARTIN KAO, et al. and MARTIN*
*DEFENSE GROUP, LLC, fka NAVATEK LLC; Civil No. CCV-20-0001511 GWBC;* FINDINGS
OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING PLAINTIFF NAVATEK
CAPITAL INC., INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF NOMINAL
DEFENDANT MARTIN DEFENSE GROUP, LLC, FKA NAVATEK LLC'S MOTION TO
CONFIRM ARBITRATION AWARD

STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

PETER STARN                                1246-0
DOUGLAS S. CHIN                            6465-0
ROBERT J. BROWN                           10174-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 1900
Honolulu, Hawaiʻi 96813
Telephone:  (808) 537-6100
E-mail: pstarn@starnlaw.com
          dchin@starnlaw.com
          rbrown@starnlaw.com

VERNON Y.T. WOO                            910-0
City Financial Tower
201 Merchant Street, Suite 2302
Honolulu, Hawaiʻi 96813
Telephone:  (808) 537-6100
E-mail:  hawaiilawyerwoo@gmail.com

Attorneys for Nominal Defendant
MARTIN DEFENSE GROUP, LLC, fka
NAVATEK LLC

**Electronically Filed
FIRST CIRCUIT
1CCV-20-0001511
27-APR-2022
08:29 AM
Dkt. 441 FOF**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| NAVATEK CAPITAL INC., individually and derivatively on behalf of Nominal Defendant MARTIN DEFENSE GROUP, LLC, fka NAVATEK LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN KAO; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-5; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10,<br><br>Defendants,<br><br>and | CIVIL NO. 1CCV-20-0001511<br>(Contract)<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTIFF NOMINAL DEFENDANT MARTIN DEFENSE GROUP, LLC, FKA NAVATEK LLC'S **JOINDER TO** PLAINTIFF NAVATEK CAPITAL INC., INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF NOMINAL DEFENDANT MARTIN DEFENSE GROUP, LLC, FKA NAVATEK LLC'S **MOTION TO CONFIRM ARBITRATION AWARD**, FILED ON DECEMBER 7, 2021 [DKT. 252], FILED ON DECEMBER 9, 2021 [DKT. 267] |

2569910_3                    **PLEASE NOTE CHANGES**

| MARTIN DEFENSE GROUP, LLC, fka NAVATEK LLC, | **Hearing:** |
| Nominal Defendant. | Date:  January 11, 2022<br>Time:  1:30 p.m.<br>Judge:  Honorable Gary W.B. Chang<br><br>[No Trial Date Set] |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTIFF NOMINAL DEFENDANT MARTIN DEFENSE GROUP, LLC, FKA NAVATEK LLC'S JOINDER TO PLAINTIFF NAVATEK CAPITAL INC., INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF NOMINAL DEFENDANT MARTIN DEFENSE GROUP, LLC, FKA NAVATEK LLC'S MOTION TO CONFIRM ARBITRATION AWARD, FILED ON DECEMBER 7, 2021 [DKT. 252], FILED ON DECEMBER 9, 2021 [DKT. 267]**

Plaintiff NAVATEK CAPITAL INC., individually and derivatively on behalf of Nominal Defendant MARTIN DEFENSE GROUP, fka NAVATEK LLC (*NCI*)'s, Motion to Confirm Arbitration Award, filed on December 7, 2021 [Dkt. 252] (*Motion to Confirm*) and Nominal Defendant MARTIN DEFENSE GROUP, LLC, fka NAVATEK LLC'S (*MDG*)'s Joinder, filed on December 9, 2021 [Dkt. 267] (*Joinder*), came on for remote hearing on Tuesday, January 11, 2022 at 1:30 p.m. before the Honorable Gary W.B. Chang via Zoom videoconferencing. Peter Starn, Esq., Douglas S. Chin, Esq., Vernon Y.T. Woo, Esq., and Eric S. Robinson, Esq. appeared on behalf of MDG. David M. Louie, Esq., Jesse W. Schiel, Esq., and Nicholas R. Monlux, Esq. appeared on behalf of Plaintiff NCI. Keith Kiuchi, Esq. and Michel A. Okazaki, Esq. appeared on behalf of Defendant MARTIN KAO (*Mr. Kao*).

The Court having reviewed NCI's Motion to Confirm, MDG's Joinder, Mr. Kao's Memorandum in Opposition to the Motion to Confirm and MDG's Joinder (*MIO*), filed on January 3, 2022 [Dkt. 279], NCI's Reply Memorandum in Support of the Motion to Confirm (*NCI Reply*), filed on January 6, 2022 [Dkt. 283], MDG's Reply Memorandum in Support of the Motion to Confirm and MDG's Joinder (*MDG Reply*), filed on January 6, 2022 [Dkt. 281], and the affidavits,

exhibits, and other evidence submitted by each of the parties hereto (collectively, the *Submissions*), and good cause appearing therefore, makes the following Findings of Fact, Conclusions of Law, and issues this Order Granting NCI's Motion to Confirm and MDG's Joinder as follows:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court finds the following facts, and in applying the applicable law to such factual findings, makes the following conclusions of law. To the extent that any findings of fact as stated may also be deemed to be conclusions of law, they shall also be considered conclusions of law; similarly, to the extent that any conclusions of law as stated may be deemed findings of fact, they shall also be considered finds of fact.

### FINDINGS OF FACT

1.     On November 9, 2020, NCI filed the underlying Complaint [Dkt. 1] against Mr. Kao and MDG.

2.     On March 30, 2021, NCI, Mr. Kao, and MDG entered into a "Stipulation And Order To (1) Refer Matter To Voluntary Settlement Conference; And (2) Stay Proceedings Pending Alternative Dispute Resolution" on April 1, 2021 [Dkt. 179] (*Stipulation*).

3.     The Stipulation provided: "If the Parties are unable to fully resolve all of their claims at such settlement conference, the Parties shall submit any and all claims asserted in the Complaint and/or Crossclaim and any affirmative defenses and/or counterclaims to binding arbitration pursuant to section 12.22 of the Operating Agreement.

4.     On May 4, 2021, NCI submitted a Demand for Arbitration (*Arbitration Demand*), which was attached as Exhibit "B" to NCI's Motion to Confirm, with Dispute Prevention & Resolution, initiating arbitration (*Arbitration*).

3

5.      On May 19, 2021, MDG filed a Counterclaim against NCI and a Crossclaim against Mr. Kao in the Arbitration (***MDG's Counterclaim and Crossclaim***), which was attached as Exhibit "C" to the Motion to Confirm.

6.      On May 19, 2021, Mr. Kao filed a Counterclaim against NCI and a Crossclaim against MDG in the Arbitration (***Mr. Kao's Counterclaim and Crossclaim***, and, collectively with NCI's Arbitration Demand and MDG's Counterclaim and Crossclaim, the ***Arbitration Claims***).

7.      By agreement of the Parties, Jerry M. Hiatt, Esq. (***Arbitrator***) was duly appointed to serve as the arbitrator for the Arbitration to decide the Arbitration Claims.

8.      The Arbitration hearing was held, via Zoom, on September 27, 28, 29, 30, and October 1, 5, and 7, 2021 (***Hearing***).

9.      The Arbitrator heard seven days of testimony from approximately fifteen witness and received hundreds of exhibits.

10.     On November 23, 2021, the Arbitrator issued his final award in the Arbitration (the ***Final Award***) concerning the parties' Arbitration Claims, which Final Award was attached to the Motion to Confirm but filed under seal as Exhibits "E"[1] (redacted) and "F" (unredacted), respectively.

11.     Among other rulings, the Arbitrator's Final Award concluded that Mr. Kao was dissociated from MDG, effective as of the date of the Final Award.

12.     The Arbitrator's Final Award included a monetary Total Final Award of $9,532,109.82 against Mr. Kao.

---

[1] Pursuant to the Court's December 8, 2021 Order Granting Part and Denying in Part NCI's *Ex Parte* Motion to File Exhibit "E" & "F" to the Motion to Confirm under Seal, the redacted Final Award (Exhibit "E") was filed herein on December 9, 2021.

13.     The Arbitrator's Final Award also applied credits in favor of Mr. Kao for the value of his Capital Account with MDG and setoffs, reducing the Total Final Award by the amount of $3,406,328.02.

14.     The Arbitrator found that after applying credits in favor of Mr. Kao for the value of his Capital Account with MDG and setoffs, the amount of the Total Final Award still due from Mr. Kao to MDG totaled $6,125,781.80 (***Total Final Award Still Due***).

15.     In addition, the Arbitrator's Final Award awarded prejudgment interest in favor of MDG and against Mr. Kao at the statutory rate of ten percent (10%) on the $6,125,781.80 Total Final Award Still Due based on the Arbitrator's findings and Mr. Kao's pattern of conduct and fraud (***Prejudgment Interest***), commencing as of the date of entry of the Final Award.

16.     It is undisputed that the Final Award was made in good faith by the Arbitrator.

17.     At the January 11, 2022 hearing on the Motion to Confirm, this Court took the motion under advisement and stated that it will issue its decision and order on the Motion to Confirm on February 21, 2022 or on the date the Court disposes of any timely filed motion to vacate the Final Award, *whichever is later*.

18.     On February 18, 2022, 2022, Kao timely filed "DEFENDANT/ RESPONDENT MARTIN KAO'S MOTION TO VACATE ARBITRATION AWARD" (***Mr. Kao's Motion to Vacate***).

19.     No other motions to vacate, modify, or correct the Final Award were timely filed by any of the parties.

20.     On April 27, 2022, this Court entered an order denying Mr. Kao's Motion to Vacate.

5

**PLEASE NOTE CHANGES**

## CONCLUSIONS OF LAW

1.      Section 658A-22 of the Hawaii Revised Statutes governs orders confirming arbitration awards, and provides as follows:

> After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.

2.      In deciding the Motion to Confirm, this Court does not weigh the merits of the Final Award.

3.      The Court, having already denied Mr. Kao's Motion to Vacate, concludes that there is no basis to modify, correct, or vacate the Final Award under Hawaii law.

4.      The Court concludes that the Final Award, having been made in good faith by the Arbitrator, and there being no basis to modify, correct or vacate the Final Award, is binding and conclusive upon the Parties.

5.      HRS Section 658A-25(a) governs final judgments in conformity with orders confirming arbitration awards and provides that "[u]pon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court *shall* enter a judgment in conformity therewith. The judgment may be recorded, docketed, and enforced as any other judgment in a civil action."

6.      MDG's Joinder to NCI's Motion to Confirm is proper.

## ORDER

Based on the Court's Findings of Fact and Conclusions of Law, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.      The Motion to Confirm is GRANTED and the Final Award is confirmed.

2.      MDG's Joinder is GRANTED.

6

3.      This Court expressly directs that, pursuant to HRS Section 658A-25(a), judgment

shall be entered on the Final Award in conformity therewith, which shall include: (a) confirmation

that Martin Kao was dissociated from MDG effective as of November 23, 2021, the date of the

Final Award; and (b) a monetary judgment in the amount of $6,125,781.80 in favor of MDG, and

against Martin Kao, with prejudgment interest thereon in favor of MDG commencing from the

date of the Final Award.

**April 27, 2022**

DATED:  Honolulu, Hawai'i, _____.

/s/  Gary W. B. Chang

_____
JUDGE OF THE ABOVE-ENTITLED COURT

---

*Navatek Capital Inc. vs. Martin Kao, et al.*; Civil No. 1CCV-20-0001511; FINDINGS OF
FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTIFF NOMINAL
DEFENDANT MARTIN DEFENSE GROUP, LLC, FKA NAVATEK LLC'S JOINDER TO
PLAINTIFF NAVATEK CAPITAL INC., INDIVIDUALLY AND DERIVATIVELY ON
BEHALF OF NOMINAL DEFENDANT MARTIN DEFENSE GROUP, LLC, FKA
NAVATEK LLC'S MOTION TO CONFIRM ARBITRATION AWARD, FILED ON
DECEMBER 7, 2021, [DKT. 252]