# EXHIBIT "8"

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000364**
**29-JUL-2025**
**08:32 AM**
**Dkt. 75 SO**

NO. CAAP-22-0000364

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NAVATEK CAPITAL INC., individually and derivatively on
behalf of Nominal Defendant MARTIN DEFENSE GROUP, LLC,
fka NAVATEK LLC, Plaintiff-Appellee,
v.
MARTIN KAO, Defendant/Cross-claim Defendant-Appellant,
MARTIN DEFENSE GROUP, LLC, fka NAVATEK LLC,
Nominal Defendant/Cross-claimant-Appellee, and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-5;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-10, Defendants,
JOHN DOES 11-20, JANE DOES 11-20, DOE PARTNERSHIPS 6-10,
DOE CORPORATIONS 11-20, and DOE ENTITIES 11-20,
Cross-claim Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-20-0001511)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, McCullen and Guidry, JJ.)

Defendant/Cross-claim Defendant-Appellant, Martin Kao

(**Kao**), appeals from the Circuit Court of the First Circuit's

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

(**circuit court**)[1]: (1) April 27, 2022 "Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)] and Order Granting Plaintiff[-Appellee] Navatek Capital Inc., [(**Navatek**)] Individually and Derivatively on Behalf of Nominal Defendant Martin Defense Group, LLC, fka Navatek LLC's [(**MDG**)] Motion to Confirm Arbitration Award" (**Order Confirming Award**); (2) April 27, 2022 "[FOFs], [COLs], and Order Granting [MDG]'s Joinder to [Navatek's] Motion to Confirm Arbitration Award, Filed on December 7, 2021 [DKT. 252], Filed on December 9, 2021 [DKT. 267]" (**Order Granting Joinder**); (3) April 27, 2022 "Order Denying [Kao's] Motion to Vacate Arbitration Award" (**Order Denying Motion to Vacate**); and (4) April 28, 2022 "Final Judgment Confirming Arbitration Award" (**Final Judgment**).

This matter arises out of an arbitration between Navatek, MDG,[2] and Kao, in September and October of 2021, that resulted in the issuance of a Final Award in favor of Navatek and MDG.  The Final Award, inter alia, awarded $4,537,610.80 in punitive damages to MDG.  Navatek filed a motion in circuit court to confirm the Final Award; Kao moved to vacate the Final Award.  After hearing the motions, the circuit court denied

---

[1]     The Honorable Gary W.B. Chang presided.

[2]     MDG is a nominal defendant-appellee in this matter.

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

Kao's motion to vacate, granted Navatek's motion to confirm, and entered the Final Judgment.  This appeal followed.

On appeal, Kao raises three points of error, contending that the circuit court erred in: (1) denying Kao's motion to vacate the Final Award; (2) granting Navatek's motion to confirm the Final Award; and (3) entering COLs 3 and 4[3] in its Order Confirming Award and Order Granting Joinder.

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kao's points of error as follows:

"We review the [circuit] court's ruling on [the] arbitration award *de novo*," but are mindful that the circuit court's review "is confined to the strictest possible limits and [the] [circuit] court may only vacate an award on the grounds specified in [Hawaii Revised Statutes (**HRS**)] § 658A-23[(2016)]."  Tatibouet v. Ellsworth, 99 Hawai'i 226, 233, 54 P.3d

---

[3]     COLs 3 and 4 state:

> 3.    The [circuit c]ourt, having already denied Kao's Motion to Vacate, concludes that there is no basis to modify, correct, or vacate the Final Award under Hawaii law.
> 4.    The [circuit c]ourt concludes that the Final Award, having been made in good faith by the Arbitrator, and there being no basis to modify, correct[,] or vacate the Final Award, is binding and conclusive upon the parties.

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

397, 404 (2002) (citation omitted); Haw. State Tchrs. Ass'n v. State Dep't of Educ., 140 Hawai'i 381, 391, 400 P.3d 582, 592 (2017) (cleaned up).

"The scope of an arbitrator's authority is determined by [the] agreement [between] the parties." State Org. of Police Officers (SHOPO) v. Cnty. of Kaua'i, 134 Hawai'i 155, 159, 338 P.3d 1170, 1174 (App. 2014) (citation omitted).  The Agreement to Participate in Binding Arbitration states that the parties "agree to follow and abide by the [Dispute Prevention & Resolution, Inc.] Arbitration Rules, Procedures & Protocols [(**DPR Rules**)]" and that, absent an agreement that states otherwise,[4] the Arbitrator "may grant any and all remedies that the Arbitrator determines to be just and appropriate under the law."  The DPR Rules provide that the Arbitrator "may award punitive damages . . . if the conditions of [HRS § 658A-21 (2016)] are met.

"[W]henever material facts are in dispute in determining whether an arbitration award should be vacated, the circuit court should conduct an evidentiary hearing and render [FOFs] and [COLs] in support of granting or denying the motion to vacate the arbitration award." Clawson v. Habilitat, Inc.,

---

[4]    The Operating Agreement does not expressly limit the Arbitrator's authority with respect to the award and/or remedies it can issue.

4

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

71 Haw. 76, 79, 783 P.2d 1230, 1232 (1989).  Although the circuit court is not required to enter FOFs and COLs on all motions to vacate, its reasoning must be "clearly stated on the record . . . to allow appropriate appellate review."  <u>Nordic PCL Constr., Inc. v. LPIHGC, LLC</u>, 136 Hawai'i 29, 54, 358 P.3d 1, 26 (2015).

Kao made several arguments to the circuit court, which he again raises on appeal,[5] in support of his contention that the Final Award should be vacated.  The circuit court did not make FOFs or COLs as to any of Kao's contentions.  However, the circuit court explained its ruling with respect to Kao's contention that the Arbitrator exceeded its authority in awarding punitive damages.  The circuit court also explained its ruling as to Kao's contention that the Arbitrator erroneously

---

[5]    Kao asserts the following arguments for why the Final Award should have been vacated: "(1) The Arbitrator refused to postpone the hearing"; (2) "Kao was denied a fair hearing because he was required to submit to a hearing in which his voice would be silent due to his invocation of his constitutional right against self-incrimination"; (3) The award, in effect, was a penalty for his invocation of his right against self-incrimination; (4) The Arbitrator erred in awarding punitive damages; (5) The Arbitrator exceeded his authority by "purporting to apply a 'beyond a reasonable doubt' standard and determining that [Kao] violated criminal laws"; (6) The Arbitrator's award of punitive damages shows the Arbitrator's bias against Kao; (7) The Arbitrator demonstrated evident partiality by "raising the issue of punitive damages *sua sponte*"; (8) The Final Award violates public policy; (9) The Arbitrator exceeded his authority when he awarded excessive attorneys' fees and costs; and (10) The Arbitrator erred in denying Kao's motion to disqualify Vernon Woo and the Starn O'Toole Marcus & Fisher law firm.

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

denied his motion to stay the arbitration[6] due to the Arbitrator's misapplication of the factors set forth in Keating v. Off. of Thrift Supervision, 45 F.3d 322, 324-25 (9th Cir. 1995). We therefore address those specific contentions as follows.

First, with regard to punitive damages, HRS § 658A-21(a) (2016) provides, in relevant part, that "[a]n arbitrator may award punitive damages . . . if such an award is authorized by law in a civil action involving the same claim and the evidence produced at the hearing justifies the award under the legal standards otherwise applicable to the claim."

Here, at least some of the claims that Navatek alleged in its Demand for Arbitration, such as the claims for fraud and breach of fiduciary duty, are tort claims for which punitive damages are permitted. See TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai'i 243, 264, 990 P.2d 713, 734 (1999) (concluding that claims for fraud and breach of fiduciary duty are tort claims); Llanes v. Bank of Am., N.A., 154 Hawai'i 423, 429, 555 P.3d 110, 116 (2024) (noting that punitive damages is an awardable

---

[6]    In September 2020, prior to the arbitration proceedings, the United States Department of Justice filed a criminal complaint against Kao based on allegations that Kao had "fraudulently obtained more than $12.8 million in Paycheck Protection Program ("PPP") funds on behalf of [MDG]" and then subsequently "transferred approximately $2 million to himself." In May 2021, after the arbitration proceedings had commenced, Kao filed a motion to stay the arbitration until his federal criminal case was resolved.

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

category in tort actions).  Moreover, it appears from the multiple testimonies presented during arbitration that there was clear and convincing evidence that Kao "intended to harm [Navatek and/or MDG], or recklessly disregarded a substantial risk of harm to [Navatek and/or MDG], or otherwise acted in an outrageous or malicious manner."[7]  See Guieb v. Guieb, No. SCWC-20-0000727, 2025 WL 1806355, at *5 (Haw. July 1, 2025) (citation omitted) (stating the standard the plaintiff must meet to recover punitive damages).  We therefore conclude that the circuit court did not err in finding that the Arbitrator did not exceed its authority in awarding punitive damages.

Second, we address Kao's contention that the Arbitrator erred in denying his motion to stay the arbitration until after the resolution of his criminal proceedings because the Arbitrator did not properly apply the Keating factors.  In the instant case, the circuit court found, after reviewing the Arbitrator's application of the Keating factors, that the Arbitrator did not abuse its discretion in denying Kao's motion to stay.

---

[7]    For example, Steven C. H. Loui, Navatek's President, testified about the undisclosed distributions to Kao, Kao's use of company funds to pay for personal criminal matters not covered by the Operating Agreement, and Kao's other fraudulent and illegal conduct.
    Tom Simon, a private investigator, also testified about emails sent to and by Kao that demonstrated Kao's purported intention to engage in fraudulent activities.

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

"It is well settled that arbitration awards may not be vacated . . . [even] if the arbitrators commit a legal or factual error in reaching its final decision."  Tatibouet, 99 Hawai'i at 236, 54 P.3d at 407 (citation omitted); see also Haw. State Tchrs. Ass'n, 140 Hawai'i at 391-92, 400 P.3d at 592-93 (noting that parties who agree to arbitrate assume all the risks of arbitration such as the arbitrator's incorrect application of the law).  We determine, on this basis, that the circuit court did not err in deferring to the Arbitrator's application of the Keating factors.

We must also address, however, whether the circuit court adequately considered the mandate of HRS § 658A-23(a)(3) (2016).  HRS § 658A-23(a)(3) provides that the circuit court shall vacate an arbitration award if "[the] arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement . . . so as to prejudice substantially the rights of a party to the arbitration proceeding."

The record reflects that, in applying the Keating factors, the Arbitrator expressly addressed Kao's argument that "conducting the [arbitration] proceedings while the criminal matters were pending risked violating [Kao's] state and federal constitutional privileges against self-incrimination and was otherwise inherently prejudicial."  In so doing, the Arbitrator

8

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

considered whether the lack of a postponement would "prejudice substantially the rights" of Kao.  The circuit court found that the Arbitrator "meticulously weighed the evidence on each of the five factors that comprised the [Keating] test and concluded that there was an insufficient basis to postpone the arbitration."  On this record, we determine that the circuit court's denial of Kao's motion to vacate did not violate HRS § 658A-23(a)(3).

Finally, as noted above, the circuit court did not enter FOFs and/or COLs or otherwise state its rationale for rejecting Kao's other asserted grounds for vacating the Final Award, and therefore, we are unable to discern its reasoning.  Accordingly, we are unable to determine whether the circuit court adequately considered the remaining grounds[8] that Kao asserted in support of his motion to vacate.  We therefore vacate the Final Judgment, and instruct the circuit court, on remand, to address these contentions.

For the foregoing reasons, we vacate the Final Judgment and Order Denying Motion to Vacate, and we vacate in part and affirm in part the Order Confirming Award and Order

---

[8]     See supra note 5.

9

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

Granting Joinder.  We remand for further proceedings consistent

with this summary disposition order.

DATED: Honolulu, Hawai'i, July 29, 2025.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge
Keith M. Kiuchi,
for Defendant/Cross-claim               /s/ Sonja M.P. McCullen
Defendant-Appellant.                    Associate Judge

Jesse W. Schiel,                        /s/ Kimberly T. Guidry
for Plaintiff-Appellee,                 Associate Judge
and Nominal Defendant/Cross-
claimant-Appellee.

10