IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC f/k/a MARTIN DEFENSE GROUP, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN KAO, TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO, LAWRENCE KAHELE LUM KEE, CLIFFORD CHEN, DUKE HARTMAN, SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC, <br> Defendants. | CIVIL NO. 1:22-cv-00283-LEK-WRP <br><br> FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT LUM KEE'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND PLAINTIFF'S JOINDER |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT LUM KEE'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND PLAINTIFF'S JOINDER

Before the Court is Defendant Lawrence Kahele Lum Kee's

(Defendant Lum Kee) Petition for Determination of Good Faith Settlement

(Petition). See Petition, ECF No. 280. Also before the Court is Plaintiff PacMar

Technologies LLC, f/k/a Martin Defense Group, LLC's (Plaintiff) Joinder to the

Petition (Joinder). See Joinder, ECF No. 284. Defendant Clifford Chen filed a

Statement of No Position regarding the Petition. See Statement of No Position,

ECF No. 288. Defendant Tiffany Jennifer Lam filed a Statement of Position,

noting that she "does not object to the Petition" but submits that any interview given by Defendant Lum Kee related to this case should be construed as a deposition under Rule 30 of the Federal Rules of Civil Procedure and should be governed by the discovery rules.  See Statement of Position, ECF No. 289.  No other defendant filed a response to the Petition.

The Court finds the Petition and the Joinder are suitable for disposition without a hearing pursuant to Rule 7.1(c).  After careful consideration of the submissions, the record in this action, and the relevant legal authority, the Court FINDS and RECOMMENDS that Defendant Lum Kee's Petition and Plaintiff's Joinder be GRANTED.[1]

BACKGROUND

Plaintiff "is an entity primarily involved in the business of providing engineering solutions and related services to the United States government."  Second Amended Complaint (SAC), ECF No. 97 ¶ 3.  Defendant Lum Kee was an employee of Plaintiff until he was terminated on January 12, 2021.  See Petition, ECF No. 280 at 5-6.  As a result of his termination, he filed a wrongful termination claim ("Wrongful Termination Action") in the First Circuit Court.  See id. at 6.

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

On June 22, 2022, Plaintiff filed its Complaint in this Court (the Federal Action), alleging that Defendant Lum Kee, in concert with numerous other defendants, was involved in a "complex racketeering scheme aimed to loot the resources of a venerable engineering firm" and was rewarded with illegally obtained federal funds. See Complaint, ECF No. 1 ¶ 1. Plaintiff filed the First Amended Complaint on January 9, 2023, ECF No. 68, and the SAC on April 21, 2023, ECF No. 97.

On November 15, 2024, Defendant Duke Hartman filed a motion for summary judgment in the Federal Action, and Defendant Lum Kee filed a joinder thereto. See Defendant Hartman's Motion for Summary Judgment, ECF No. 186; Defendant Lum Kee's Joinder, ECF No. 215. On March 3, 2025, District Judge Leslie E. Kobayashi granted this motion and joinder in part. See Order Granting in Part Motion for Summary Judgment, ECF No. 238. As a result, only the Racketeer Influenced and Corrupt Organizations Act (RICO) conspiracy claim and several related state law claims remained against Defendant Lum Kee. See id.

On December 23, 2025, Plaintiff and Defendant Lum Kee (collectively, the Settling Parties) participated in a confidential settlement conference with First Circuit Judge Kevin Morikone in the Wrongful Termination Action. See Petition, ECF No. 280 at 7. During this conference, the Settling Parties agreed to a confidential global settlement of "any and all claims" between

3

them, including claims asserted in the Federal Action.  See id.  This global settlement was memorialized in a written settlement agreement dated January 17, 2026 (the Settlement Agreement).  See id.

Among other things, the Settlement Agreement "provides for discharge and release of all claims and liability asserted or that could have been asserted in both the [Wrongful Termination Action] and [the Federal Action] with respect to [Defendant Lum Kee], in exchange for a confidential monetary insurance payment and distribution."  Id.  A copy of the Settlement Agreement was shared with counsel in the Federal Action on January 20, 2026 and is filed under seal as Exhibit A to the Petition.  See id. at 7-8; Settlement Agreement, ECF No. 317.

On January 27, 2026, Defendant Lum Kee filed the present Petition, followed by Plaintiff's Joinder on January 29, 2026.  See Petition, ECF No. 280; Joinder, ECF No. 284.  On February 19, 2026, Judge Kobayashi signed the Stipulation for Partial Dismissal with Prejudice of Claims, thereby terminating Defendant Lum Kee from the Federal Action.  See Stipulation for Partial Dismissal with Prejudice of Claims, ECF No. 291.

<u>DISCUSSION</u>

## I.    The Court Recommends Granting Defendant Lum Kee's Petition

In his Petition, Defendant Lum Kee seeks a Court determination that

"the settlement entered into by [the Settling Parties] was entered in good faith,

within the meaning of Hawai'i Revised Statutes § 663-15.5."  Petition, ECF No.

280 at 2.  In determining whether a settlement is entered in good faith, the Court

must consider the totality of the circumstances.  See Troyer v. Adams, 102 Hawai'i

399, 425, 77 P.3d 83, 109 (Haw. 2003).  In making this determination, this Court

may consider the following factors:

> (1) the type of case and difficulty of proof at trial, e.g.,
> rear-end motor vehicle collision, medical malpractice,
> product liability, etc.; (2) the realistic approximation of
> total damages that the plaintiff seeks; (3) the strength of
> the plaintiff's claim and the realistic likelihood of his or
> her success at trial; (4) the predicted expense of litigation;
> (5) the relative degree of fault of the settling tortfeasors;
> (6) the amount of consideration paid to settle the claims;
> (7) the insurance policy limits and solvency of the joint
> tortfeasors; (8) the relationship among the parties and
> whether it is conducive to collusion or wrongful conduct;
> and (9) any other evidence that the settlement is aimed at
> injuring the interests of a non-settling tortfeasor or
> motivated by other wrongful purpose.

Id. at 4327, 77 P.3d at 111.

The first and fourth factors concern the "difficulty of proof" and the

"predicted expense of litigation."  See id.  Here, the remaining claims against

Defendant Lum Kee are a federal RICO conspiracy claim and various state law

claims.  See Order Granting in Part Motion for Summary Judgment, ECF No. 238.

These claims are complex and would require extensive evidence at trial.

Accordingly, these factors weigh in favor of a good faith finding.

The second and sixth factors examine "the realistic approximation of

total damages that the plaintiff seeks" and "the amount of consideration paid to

settle the claims."  Troyer, 102 Hawai'i at 427, 77 P.3d at 111.  Here, Plaintiff

sought "multi-million dollar damages," among numerous other remedies.  See

Petition, ECF No. 280 at 12.  Defendant Lum Kee asserts, however, that he played

only a "minor role in Company decisions as a non-executive" that that his

settlement contribution toward damages is "fair and realistic" considering his

minor role.  Id.  Upon review of the confidential settlement amount set forth in the

Settlement Agreement, ECF No. 317, the Court finds the amount to be adequate

consideration for his alleged conduct.  Accordingly, these factors weigh in favor of

a good faith finding.

The third factor considers "the strength of the plaintiff's claim and

the realistic likelihood of his or her success at trial."  Troyer, 102 Hawai'i at 427,

77 P.3d at 111.  Defendant Lum Kee asserts that, because only "one RICO

conspiracy claim and several state law claims [remain,] . . . the strength of

[Plaintiff's] case against [Defendant Lum Kee] [has been] greatly diminished . . .

and [Plaintiff's] likelihood of success at trial against [Defendant Lum Kee] [is]

consequently low." Petition, ECF No. 280 at 12. Further, Defendant Lum Kee has been terminated from this action by a stipulation signed by the parties and approved by the District Judge. See Stipulation for Partial Dismissal with Prejudice of Claims, ECF No. 291. Accordingly, this factor weighs in favor of a good faith finding.

The fifth and eighth factors assess the relationship between the parties, including "the relative degree of fault of the settling tortfeasors" and "the relationship among the parties and whether [that relationship] is conducive to collusion or wrongful conduct." Troyer, 102 Hawai'i at 427, 77 P.3d at 111. According to Defendant Lum Kee, his degree of fault is less than that of the other defendants because he did not hold an executive position with Plaintiff. See Petition, ECF No. 280 at 13. Further, the Settlement Agreement resulted from a settlement conference conducted by Judge Morikone. See Petition, ECF No. 280 at 14. There is no evidence that the Settlement Agreement is the result of collusive conduct and, accordingly, factors five and eight weigh in favor of a finding of good faith.

The seventh factor examines "the insurance policy limits and solvency of the joint tortfeasors." Troyer, 102 Hawai'i at 427, 77 P.3d at 111. Defendant Lum Kee asserts that he was denied insurance coverage related to Plaintiff's claims. See Petition, ECF No. 280 at 14. He further explains that he "does not

7

have personal assets sufficient to meet his obligations in the Settlement Agreement without the settlement reached in the [Wrongful Termination Action]." Id. Defendant Lum Kee also states his understanding that Defendant Kao has "substantial assets which are presently subject to collection efforts by PacMar." Id. The Court finds that Defendant Lum Kee's ability to satisfy his obligations under the Settlement Agreement – supported by the settlement in the Wrongful Termination Action – weighs in favor of a good faith finding as to this factor.

Finally, the ninth factor allows the Court to consider any other evidence provided by the parties that may weigh against a finding of good faith. See Troyer, 102 Hawai'i at 427, 77 P.3d at 111. As mentioned above, Plaintiff filed a Joinder to the Petition, ECF No. 284, and Defendant Chen takes no position on the Petition, ECF No. 288. Defendant Lam filed a Statement of Position, which states that she "does not object to the Petition" but "respectfully submits that any interview Defendant Kahele Lum Kee is required to provide Plaintiff related to this case" should be construed as a deposition under Rule 30 and should be subject to the discovery rules. See Statement of Position, ECF No. 289. Absent any opposition, the ninth factor weighs in favor of a finding of good faith.

In sum, upon review of the factors set forth in Troyer and after balancing the totality of the circumstances, the Court FINDS that the essential terms of the Settlement Agreement satisfy HRS § 663-15.5. Accordingly, the

Court FINDS that Plaintiff and Defendant Lum Kee entered into their settlement in good faith and RECOMMENDS that Defendant Lum Kee's Petition be GRANTED.

## II.      The Court Recommends Granting Plaintiff's Joinder

In its Joinder, Plaintiff states that it "joins in [Defendant Lum Kee's Petition] and respectfully requests that the Court Grant the Petition."  Joinder, ECF No. 284 at 2.[2]  In light of the Court's recommendation to grant the Petition, the Court further FINDS and RECOMMENDS that Plaintiff's Joinder be GRANTED as well.

## CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that the Court GRANT:

- Defendant Lawrence Kahele Lum Kee's Petition for Determination of Good Faith Settlement, ECF No. 280, and

- Plaintiff PacMar Technologies LLC's Joinder, ECF No. 284.

---

[2] Plaintiff does not state whether its joinder is a substantive joinder or a joinder of simple agreement.  See Joinder, ECF No. 284.  Further, Plaintiff's Joinder is not "supported by a memorandum that complies with LR7.4(a) and (b)."  Local Rule 7.7.  Accordingly, the Court considers Plaintiff's Joinder to be a joinder of simple agreement.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 30, 2026.



_____

Wes Reber Porter
United States Magistrate Judge

PacMar Technologies, LLC, f/k/a Martin Defense Group, LLC v. Martin Kao, et al., Civ. No. 22-00283 LEK-WRP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT LUM KEE'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND PLAINTIFF'S JOINDER.