MIYOSHI & HIRONAKA LLLC
PHILIP W. MIYOSHI            #7459
201 Merchant Street, Suite 2240
Honolulu, Hawaii 96813
Telephone: (808) 888-5042
Email: philip@808-law.com

Attorneys for Defendant
TIFFANY JENNIFER LAM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PACMAR TECHNOLOGES LLC (f/k/a MARTIN DEFENSE GROUP, LLC),<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN KAO; TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC,<br><br>Defendants.<br>_____<br>CLIFFORD CHEN,<br><br>Cross-Claimant,<br><br>vs.<br><br>MARTIN KAO,<br>_____ | Case 1:22-cv-00283-LEK WRP<br><br>DEFENDANT TIFFANY JENNIFER LAM'S REPLY CONCISE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; DECLARATION OF COUNSEL; EXHIBITS "13" – "18"; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE<br><br>Judge: Hon. Leslie E. Kobayashi<br><br>Trial Date: Vacated |

**DEFENDANT TIFFANY JENNIFER LAM'S REPLY
CONCISE STATEMENT OF FACTS IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1(e) of the United States District Court for the District of Hawai'i, Defendant Tiffany Jennifer Lam ("Lam") submits this Reply Concise Statement of Facts responding to Plaintiff's Additional Statement of Facts (ECF 343 at 10–14).

| No. | Defendant's Response | Support |
|---|---|---|
| 1. | Admitted. | |
| 2. | Admitted. | |
| 3. | Denied; Lam testified she had no involvement in SYWSE's formation or operation, never saw the Articles of Organization until her deposition, and that the signatures appearing as "Jennifer Lam" on the Articles of Organization, the SYWSE Operating Agreement, the CPB signature card, the CPB Beneficial Ownership Certification, and the CPB Address Change Request are not hers. | Suppl. Miyoshi Decl. Ex. "16" (Lam Vol. II Depo.) at 86:8–98:22; Exs. "17," "18"; Miyoshi Decl. [ECF 332-2], Ex. "11" at ¶¶ 38-51. |
| 4. | Admitted as to the transactions; denied as to any participation by Lam, who testified the donor signature on the SYWSE check to 1820 PAC is not hers. | Suppl. Miyoshi Decl. Ex. "16" at 99:16–101:6; Exs. "17," "18"; Miyoshi Decl. [ECF 332-2], Ex. "11" at ¶¶ 38-51. |
| 5. | Admitted as to PacMar's allegation; denied as to any knowledge or participation by Lam, who first heard of SYWSE upon receipt of a Department of Justice witness subpoena in late 2020. | Suppl. Miyoshi Decl. Ex. "16" at 86:14–87:14. |
| 6. | Admitted. | |

| No. | Defendant's Response | Support |
|---|---|---|
| 7. | Denied as to Lam, who was not a sender, recipient, or copy-recipient of the cited communications, and whom the Federal Election Commission unanimously exonerated in MUR 7690 on June 27, 2024. | Suppl. Miyoshi Decl. Ex. "16" at 86:14–97:25; Exs. "17," "18." |
| 8. | Admitted as to the existence of the cited emails; denied as to Lam, who was not a participant in those communications. | *Id.* |
| 9. | Admitted as to the transactions; denied that Lam signed any of the SYWSE checks. | Suppl. Miyoshi Decl. Ex. "16" at 116:18–117:4, 122:24–123:15, 126:1–127:11. |
| 10. | Admitted that this was the Arbitrator's finding in proceedings to which Lam was not a party; denied as to any knowing participation by Lam in any conversion or unlawful purpose. | Suppl. Miyoshi Decl. Ex. "16" at 86:18–97:25. |
| 11. | Disputed as to timing; Lam testified that Canfield "came much later" — after Kao's arrest in October 2020 — and that as of June 24, 2020 she did not know Canfield existed. | Suppl. Miyoshi Decl. Ex. "16" at 134:8–13, 139:21–141:24. |
| 12. | Denied as to Lam, who testified she did not know Canfield existed at the time of the July 16, 2020 letter and did not authorize his communications to the FEC. | Suppl. Miyoshi Decl. Ex. "16" at 140:1–24, 142:6–11, 143:6–24. |
| 13. | Admitted that the letter purported to be on behalf of "Jennifer Lam"; denied that Lam knew of, authorized, or had any communication with Canfield as of the letter's date. | Suppl. Miyoshi Decl. Ex. "16" at 140:1–24, 143:6–24. |
| 14. | Denied; the FEC voted unanimously six (6) to zero (0) on June 27, 2024, to dismiss all allegations against Jennifer Lam in MUR 7690, with factual findings determining that | Suppl. Miyoshi Decl. Exs. "17," "18." |

| No. | Defendant's Response | Support |
|---|---|---|
|  | Kao used Lam's name to obscure his own conduct. |  |
| 15. | Admitted. |  |
| 16. | Admitted; Lam was not charged with any crime arising from this conduct. |  |
| 17. | Admitted; Lam is not alleged or shown to have any role in the PPP loan applications. |  |
| 18. | Admitted. |  |
| 19. | Admitted. |  |
| 20. | Admitted; PacMar's removal of the $2 million loan eliminates the predicate creditor claim required for Count XIII. | SAC ¶ 464. |
| 21. | Admitted that PacMar's Supplemental Damages Report claims an aggregate of $36,835,501; the legal sufficiency of those categories is briefed in Lam's Reply Memorandum filed concurrently herewith. | Lam Reply Mem. §§ II.C.4., II.D. |
| 22. | Admitted; Lam was not required to disclose a damages expert because the duplicative nature of PacMar's specific damages categories is established by direct comparison of the Award and the SAC — a question of law for the Court. |  |
| 23. | Denied; the Award's two-step offset structure documents specific dollar overlaps with damages PacMar seeks here, including the $150,000 1820 PAC contribution, the $250,000 Michael Green retainer, the $190,587.76 Political Contributions, the $445,000 Improper Distributions, and the $295,661.12 Personal Expenses. | Kiuchi Decl. [ECF 332-1] Ex. "3" (Award) at 73–80; Lam Reply Mem. § II.C.2. |

| No. | Defendant's Response | Support |
|---|---|---|
| 24. | Disputed in legal effect; the cited damages are barred under the transactional nucleus test as to Counts V–XIII; are not pleaded as RICO injury and do not flow from the campaign-contribution predicates as to Counts I and II; the $60,000 scholarships are pleaded as paid with "washed" PPP money, speculative under ECF 91; and the FEC settlement is a regulatory penalty, not § 1964(c) injury. PacMar's Arbitration history at ¶ 24(e) is admitted. | *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005); SAC ¶¶ 139, 354, 360; ECF 91; Lam Reply Mem. §§ II.C.4, II.D. |
| 25. | Admitted in part; the Arbitration was also permitted pursuant to the Stipulation which allowed, among others, all claims asserted in the Complaint and First Amended Crossclaim in the underlying Circuit Court Case. | Suppl. Miyoshi Decl. Exs. "13," "14," "15." |
| 26. | Admitted; this admission addresses claim preclusion only and leaves defensive non-mutual collateral estoppel intact, as PacMar had a full and fair opportunity to litigate the underlying factual issues. | *Allen v. McCurry*, 449 U.S. 90, 95–96 (1980); Lam Reply Mem. § II.E. |
| 27. | Denied; by Stipulation and Order entered April 1, 2021 in Civil No. 1CCV-20-0001511, PacMar (then NCI) committed to "submit any and all claims asserted in the Complaint and/or Crossclaim and any affirmative defenses and/or counterclaims to binding arbitration pursuant to section 12.22 of the Operating Agreement," extending to tort and statutory claims including Fraud, Embezzlement, Conversion, Civil Conspiracy, and Unjust Enrichment. | Suppl. Miyoshi Decl. Exs. "13," "14," "15." |
| 28. | Admitted. | |
| 29. | Admitted. | |

| No. | Defendant's Response | Support |
|-----|---------------------|---------|
| 30. | Disputed in part; the Complaint and First Amended Crossclaim also encompassed extensive damages claims for fraud, embezzlement, conversion, civil conspiracy, breach of fiduciary duty, and gross negligence, all submitted under the Stipulation. | Suppl. Miyoshi Decl. Exs. "13," "14," "15." |
| 31. | Admitted. | |
| 32. | Admitted that no specific dollar line-item for the $60,000 scholarship payments appears in the Arbitrator's special damages table; this admission does not establish RICO standing because the SAC pleads the payments as funded with "washed" PPP money, speculative under ECF 91. | SAC ¶ 139; ECF 91. |
| 33. | Admitted. | |
| 34. | Admitted; through the Award's two-step offset structure — a Round-One credit of $1,419,838.02 against Kao's capital account, plus a Round-Two offset of the remaining $848,967.38 against the $1,986,490 present value of his capital account — PacMar received approximately $3.4 million in transferred value from Kao. | Kiuchi Decl. [ECF 332-1] Ex. "3" (Award) at 73–80. |
| 35. | Admitted as to the Total Final Award figure; the offset mechanics are detailed in Lam's Reply Memorandum. | Lam Reply Mem. § II.C.2. |
| 36. | Admitted. | |
| 37. | Admitted. | |
| 38. | Admitted. | |
| 39. | Admitted; the ICA's affirmance on *Keating* and punitive damages disposes of two of Kao's primary appellate challenges, leaving | |

6

| No. | Defendant's Response | Support |
|-----|---------------------|---------|
|     | the Arbitrator's compensatory damages findings unchallenged at any appellate level. |  |
| 40. | Admitted; the vacatur was procedural only, directing entry of FOF/COLs on remand without disturbing the Award itself. |  |
| 41. | Admitted. |  |
| 42. | Admitted. |  |
| 43. | Admitted. |  |
| 44. | Admitted. |  |

DATED: Honolulu, Hawaiʻi, May 4, 2026.


MIYOSHI & HIRONAKA LLLC

/s/ Philip W. Miyoshi
PHILIP W. MIYOSHI
Attorney for Defendant
TIFFANY JENNIFER LAM