Of Counsel:

LUNG ROSE VOSS & WAGNILD

CRYSTAL K. ROSE            3242-0
(*crose@legalhawaii.com*)
Attorney at Law
A Law Corporation
RYAN H. ENGLE             7590-0
(*rengle@legalhawaii.com*)
Attorney at Law
A Law Corporation
GRANT FASI ALLISON        10368-0
(*gallison@legalhawaii.com*)
Attorney at Law
A Law Corporation
JOHN D. FERRY III         9143-0
(*jferry@legalhawaii.com*)
KIRA J. GOO               11519-0
(*kgoo@legalhawaii.com*)
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawai'i 96813
Telephone:  (808) 523-9000
Facsimile:  (808) 533-4184

HOSODA LAW GROUP, AAL, ALC
LYLE S. HOSODA            3964-0
SPENCER J. LAU            11105-0
Three Waterfront Plaza, Suite 499
500 Ala Moana Boulevard
Honolulu, Hawai'i 96813
Telephone:  (808) 524-3700
Facsimile:   (808) 524-3838
Email:  *lsh@hosodalaw.com*; *sjl@hosodalaw.com*

Attorneys for Plaintiff
PACMAR TECHNOLOGIES LLC
(f/k/a MARTIN DEFENSE GROUP, LLC)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC), | ) CASE NO. 1:22-cv-00283-LEK-WRP |
| | ) |
| Plaintiff, | ) PLAINTIFF'S MEMORANDUM IN ) OPPOSITION TO DEFENDANTS ) MARTIN KAO AND SOCIETY OF ) YOUNG WOMEN SCIENTISTS |
| vs. | ) AND ENGINEERS, LLC'S MOTION ) TO TAKE DE BENE ESSE |
| MARTIN KAO; TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC, | ) DEPOSITION OF MARTIN KAO ) FILED JUNE 15, 2026 [DKT. 357]; ) DECLARATION OF GRANT FASI ) ALLISON; EXHIBITS A–F; ) CERTIFICATE OF WORD COUNT; ) CERTIFICATE OF SERVICE ) ) ) |
| Defendants. | ) Trial Judge: Hon. Leslie E. Kobayashi ) Trial Date:   Vacated |
| | ) |
| CLIFFORD CHEN, | ) |
| | ) |
| Cross-Claimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| MARTIN KAO, | ) |
| | ) |
| Cross-Claim Defendant. | ) ) |

# TABLE OF CONTENTS

I.      INTRODUCTION ....................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND ....................................3

        A.      Defendants' Refusal to Comply With
                Their Discovery Obligations ...................................................3

        B.      Amendment to the Discovery Deadlines....................................4

        C.      Kao's Fifth Amendment Privilege
                No Longer Applicable...............................................................4

        D.      Plaintiff's Painstaking Efforts to Schedule
                Defendants' Depositions ..........................................................5

        E.      Defendants' Pretrial Statement.................................................6

        F.      Defendants' Last-Minute Attempt to Depose Kao ..............................7

III.    LEGAL STANDARD .............................................................................8

IV.     MOTION MUST BE DENIED .................................................................9

        A.      Rule 32(a)(4) Does Not Provide a Basis
                to Reopen Discovery ...............................................................9

        B.      The Discovery Period Has Closed ...........................................10

        C.      There is No Good Cause to Reopen Discovery .................................11

        D.      The Ninth Circuit Does Not Distinguish Between
                Trial Depositions and Discovery Depositions ...................................13

        E.      Kao Should be Required to Provide Live
                Testimony at Trial ..................................................................16

V.      CONCLUSION.....................................................................................17

# TABLE OF AUTHORITIES

## *CASES*

Crumb v. Stane, No. 1:17-cv-001471-BAM, 2019 U.S. Dist.
LEXIS 59367, 2019 WL 1508059, at *4, (E.D. Cal. Apr. 5, 2019) ........................8

Depew v. Shopko Stores, Inc., No. 03-0539-S-BLW,
2005 U.S. Dist. LEXIS 50642, at *2-3 (D. Idaho Dec. 27, 2005) .........................10

Draper v. Rosario, 836 F.3d 1072 (9th Cir. 2016) .................................................16

Energex Enters. v. Shughart, Thomson & Kilroy, P.C.,
No. CIV-04-1367 PHX ROS, 2006 U.S. Dist. LEXIS 58395, at *22
(D. Ariz. Aug. 17, 2006) .........................................................................................15

Estenfelder v. The Gates Corporation,
199 F.R.D. 351, 353 (D. Colo. 2001) .....................................................................15

FTC v. Sharp, 782 F. Supp. 1445, 1452 (D. Nev. 1991) ........................................12

Gutierrez-Rodriguez v. Cartagena,
882 F.2d 553, 577 (1st Cir. 1989) ...........................................................................13

Henkel v. XIM Products, Inc.,
133 F.R.D. 556, 557 (D. Minn. 1991) .....................................................................15

Integra Lifesciences I, Ltd. v. Merck KgaA,
190 F.R.D. 556, 559 (S.D. Cal. 1999) ...............................................................13, 14

Liu v. State Farm Mut. Auto. Ins. Co.,
507 F. Supp. 3d 1262, 1265 (W.D. Wash. 2020) ....................................................16

Mabrey v. Wizard Fisheries, Inc., 2007 U.S. Dist. LEXIS 42221,
2007 WL 1795033 at *2 (W.D. Wash. June 8, 2007) ..............................................14

Mazloum v. D.C. Metro. Police Dep't.,
248 F.R.D. 725, 727 (D. D.C. 2008)........................................................................17

1577956.3

Mitchell v. City of Tukwila, 2014 U.S. Dist. LEXIS 618,
2014 WL 30035, at *1 (W.D. Wash. Jan. 3, 2014) ...................................................15

Nationwide Life Ins. Co. v. Richards,
541 F.3d 903, 907 (9th Cir. 2008) ...................................................................9

Ngethpharat v. State Farm Mut. Auto. Ins. Co.,
No. C20-0454-KKE, 2026 U.S. Dist. LEXIS 52557, 2006 WL 710136,
at *2–3 (W.D. Wash. Mar. 13, 2026) ...............................................................9

Richards, 541 F.3d at 910 .................................................................................12

SEC v. Graystone Nash, Inc., 25 F.3d 187, 190 (3d Cir. 1994) .............................12

Truckstop.Net, L.L.C. v. Sprint Communs. Co., L.P.,
No. CV-04-561-S-BLW, 2010 U.S. Dist. LEXIS 28630,
2010 WL 1248254, at *4-5 (D. Idaho Mar. 23, 2010)...........................................17

United Food Grp., LLC v. Cargill,
2014 U.S. Dist. LEXIS 204278, 2014 WL 12925562, at *2
(C.D. Cal. 2014)...............................................................................................14

United States v. Mejia, 69 F.3d 309, 319 (9th Cir. 1995) .......................................16

Zivkovic v. S. Cal. Edison Co.,
302 F.3d 1080, 1087 (9th Cir. 2002) ................................................................11

**RULES**

Federal Rules of Civil Procedure 16(b)(4) ...........................................................11
Federal Rules of Civil Procedure 16(d) ..............................................................9
Federal Rules of Civil Procedure 30(b)(6) ........................................................4, 5
Federal Rules of Civil Rule 32(a)(4) ................................................................8, 9
Federal Rules of Civil Procedure 43....................................................................16

**OTHER**

Nick Grube, Convicted Hawaii Defense Contractor will
Attend Harvard while Awaiting Sentencing, Civil Beat (Sept. 12, 2024)...............12

1577956.3

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS
MARTIN KAO AND SOCIETY OF YOUNG WOMEN SCIENTISTS AND
ENGINEERS, LLC'S MOTION TO TAKE DE BENE ESSE DEPOSITION OF
MARTIN KAO FILED JUNE 15, 2026 [DKT. 357]

I.    INTRODUCTION

Defendants Kao[1] and SYWSE's[2] request to take their own depositions

for "preservation" purposes must be denied because their request is (1) untimely,

(2) fails to follow the required procedures to amend the Court's Rule 16 scheduling

order after the close of discovery, and (3) fails to demonstrate good cause, as any

purported "unavailability" of Kao as a deponent is solely the result of his own

tactical decisions.  Accordingly, this Motion must be denied from every possible

perspective.

As an initial point, Kao and SYWSE have failed to seek an

amendment to the Court's Rule 16 scheduling order.  This failure should end the

inquiry in and of itself.  There is no dispute that discovery is closed, and any

amendment to the Court's Rule 16 scheduling order must be made upon a showing

of good cause.  Here, not only have Kao and SYWSE failed to seek an amendment,

even if they had, "good cause" does not exist to allow their requested depositions.

Good cause is lacking because Kao and SYWSE used Kao's Fifth Amendment

---

[1] "Kao" refers to Defendant MARTIN KAO.
[2] "SYWSE" refers to Defendant SOCIETY OF YOUNG WOMEN SCIENTISTS
AND ENGINEERS, LLC.  Kao has been designated as SYWSE's Rule 30(b)(6)
representative for its deposition.

privilege as a shield to avoid complying with their discovery obligations throughout the entirety of this case.  This conduct resulted in Plaintiff PacMar[3] having to file two (2) motions to compel, both of which were granted (at least in part) and resulted in sanctions entered against both Kao and SYWSE.

Now, **19-months** after the discovery period has closed and **six (6) months** after Kao's last criminal proceeding concluded, Kao and SYWSE have manufactured a late-game "emergency."  They argue that because Kao is now incarcerated more than 100 miles from the trial court, FRCP Rule 32(a)(4) automatically entitles them to reopen discovery to take Kao's deposition for the ultimate purpose of substituting a cold transcript for live trial testimony.  No Ninth Circuit authority supports Kao and SYWSE's position; in fact, their argument is a gross misreading of the Federal Rules.

FRCP Rule 32(a)(4) does not create a right to post-deadline depositions; it merely allows the use of depositions properly taken *within* the discovery period.  Moreover, even if Rule 32(a)(4) did somehow allow for an automatic reopening of discovery (it doesn't), Kao and SYWSE still cannot demonstrate Kao's "unavailability" because it was by Kao's own choosing that he was never deposed before the discovery cut-off.  Kao and SYWSE failed to notice Kao's deposition before the discovery cut-off, failed to state a need for such a

---

[3] "PacMar" refers to Plaintiff PACMAR TECHNOLOGIES LLC.

2

1577956.3

deposition before the discovery cut-off, and have actively and intentionally refused all discovery during the discovery period when Kao was available. Accordingly, and for the reasons set forth below, the Court should deny this Motion in its entirety.

II.   FACTUAL AND PROCEDURAL BACKGROUND

A.   Defendants' Refusal to Comply With Their Discovery Obligations

On January 17, 2024, PacMar served its First Request for Production of Documents ("RPOD") on Kao and SYWSE (collectively, "Defendants"). See CM/ECF Dkts. 121, 126. After Defendants failed to timely respond, PacMar filed a Motion to Compel. See Declaration of Grant Fasi Allison, Esq. ("Allison Decl."), ¶¶ 3, 4; see Ex. A; see Ex. B; see CM/ECF Dkt. 142. When Defendants finally did respond, they improperly asserted a blanket Fifth Amendment objection and refused to provide any substantive responses or productions, which resulted in the Court granting PacMar's Motion to Compel. CM/ECF Dkts. 157 (finding that Defendants' actions in the discovery dispute "were not substantially justified" and ordering Defendants to provide a proper response and to produce all responsive documents in their possession), 163 (awarding fees and costs).

Defendants, however, continued to improperly withhold discovery on the basis of Kao's Fifth Amendment privilege. See Allison Decl., ¶¶ 5–6; see also CM/ECF Dkt. 164. As a result, PacMar was forced to file a Second Motion to

3

1577956.3

Compel, which the Court granted nearly in full, only stopping short of awarding the full range of sanctions requested by PacMar.  CM/ECF Dkts. 164, 192 (finding that "reasonable people could not differ" on Defendants' blatant disregard of their discovery obligations), 207 (awarding fees and costs).

B.      Amendment to the Discovery Deadlines

By the time the Court granted PacMar's Second Motion to Compel, the discovery period had closed.  Compare CM/ECF Dkt. 227:2, ¶ B1 (noting that discovery closed on November 15, 2024), with CM/ECF Dkt. 192 (granting PacMar's Second Motion to Compel on November 19, 2024).  Therefore, on January 31, 2025, the Court issued an order amending the discovery deadlines ("Rule 16 Scheduling Order").  CM/ECF Dkt. 227.  In relevant part, the Court noted that the discovery period closed on November 15, 2024, but would allow PacMar to take Kao's deposition, in his individual capacity and as 30(b)(6) representative of SYWSE, "no later than 45 days from the last entry of judgment filed in Kao's Criminal Proceedings[.]"  CM/ECF Dkt. 227:2–3, ¶¶ A7, B1.

C.      Kao's Fifth Amendment Privilege No Longer Applicable

On February 13, 2025, the district court sentenced Kao to 87-months of incarceration related to his criminal case, *United States v. Kao*; Case No. 1:23-cr-00003-LEK ("PPP Fraud Case").  Ex. C.  On October 23, 2025, the district court sentenced Kao to 33-months of incarceration related to his criminal case, *United*

4

1577956.3

*States v. Kao*; Case No. 1:22-cr-00048-CJN ("Campaign Fraud Case"). CM/ECF

Dkts. 262–63. With the conclusion of both his criminal proceedings, Kao's Fifth

Amendment privilege no longer applied. Pursuant to the Rule 16 Scheduling

Order, Defendants were required to produce all discovery withheld on the basis of

Kao's Fifth Amendment privilege. CM/ECF Dkt. 227:2, ¶ A6. Kao was

additionally required to avail himself to PacMar's efforts to depose him,

individually and as 30(b)(6) representative of SYWSE. Id., ¶ A7.

Notably, at no point during this time did Defendants' counsel, Keith

Kiuchi, Esq., formally or informally provide notice of his intent to take Kao's

deposition or of his plans to use Kao's deposition testimony in lieu of live

testimony at trial. See Allison Decl., ¶¶ 8–9; see also CM/ECF Dkt. 349:7 (noting

that it was on April 29, 2026, during a Court-ordered meet and confer, did Mr.

Kiuchi first disclose his intent to take Kao's deposition).

D.    PacMar's Painstaking Efforts to Schedule Defendants' Depositions

On December 2, 2025, Mr. Allison initiated efforts to coordinate

deposition dates with Mr. Kiuchi. Ex. D at 15. After nearly two (2) months of

back and forth, Mr. Allison and Mr. Kiuchi finally agreed to deposition dates on

February 27, 2026 and February 28, 2026. Id. at 1.

On February 23, 2026, the Court approved a stipulation regarding the

Parties' agreement that *PacMar* shall depose Kao, in his individual capacity and as

5

1577956.3

30(b)(6) representative of SYWSE, at Federal Correctional Institution Sheridan on February 27, 2026 and February 28, 2026.  See CM/ECF Dkt. 292:3.  However, that same day, Mr. Allison received an email from his co-counsel, Lyle S. Hosoda, Esq., informing him that the Federal Bureau of Prisons just sent him an email claiming that Kao had been transferred to an undisclosed location and could not be deposed on the agreed upon dates.  Ex. E at 4.  Given the circumstances, the Parties agreed to cancel Kao's deposition.  See Allison Decl., ¶ 7.  At no point during this time did Mr. Kiuchi formally or informally provide notice of his intent to take Kao's deposition or of his plans to use Kao's deposition testimony in lieu of live testimony at trial.  See id., ¶¶ 8–9; see also CM/ECF Dkt. 349:7.

E.    Defendants' Pretrial Statement

On March 2, 2026, Defendants filed their Pretrial Statement, which claimed that (1) all discovery had been produced, (2) no exhibits would be offered at trial, and (3) Kao was the only witness to be called at trial, but due to his incarceration, it is unlikely that Kao would appear at trial.  CM/ECF Dkt. 309:5–7.  Despite acknowledging the likelihood of his (lack of) appearance at trial, at no point during this time did Mr. Kiuchi formally or informally provide notice of his intent to take Kao's deposition or of his plans to use Kao's deposition testimony in lieu of live testimony at trial.  See Allison Decl., ¶¶ 8–9; see also CM/ECF Dkt. 349:7.  At most, the Pretrial Statement only noted that "if" Kao's deposition is

6

taken, "[his] counsel intends to ask that the transcript of that deposition be used at the trial in this matter in lieu of live testimony." CM/ECF Dkt. 349:6–7.

F.   Defendants' Last-Minute Attempt to Depose Kao

Due to ongoing difficulty in scheduling Kao's deposition, the Court ordered the Parties to meet and confer no later than May 1, 2026, and to provide a status report on whether an agreement was reached by May 5, 2026. CM/ECF Dkt. 340. On April 29, 2026, the Parties attended a meet and confer where Mr. Kiuchi, for the first time, made clear that he intended to hijack PacMar's intended deposition of Kao to also depose his own client, and additionally suggested that he use the same deposition transcript in lieu of live testimony. See Allison Decl., ¶¶ 8–9; see also CM/ECF Dkt. 349:7.

Because Kao is currently incarcerated at Federal Prison Camp Yankton ("FPC Yankton"), any depositions will be subject to FPC Yankton's rules. After his transfer to FPC Yankton, Kao was still unable to provide certain deposition dates or availability. Therefore, the Court required the Parties, as well as Kao personally, to attend a status conference on June 12, 2026 to discuss these issues. See CM/ECF Dkt. 352. During the conference, the Parties agreed that Kao's deposition would be held on July 23, 2026 and July 24, 2026. See CM/ECF Dkt. 356. On June 15, 2026, Defendants filed a Motion to Take *De Bene Esse* Deposition of Martin Kao ("Motion").

7

1577956.3

## III.    LEGAL STANDARD

Federal Rules of Civil Procedure ("FRCP") Rule 32(a)(4) allows a party to use a deposition at trial when the witness is unavailable if certain conditions are met.  Fed. R. Civ. P. 32(a)(4); see Crumb v. Stane, No. 1:17-cv-001471-BAM, 2019 U.S. Dist. LEXIS 59367, 2019 WL 1508059, at *4, (E.D. Cal. Apr. 5, 2019) ("*De bene esse* deposition are essentially trial deposition used in place of a witness' live testimony pursuant to [FRCP] 32(a)(4).").

In relevant part, FRCP Rule 32(a)(4) provides:

(4)  Unavailable Witness. A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:

(A) that the witness is dead;

(B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

(C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;

(D) that the party offering the deposition could not procure the witness's attendance by subpoena; or

(E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Fed. R. Civ. P. 32(a)(4).

8

## IV.    THE MOTION MUST BE DENIED

### A.    Rule 32(a)(4) Does Not Provide a Basis to Reopen Discovery

Defendants' Motion is based on the erroneous assertion that a party who satisfies the requirements of FRCP Rule 32(a)(4) may automatically reopen discovery to conduct an untimely deposition.  Rule 32(a)(4) requires a party to have *already* taken a deposition *within* the discovery period, to which the party may *then* use that deposition in lieu of live testimony at trial if the witness is later deemed unavailable.  E.g., Nationwide Life Ins. Co. v. Richards, 541 F.3d 903, 907 (9th Cir. 2008) (granting Angelina's request to use Strebendt's *existing* deposition transcript in lieu of live testimony at trial *after* it was discovered that Strebendt lived more than 100 miles from the trial court).

If a party desires to take a deposition under Rule 32(a)(4) *after* the discovery cut-off, the party must show "good cause" to reopen discovery before it is allowed to take such untimely deposition:

> [FRCP Rule] 32(a)(4) allows a party to use a deposition at trial when the witness is unavailable. Courts in this District hold that such depositions are subject to the same requirements imposed on discovery generally by [FRCP]…[If] the discovery deadline has passed, Rule 16(d) requires [a party] to show 'good cause' to reopen discovery to depose [a witness].

Ngethpharat v. State Farm Mut. Auto. Ins. Co., No. C20-0454-KKE, 2026 U.S. Dist. LEXIS 52557, 2006 WL 710136, at *2–3 (W.D. Wash. Mar. 13, 2026)

9

1577956.3

(emphasis added) (alterations added); see also Depew v. Shopko Stores, Inc., No. 03-0539-S-BLW, 2005 U.S. Dist. LEXIS 50642, at *2-3 (D. Idaho Dec. 27, 2005) (holding that where a party "seeks to take this deposition after the close of discovery, it must show good cause for the deposition. More specifically, it must show that the late request was not due to its own lack of diligence, and that the request will not be an undue burden on plaintiffs" (emphasis added)).

B.      The Discovery Period Has Closed

Despite Defendants' attempts to mischaracterize the status of discovery, multiple Court orders have explicitly stated that the discovery period has CLOSED; specifically as of November 15, 2024. CM/ECF Dkts. 227:2, ¶ B1 ("The discovery deadline in this case closed on November 15, 2024. Nothing in this Order shall be construed as the reopening of discovery."), 247:1, ¶ 5 (noting that the discovery deadline and the deadline to file all discovery motions has closed), 248:2, ¶ 4–5 (noting that "the discovery deadline shall be **CLOSED**[.]" (Emphasis in original)), 327:2 ("The Court clarifies that vacating the trial date does not reopen expired deadlines or discovery.").

To the extent that discovery period *could* be characterized as open for the very limited purpose of allowing PacMar to take depositions, it is only open (i) as to PacMar's deposition (and not for Defendants to do discovery) and (ii) due to Defendants' repeated failure and refusal to comply with their discovery

10

1577956.3

obligations.  See CM/ECF Dkt. 157 (granting PacMar's Motion to Compel), 163 (awarding fees and costs), 192 (partially granting PacMar's Second Motion to Compel after the discovery period had closed, only stopping short of granting the full range of sanctions requested by PacMar), 207 (awarding fees and costs).

Therefore, discovery is not "open" as Defendants claim, and it is certainly not "open" for Defendants to take untimely depositions *years* after the cut-off closed and without an order amending the Rule 16 Scheduling Order.

C.    There is No Good Cause to Reopen Discovery

Once the deadline for completing discovery has passed, a court will not reopen discovery except upon a showing of "good cause."  See Fed. R. Civ. P. 16(b)(4).  "In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'"  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citations omitted).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (citations omitted).  "If the party seeking modified 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  Id. (emphasis added) (citations omitted).

Here, Defendants have failed to provide any justification as to why Mr. Kiuchi was unable to take Kao's deposition "for trial purposes" during the discovery period, in the months after Kao was sentenced, or at any time prior to

11

this Motion.  In fact, Kao apparently had enough time to attend classes at Harvard

University while he awaited his sentencing in his PPP Fraud Case.[4]  See Ex. F.

Defendants' manufactured urgency and tactical delay should not warrant this

Court's indulgence in reviving the long-dead discovery period.  To the extent Kao

relies on his tactical decision to refuse *all* discovery while he asserted his Fifth

Amendment privilege before his criminal proceedings concluded, Defendants still

waited nearly **eight (8) months** *after* the final judgment was entered in his last

criminal proceeding to seek the subject "preservation" depositions.  Compare

CM/ECF Dkts. 262–63, with CM/ECF Dkt. 357-5.

"[FCRP] 'contemplate[s]…'full and equal discovery'…so as to

prevent surprise, prejudice and perjury' during trial."  Richards, 541 F.3d at 910

(quoting FTC v. Sharp, 782 F. Supp. 1445, 1452 (D. Nev. 1991)).  "'[B]ecause the

[Fifth Amendment] privilege may be initially invoked and later waived at a time

when an adverse party can no longer secure the benefits of discovery, the potential

for exploitation is apparent.'"  Id. (quoting SEC v. Graystone Nash, Inc., 25 F.3d

187, 190 (3d Cir. 1994) (emphasis added)).  Accordingly, it is well established that

"[a] defendant may not use the fifth amendment to shield h[im]self from the

---

[4] Nick Grube, Convicted Hawaii Defense Contractor will Attend Harvard while Awaiting Sentencing, Civil Beat (Sept. 12, 2024), *https://civilbeat.org/beat/convicted-hawaii-defense-contractor-will-attend-harvard-while-awaiting-sentencing/*.

12

opposition's inquiries during discovery only to impale h[is] accusers with surprise testimony at trial." Id. (quoting Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 577 (1st Cir. 1989)).

Kao's strategic use of his Fifth Amendment privilege to evade PacMar's attempts to depose him for a majority of this proceeding, and then to suddenly seek "preservation depositions" before trial, will severely prejudice PacMar if allowed. Such tactics are generally not permitted by district courts in the Ninth Circuit. "Under Defendants' theory of trial depositions, where they need not be taken during the discovery period so long as they are being used in lieu of live testimony at trial, nothing would keep the parties from waiting until after the close of discovery to take all of these 'trial' depositions. This would effectively eliminate any need to conduct discovery of 'unavailable' witnesses during the discovery period." Integra Lifesciences I, Ltd. v. Merck KgaA, 190 F.R.D. 556, 559 (S.D. Cal. 1999).

Accordingly, even if Defendants had properly sought to amend the Rule 16 Scheduling Order, Defendants still fail to demonstrate "good cause" for the requested depositions, and the Motion must therefore be denied.

D.    The Ninth Circuit Does Not Distinguish Between Trial Depositions and Discovery Depositions

To the extent Defendants' Motion argues that their request does not require the reopening of discovery because a *de bene esse* deposition is meant for

13

1577956.3

trial rather than discovery, this argument is baseless as a matter of fact and wrong as a matter of law.

Defendants egregiously conclude that "[a] de bene esse deposition…is understood by courts to mean depositions that will be used to preserve testimony for trial rather than to discover new information." CM/ECF Dkt. 357-5:2. There is no Ninth Circuit authority that recognizes a difference between trial depositions and discovery depositions. In fact, many courts (including those of the Ninth Circuit) reject this exact premise and hold such depositions are subject to discovery deadlines and rules like any other deposition. "Based upon the lack of distinction in the Federal Rules between trial and discovery depositions, it has been held that there is no difference between the two, and that if a party wishes to introduce deposition testimony at trial, that testimony should procured during the time set by the court to conduct discovery absent exceptional circumstances[.]" Integra Lifesciences, 190 F.R.D. at 559; United Food Grp., LLC v. Cargill, 2014 U.S. Dist. LEXIS 204278, 2014 WL 12925562, at *2 (C.D. Cal. 2014) ("While the Court recognizes that some courts exempt 'trial' depositions from the limits on depositions set forth in Rule 30, the Court agrees with the majority of courts holding that depositions taken for any purpose are subject to the same rules of discovery."); Mabrey v. Wizard Fisheries, Inc., 2007 U.S. Dist. LEXIS 42221, 2007 WL 1795033 at *2 (W.D. Wash. June 8, 2007) ("[Trial] depositions are

14

1577956.3

subject to the numerical and time limits in [FCRP] and the Court's scheduling order."); <u>Mitchell v. City of Tukwila</u>, 2014 U.S. Dist. LEXIS 618, 2014 WL 30035, at *1 (W.D. Wash. Jan. 3, 2014) ("[T]he Court finds more persuasive the cases holding that [trial] depositions are subject to the limits in the Rules because the Rules do not distinguish between discovery and perpetuation depositions for trial."); <u>Energex Enters. v. Shughart, Thomson & Kilroy, P.C.</u>, No. CIV-04-1367 PHX ROS, 2006 U.S. Dist. LEXIS 58395, at *22 (D. Ariz. Aug. 17, 2006) (finding plaintiffs' request to take trial preservation depositions beyond the discovery period "would effectively eviscerate the discovery deadlines set forth in scheduling orders," and denying request); <u>Henkel v. XIM Products, Inc.</u>, 133 F.R.D. 556, 557 (D. Minn. 1991) ("Neither [FCRP] nor the Rules of Evidence make any distinction between discovery depositions and depositions for use at trial.  The court concludes there is no difference."); <u>see</u> <u>Estenfelder v. The Gates Corporation</u>, 199 F.R.D. 351, 353 (D. Colo. 2001) ("Most of the courts which have addressed 'discovery depositions' *vis a vis* 'trial depositions' have concluded that the federal rules do not set forth any definitions or distinctions as between the two.").

Furthermore, because Kao broadly asserted his Fifth Amendment privilege throughout this case, PacMar is limited in its ability to test, impeach, or verify whether Kao's purported "preservation" testimony is actually new discovery.  Stated differently, Kao's prior refusals automatically make his

15

"preservation" deposition new discovery and further prejudices PacMar.

Accordingly, the Court should deny the Motion.

     E.      <u>Kao Should be Required to Provide Live Testimony at Trial</u>

Courts typically require a witness to give live testimony at trial, as opposed to testimony from deposition transcript or via video, to allow the fact-finder to observe the demeanor and credibility of the witness. <u>United States v. Mejia</u>, 69 F.3d 309, 319 (9th Cir. 1995). Exceptions to this well-established preference require "good cause in compelling circumstances." <u>See</u> <u>Liu v. State Farm Mut. Auto. Ins. Co.</u>, 507 F. Supp. 3d 1262, 1265 (W.D. Wash. 2020); <u>see also</u> Fed. R. Civ. P. 43. In the context of incarcerated witnesses, courts often issue a writ of habeas corpus ad testificandum to secure the witness's live testimony as substitute for a subpoena when the witness is in custody. <u>Draper v. Rosario</u>, 836 F.3d 1072 (9th Cir. 2016).

Here, it was Kao's decision to strategically deploy his Fifth Amendment privilege to evade his discovery obligations. Kao's Fifth Amendment privilege expired upon his sentencing on October 23, 2025. Yet, his attorney waited nearly **eight (8) months** to formally request the Court reopen discovery. Having engineered this delay, Kao cannot now use his incarceration to avoid the scrutiny of a live trial. The jury is entitled to assess Kao's credibility live, not through a curated, stale video transcript. Further, there is little doubt that any

16

1577956.3

testimony Kao gives during such video "preservation depositions" will be highly practiced and rehearsed. Accordingly, if Kao wishes to testify, he should be required to do so live.

To the extent Kao is permitted to introduce his deposition testimony at trial, it should be limited to only the testimony elicited by PacMar's attorneys and further limited to just impeachment purposes. See Truckstop.Net, L.L.C. v. Sprint Communs. Co., L.P., No. CV-04-561-S-BLW, 2010 U.S. Dist. LEXIS 28630, 2010 WL 1248254, at *4-5 (D. Idaho Mar. 23, 2010) ("[E]xcept for impeachment purposes, a party cannot introduce deposition testimony of a witness who will be present and give live testimony at trial.") (citing Mazloum v. D.C. Metro. Police Dep't., 248 F.R.D. 725, 727 (D. D.C. 2008)).

## V.    CONCLUSION

Based on the foregoing, PacMar respectfully requests the Court deny Defendants' Motion in its entirety.

DATED:  Honolulu, Hawai'i, June 25, 2026.

/s/ Kira J. Goo
CRYSTAL K. ROSE
RYAN H. ENGLE
GRANT FASI ALLISON
JOHN D. FERRY III
KIRA J. GOO
LYLE S. HOSODA
SPENCER J. LAU
Attorneys for Plaintiff
PACMAR TECHNOLOGIES LLC
(f/k/a MARTIN DEFENSE GROUP, LLC)

17

1577956.3