# MINUTES

| | | | |
|---|---|---|---|
| CASE NUMBER: | 1:21-cr-00061-LEK-1<br>1:23-cr-00003-LEK-1 | | |
| CASE NAME: | United States of America v. Martin Kao | | |
| ATTY FOR GOV'T: | Craig S. Nolan | | |
| ATTYS FOR DEFT: | Victor J. Bakke (CR 21-61)<br>Melinda K. Yamaga (CR 23-03 LEK) | | |
| U.S. PROBATION: | Sara Nieling | | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | Gloria Bediamol |
| DATE: | 2/13/2025 | TIME: | 1:30pm-2:23pm<br>2:32pm-3:30pm |

COURT ACTION:  EP: SENTENCING as to Counts 1, 2, 3, 4, 5, 6, 7 and 8 to the Indictment in case no. CR 21-61 and SENTENCING as to Count 1 of the Indictment in case no. CR 23-03 held.

Defendant Martin Kao present, not in custody.

Defendant pled guilty to Counts 1, 2, 3, 4, 5, 6, 7 and 8 to the Indictment in case no. CR 21-61 on 09/07/2022 and to Count 1 of the Indictment in case no. CR 23-03 on 04/05/2024 and was adjudged guilty.

The Consent to Rule 11 Plea In a Felony Case Before United States Magistrate Judge has been accepted by the Court.

Victim, President of Pacmar Technologies LLC Steven Loui addressed the court.

The Court received and reviewed the letters of support on behalf of and from the Defendant.

Parties have reviewed the Presentence Investigation Report ("PSR") and it is placed in the record under seal.

Court findings made as to the applicable sentencing guidelines. Court adopts the factual findings of the PSR.

Court notes the aggravating and mitigating factors related to Defendant's Sentencing.

EXHIBIT E

Recommendations by Counsel as to proposed sentence heard.

Recess [2:23 pm - 2:32 pm]

Further discussion held.

Ms. Yamaga's request to defer finalizing the order of forfeiture (money judgment) in case no. CR 23-03 LEK until 2/20/2025, to allow for any legal objections is GRANTED. Mr. Nolan shall file a response if necessary.

Allocution by Defendant.

Court's proposed sentence stated.  No legal objections to the proposed sentence.  Court imposes sentence.

SENTENCE:

Imprisonment: EIGHTY-SEVEN (87) MONTHS as to Counts 1 through 8 under CR 21-61 and Count 1 under CR 23-03, with all terms to run concurrently

Supervised Release: FIVE (5) YEARS as to Counts 1 through 3 under CR 21-61 and Count 1 under CR 23-03, and THREE (3) YEARS as to Counts 4 through 8 under CR 21-61, with all terms to run concurrently

Fine: None imposed.

Restitution: $12,841,490

Special Assessment:  $900.00 ($100 per count)

Court imposes the list of standard conditions recommended by the U.S. Probation and Pretrial Services Office. Defendant waives the reading of the 13 standard conditions.

Mandatory and Standard Conditions of Supervised Release:

You must abide by the mandatory and standard conditions of supervision, including the following conditions:

> You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision. (mandatory condition)

> You must cooperate in the collection of DNA as directed by the probation officer. (mandatory condition)

> You must report to the probation office in the federal judicial district where you

are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame. (standard condition)

You must abide by the following special conditions:

1.     You must not possess or use alcohol during the term of supervision. You must warn any other resident and/or guest that you are prohibited from possessing any alcohol in your residence and on your property. You must submit to alcohol testing at the direction of the probation office.

2.     You must participate in an outpatient mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (such as provider, location, modality, duration, and intensity)..

3.     Restitution of $12,841,490 is due, less any amounts paid, to the Small Business Administration, 721 19 th Street, 3rd Floor, Room 301, Denver, Colorado 80202. Any unpaid balance is to be paid during the period of supervision in monthly installments of 10% of your gross monthly income, commencing 30 days after the start of supervision. The court may order that this requirement be changed from time to time as your circumstances warrant, but no court order shall be required for your voluntary agreement to pay more than the court-ordered amount. Interest is waived. Payments must be made by payroll deduction, when applicable. You must notify the probation officer of any change in your financial circumstances that affect your ability to pay. Your financial circumstances must be reviewed by the probation officer on at least an annual basis.

4.     You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the US Attorney's Office.

5.     You must apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, at the discretion and direction of the court.

6.     You must not incur new credit charges, or open additional lines of credit, or apply for any loans without the prior approval of the probation officer. You must not borrow money or take personal loans from any individual without the prior approval of the probation officer.

7.     You must maintain a single personal bank account, separate and apart from your spouse, any family members or others, into which all income, financial proceeds, and gains must be deposited and from which all expenses must be paid.

8. You must notify the probation officer of any contemplated employment and must obtain approval from the probation officer for all employment. Unless you are self-employed, you may not be employed in any capacity wherein you have custody, control, or management of your employer's funds.

9. You must complete 12,000 hours of community service. The probation officer will supervise your completion of community service hours, including approving the community service site, the frequency of participation, etc. You must provide written verification of completed hours to the probation officer.

10. You must submit your person, property, house, residence, vehicle, papers, or office to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Defendant advised of his right to appeal within 14 days of entry of judgment.

JUDICIAL RECOMMENDATIONS:
1) FCI Sheridan
2) RDAP (500 Hour Residential Drug Treatment)

Mr. Nolan is directed to confirm with Counsel regarding Navatek's restitution request and submit a letter, with a copy provided to the court and all parties, by 2/27/2025.

Defendant shall remain on continued previously imposed conditions of pretrial release until the mittimus date of 3/25/2025.

Defendant to self-surrender to the facility designated by the Bureau of Prisons on 3/25/2025 by 12:00 p.m. The time is the time of the facility.

Submitted by: Carla Cortez, Courtroom Manager