# MINUTE ORDER

CASE NUMBER:          CIVIL NO. 22-00283 LEK-WRP

CASE NAME:            PacMar Technologies LLC, f/k/a Martin Defense Group,
                     LLC et al. v. Kao et al.

JUDGE:  Leslie E. Kobayashi          DATE:       7/1/2026

COURT ACTION:   EO: INCLINATION CONCERNING DEFENDANT TIFFANY
JENNIFER LAM'S MOTION FOR SUMMARY JUDGMENT, [FILED MARCH 30,
2026 (DKT. NO. 331),] AND COUNTS I, II, VI, VII, IX, X, XII, AND XIII OF
PLAINTIFF'S SECOND AMENDED COMPLAINT, [FILED APRIL 21, 2023 (DKT.
NO. 97)]; AND ORDER SETTING HEARING ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

        Before the Court is Defendant Tiffany Jennifer Lam's ("Lam") Motion for
Summary Judgment, filed on March 30, 2026 ("Motion"). [Dkt. no. 331.] On
April 13, 2026, Defendant/Cross-Claim Defendant Martin Kao ("Kao") and
Defendant Society of Young Women Scientists and Engineers, LLC ("SYWSE")
filed a memorandum in support of the Motion. [Dkt. no. 337.] On April 29, 2026,
Plaintiff PacMar Technologies LLC, formerly known as Martin Defense Group,
LLC ("PacMar") filed its memorandum in opposition to Lam's Motion. [Dkt.
no. 345.] Lam filed her reply on May 4, 2026. [Dkt. no. 347.] Pro se
Defendant/Cross-Claimant Clifford Chen ("Chen") filed a joinder in Lam's Motion
on April 10, 2026 ("Chen Joinder"). [Dkt. no. 336.]

        On May 12, 2026, the Court issued an entering order directing Lam and
PacMar to file supplemental memoranda. [Dkt. no. 350.] Lam filed her
supplemental memorandum in support of the Motion on May 27, 2026. [Dkt.
no. 353.] PacMar filed its supplemental memorandum in opposition on June 10,
2026. [Dkt. no. 355.]

        The Court has carefully considered the parties' memoranda and the
authorities stated therein and hereby states its inclination concerning Lam's Motion
and Counts I, II, VI, VII, IX, X, XII, and XIII of PacMar's Second Amended

Complaint, [filed 4/21/23 (dkt. no. 97)]. The inclination that follows gives a general overview of the parties' most pertinent arguments for context. The Court also sets a hearing on Lam's Motion for **July 14, 2026 at 11:30 a.m**. The parties are asked to address the following points at the hearing on the Motion.

## BACKGROUND

The operative pleading is the Second Amended Complaint. In the Motion, Lam seeks summary judgment in her favor as to all remaining claims asserted against her in the Second Amended Complaint. [Motion at 1.] Those claims are:

-a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Title 18 United States Code Section 1962(c), based on campaign contributions ("Count I"); [Second Amended Complaint at pgs. 65-72;]

-a Title 18 United States Code Section 1962(d) claim alleging a conspiracy to commit the RICO violation at issue in Count I ("Count II"); [id. at pgs. 72-74;]

-a civil conspiracy claim ("Count VI"); [id. at pgs. 86-87;]

-an aiding and abetting claim ("Count VII"); [id. at pgs. 87-88;]

-a conversion claim ("Count IX"); [id. at pgs. 89-90;]

-an embezzlement claim ("Count X"); [id. at pgs. 90-91;]

-an unjust enrichment claim ("Count XI"); [id. at pg. 92;]

-a gross negligence claim ("Count XII"); [id. at pgs. 92-94].

Lam also seeks summary judgment as to of PacMar's fraudulent conveyance claim ("Count XIII"), [id. at pgs. 94-95,] which seeks, *inter alia*, "injunctive relief against further disposition by Defendant[] Kao and Defendant Tiffany Lam (or any person or party acting by, through, or on behalf of them)," [id. at ¶ 467]. See Motion, Mem. in Supp. at 18; Reply at 15-16. It appears, however, that PacMar asserts Count XIII against Kao, but not Lam or the other defendants. See Second Amended Complaint at pg. 97, ¶ xiii.

On December 29, 2023, the Court issued its Order Granting in Part and Denying in Part: Defendant Duke Hartman's Motion to Dismiss Second Amended Complaint, Filed April 21, 2023 [ECF 97]; Defendant/Cross-Claimant Clifford Chen's and Defendant/Cross-Claimant Lawrence Kahele Lum Kee's Respective Joinders in Hartman's Motion ("12/29/23 Order"). Dkt. no. 116, *available at* 2023 WL 9047370. In the 12/29/23 Order, the Court dismissed Counts III and IV, PacMar's other Section 1962(c) and Section 1962(d) claims, as to all defendants because of PacMar's failure to establish standing for those counts. See 12/29/23 Order, 2023 WL 9047370, at *7, 18.

On March 3, 2025, the Court issued its Order Granting in Part and Denying in Part: Defendant Duke Hartman's Motion for Summary Judgment on All Claims Against Hartman; Defendant/Cross-Claimant Clifford Chen's, Defendant Cross-Claimant Lawrence Kahele Lum Kee, Defendant Tiffany Jennifer Lam, And Defendants Martin Kao and Society of Young Women Scientists and Engineers, LLC's Respective Joinders in Hartman's Motion ("3/3/25 Order"). Dkt. no. 238, *available at* 2025 WL 673476. The Court granted summary judgment in favor of Defendant/Cross-Claimant/Counterclaimant Duke Hartman ("Hartman") as to Count I, finding that "there [was] no genuine issue of material fact as to whether Hartman committed a predicate act undergirding Count I." 3/3/25 Order, 2025 WL 673476, at *11. The Court, however, did not dismiss Count I as to Lam. See id. at *14 (explaining that "the instant Order does not rule upon any of PacMar's claims against . . . Lam").

Hartman and Defendant/Cross-Claimant Lawrence Kahele Lum Kee ("Lum Kee") have been dismissed as defendants. See Stipulation for Partial Dismissal with Prejudice of Claims, filed 12/10/25 (dkt. no. 275) (dismissing claims against Hartman); Stipulation for Partial Dismissal with Prejudice of Claims, filed 2/19/26 (dkt. no. 291) (dismissing claims against Lum Kee).

This case broadly concerns a purported enterprise – as defined under RICO – that allegedly operated an illegal scheme with a twofold purpose. Lam is alleged to have participated in the scheme as a member of the enterprise. See Second Amended Complaint at ¶¶ 12-13. The alleged enterprise, scheme, and twofold purpose are discussed in detail in the 12/29/23 Order and the 3/3/25 Order. See, e.g., 12/29/23 Order, 2023 WL 9047370, at *2-4; 3/3/25 Order, 2025 WL 673476, at *2-6. Because the parties are familiar with the facts of the case, the Court does not repeat them in detail here.

The first part of the scheme's alleged purpose concerned an effort to obtain government benefits, contracts, and money through illegal means, specifically by: 1) defrauding the Paycheck Protection Program ("PPP"), which was created through the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), see, e.g., Second Amended Complaint at ¶¶ 149-87, and 2) making unlawful campaign contributions, see, e.g., id. at ¶¶ 61-90.

The second part of the scheme's alleged purpose concerned the enterprise's efforts to use PacMar's funds to cover up the alleged PPP fraud and illegal campaign contributions and to obstruct government investigations. See id. at ¶¶ 195-218. This cover-up effort allegedly involved, *inter alia*, creating a sham scholarship program where the enterprise took PacMar's money, laundered it through intermediaries, such as Lam, who then funneled the funds to SYWSE. See, e.g., id. at ¶¶ 336-37. PacMar alleges that the laundered funds were donated to universities as scholarships to manufacture a façade of legitimacy for the enterprise and to deflect scrutiny from the enterprise's PPP fraud and campaign finance fraud. See, e.g., id. at ¶¶ 93-95.

## **DISCUSSION**

## I.    **Motion and Memorandum in Opposition**

Lam moves for summary judgment on the ground that PacMar's remaining claims are precluded under the doctrines of res judicata and collateral estoppel. Lam also moves for summary judgment on the grounds that PacMar lacks standing to assert certain claims and cannot earn double recovery for its claims. See Motion, Mem. in Supp. at 1.

With respect to res judicata, or claim preclusion, Lam submits that

> Res judicata applies when: (1) there was a final judgment on the merits; (2) the parties in the current action are identical to, or in privity with, the parties in the prior action; and (3) the claim or cause of action asserted in the current action was or could have been asserted in the prior action.

[Id. at 14 (citations omitted).]

Lam states that the First Circuit Court of the State of Hawai`i ("state circuit court") confirmed, through various rulings, an arbitration award against Kao. [Id. at 3.] She argues that the res judicata effect of the Intermediate Court of Appeals of the State of Hawai`i's ("ICA") decision affirming in part the orders in the state circuit court proceedings prohibits PacMar from pursuing the instant action. See id. at 14-18; see also Navatek Cap. Inc. v. Kao, No. CAAP-22-0000364, 2025 WL 2157693 (Hawai`i Ct. App. July 29, 2025). PacMar, on the other hand, argues that res judicata does not apply because the ICA's decision vacated the state circuit court's final judgment and vacated the state circuit court's orders in part. PacMar also argues that the Hawai`i Supreme Court's decision to accept Kao's application for a writ of certiorari further weighs against applying res judicata. See Mem. in Opp. at 17-21; see also Navatek Capital Inc. v. Kao, SCWC-22-0000364, 2025 WL 3723313 (Hawai`i Dec. 23, 2025).

With respect to collateral estoppel, or issue preclusion, Lam states that "[c]ollateral estoppel may apply even when the subsequent action involves different defendants, provided the party against whom the doctrine is asserted had a full and fair opportunity to litigate." [Motion, Mem. in Supp. at 18 (citation omitted).] Lam argues that, because PacMar was a party in the arbitration and fully litigated essential issues that were conclusively decided in reaching the arbitration award, summary judgment on those issues is appropriate. See id. at 18-19. Lam also argues that Kao's criminal convictions have a collateral estoppel effect as to certain factual issues. See id. at 19-20. PacMar's no-final-judgment argument also applies to the asserted collateral estoppel effect of the arbitration award. See Mem. in Opp. at 17-21. PacMar, however, does not dispute that the criminal convictions may establish certain facts. See id. at 17. It nevertheless contends that the establishment of those facts alone does not warrant a grant of summary judgment in favor of Lam because, *inter alia*, the Motion also relies upon rulings in the arbitration proceeding against Kao, as well as state court rulings affirming the arbitration rulings, and PacMar argues those rulings have no preclusive effect. See id.

Lam further argues that PacMar cannot recover damages that it already recovered in the arbitration. See Motion, Mem. in Supp. at 21-22. Lam also submits that PacMar lacks standing to bring RICO claims based on PPP-related conduct. See id. at 22-23. PacMar does not address Lam's standing argument. See generally Mem. in Opp.

## II.    The Court's Inclination

The Court is inclined to rule that the doctrines of issue preclusion and claim preclusion do not warrant a grant of summary judgment in favor of Lam. The Court is inclined to find that Lam, as the party asserting claim preclusion, has failed to sufficiently establish, *inter alia*, that there is a final judgment on the merits as it relates to the confirmation of the arbitration award. See Greer v. Dep't of Com. & Consumer Affs., CIV. NO. 22-00286 LEK-WRP, 2024 WL 1604193, at *3-4 (D. Hawai`i Apr. 12, 2024), *reconsideration denied*, 2024 WL 2319993 (May 22, 2024); James W. Glover, Ltd. v. Fong, 42 Haw. 560, 574 (Haw. Terr. 1958); In re Mitsuo Yoneji Revocable Tr. Dated Nov. 27, 1985, 147 Hawai`i 104, 112, 464 P.3d 892, 900 (Ct. App. 2020). Further, while Kao's criminal convictions may establish certain facts, the Court is not inclined to conclude that such facts, which were insufficiently identified by Lam, warrant summary judgment.

With respect to Counts I and II, the Court instructs the parties to review its discussion of those same counts and of RICO standing in the 12/29/23 Order and of those same counts in the 3/3/25 Order. See 12/29/23 Order, 2023 WL 9047370, at *4-13; 3/3/25 Order, 2025 WL 673476, at *6-13. The Court is inclined to find that PacMar has failed to establish a genuine issue of material fact as to the issue of whether it has standing to bring its RICO claims against Lam. The Court is also inclined to find that PacMar has failed to establish a genuine issue of material fact as to the issue of whether Lam individually committed at least two predicate acts in violation of Section 1962(c).

The Court is further inclined to find that there is not a material issue of fact that Lam did not sign the checks that PacMar claims were illegal campaign contributions and/or unauthorized scholarships. See, e.g., Lam's Reply Concise Statement of Facts in Support of Motion for Summary Judgment ("Lam's Reply CSOF"), filed 5/4/26 (dkt. no. 348), Supplemental Declaration of Philip W. Miyoshi ("Miyoshi Supp. Decl."), Exh. 16 (excerpts of trans. of Lam's 1/9/26 depo.) at 91 (testifying that that the signature above Lam's name was not her signature and that "someone [was] using [Lam's signature] without [her] consent."); Lam's Concise Statement of Facts in Support of Motion for Summary Judgment, filed 3/30/26 (dkt. no. 332), Declaration of Philip W. Miyoshi, Exh. 11 (Kao's Statement of Offense in Support of Guilty Plea, filed 9/27/22) at ¶ 46 ("KAO originally signed the check, but it was rejected because he was not an authorized signatory on the account. KAO then re-signed the check with Individual A's name[.]"); cf. Suppl. Mem. in Opp., Declaration of Pam Berry at ¶¶ 14-17 (discussing details of conversation between PacMar's Facilities Security Officer

and Lam concerning SYWSE without disputing Lam's assertion that she did not sign any SYSWE checks).

The Court is also inclined to rule that PacMar lacks standing to assert Count VI against Lam to the extent that the allegations undergirding the civil conspiracy claim are based on Lam allegedly transferring PPP funds to her personal account. See 12/29/23 Order, 2023 WL 9047370, at *6-7.

Additionally, the Court intends to discuss with the parties at the July 14, 2026 hearing whether more briefing is necessary to resolve PacMar's claims against Lam in: Count VI, as it relates to Lam's alleged role in the illegal campaign contributions and/or unauthorized scholarships; and Count VII, as to whether there is a legal basis supporting PacMar's theory that Lam aided Kao, Chen, and Hartman in breaching their fiduciary duties.

With respect to Count IX, the Court is inclined to rule that PacMar cannot maintain its conversion claim against Lam, to the extent that the claim is based upon PPP fraud, campaign finance fraud, and for the raises approved for Chen, Lum Kee, and Hartman. See Second Amended Complaint at pgs. 49-51 (discussing raises for Chen, Lum Kee, and Hartman). The parties should be prepared to discuss whether further briefing should be ordered concerning the portion of Count IX based upon foundation fraud and personal expense fraud. See id. at pgs. 54-55 (discussing a "Foundation Fraud" involving the Marty & Mickey Kao Foundation and the Navatek Foundation); id. at pgs. 61-63 (discussing a "Personal Expense Fraud" involving Lam).

As to Count X, PacMar's claim for embezzlement,

> Black's Law Dictionary states:
>
>> The elements of embezzlement are that there must be a **relationship such as that of employment or agency** between the owner of the money and the defendant, the money alleged to have been embezzled must have come into the possession of the defendant by virtue of that relationship and there must be an intentional or fraudulent appropriation or conversion of the money.

Miyashiro v. Roehrig, Roehrig, Wilson & Hara, 122 Hawai`i 461, 484, 228 P.3d 341, 364 (Ct. App. 2010) (brackets and citations omitted) (emphasis added). The

Court is inclined to order the parties to brief whether the elements of embezzlement can be proven against Lam, particularly as it relates to the element requiring that there be an employment or agency relationship between PacMar and Lam. See id.

Pertaining to Count XII, the Court is inclined to order briefing regarding whether PacMar's gross negligence claim can be maintained where there is a lack of evidence that Lam had a fiduciary duty to PacMar or whether a gross negligence claim can be based upon another type of duty besides a fiduciary duty.

Finally, with respect to Count XIII, the parties should be prepared to discuss whether PacMar's fraudulent conveyance claim is being asserted against Lam. If Count XIII is being asserted against Lam, the Court is inclined to also order the parties to brief whether this claim can be maintained against Lam.

The parties should appear at the July 14, 2026 hearing prepared to discuss these issues and/or to direct the Court to controlling case law in their respective memoranda that either supports or contradicts these matters. The Court notes that this inclination is intended only to help the parties prepare for oral argument and is not the Court's final decision in the matter. Rather, the parties are encouraged to point to relevant case law and/or facts raised in their memoranda to show the Court why its inclination is mistaken or correct.

The parties should consult the district court's digital calendar on the status conference date for the courtroom assignment.

The Court DECLINES to hear PacMar's Motion in Limine No. 4 Re: Arbitration Award, [filed 3/12/26 (dkt. no. 323),] concurrently with the Motion. The Court RESERVES for a later date its determination of whether to hold an oral argument for that motion in limine.

IT IS SO ORDERED.

Submitted by: Carla Cortez, Courtroom Manager