KEITH M. KIUCHI #2735
1001 Bishop Street, Suite 985
Honolulu, Hawaii 96813
Telephone: (808) 533-2230
Facsimile: (808) 533-4391
E-Mail: kkiuchi106@cs.com

Attorney for Defendants Martin Kao and
Society of Young Women Scientists and Engineers, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARTIN DEFENSE GROUP, LLC, AND NAVATEK HOLDINGS LLC | ) ) ) | Case 1:22-cv-00283-WRP |
| Plaintiffs, | ) ) ) | DEFENDANTS MARTIN KAO, AND SOCIETY OF YOUNG WOMEN SCIENTISTS AND |
| v. | ) ) ) | ENGINEERS, LLC'S REPLY MEMORANDUM IN SUPPORT |
| MARTIN KAO; TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; GARY AMBROSE; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC, | ) ) ) ) ) ) ) ) | OF MOTION TO TAKE DE BENE ESSE DEPOSITION OF MARTIN KAO  Magistrate Judge: Wes Reber Porter Trial Date: No yet reset |
| Defendants. | ) ) ) ) ) | |
| _____ | ) | |

**DEFENDANTS MARTIN KAO, AND SOCIETY OF YOUNG WOMEN
SCIENTISTS AND ENGINEERS, LLC'S REPLY MEMORANDUM IN
SUPPORT OF MOTION TO TAKE DE BENE ESSE DEPOSITION OF
MARTIN KAO**

1

## I.    FACTUAL BACKGROUND

Judge Kobayashi's Court Minutes entered on January 31, 2025 (ECF 227), amended the Rule 16 Scheduling Conference Order entered on Jan. 8, 2024 (ECF 119).  The Jan. 31, 2025 Minutes, which acknowledged that Mr. Kao "intends to assert his Fifth Amendment privilege until he is sentenced in all three of his related criminal proceedings", specifically stated that: "By no later than 45 days from the last entry of judgment filed in Kao's Criminal Proceedings, Society's 30(b)(6) deposition (with Kao as its Rule 30(b)(6) designee) shall be scheduled and held. This deadline also applies to Defendant Kao's individual deposition if Kao's individual deposition was noticed prior to the discovery deadline."  The deposition of Mr. Kao was an exception to the discovery cutoff, of which the last deposition was Tiffany Lam's deposition to be taken by March 17, 2025.

The date upon which the last criminal judgment was entered was October 20, 2025 (See, Notice at ECF 262 filed on Oct. 22, 2025).  This meant that Mr. Kao's deposition would have to be taken by December 4, 2026.  As stated in the filing of April 8, 2025, there was no communication from Plaintiff's counsel to Mr. Kao's counsel until December 2, 2025, which was 2 days before the 45-day deadline set forth in the discovery plan expired.  The parties then agreed to take Mr. Kao's deposition at FCI Sheridan on February 27, 2026.  Plaintiff's memorandum in opposition suggests that Mr. Kao somehow arranged to be moved before that

deposition, but Plaintiff provides no proof that this is true, and the very nature of a person like Mr. Kao being held in federal custody under a sentence makes that highly unlikely. Mr. Kao was moved by the Bureau of Prisons to FCI Herlong, which is located in Shasta County, California, near the Nevada border, then he was moved to FCI Victorville in California, then to FCI Oklahoma City, and finally to Yankton FCI in South Dakota. All of this occurred within a time frame of a month from the original deposition date. Plaintiff's opposition suggests that Mr. Kao is to blame for his deposition not being taken, and Plaintiff for the first time, asserts that Mr. Kao failed to provide documents. At no time after he was sentenced did Plaintiff request any meet and confer regarding document production, and Mr. Kao had, even before he was sentenced in the District of Columbia, provided documents. All of this is a smokescreen by Plaintiff to ask, as they have, that Mr. Kao be defaulted. Mr. Kao is available for a deposition on July 23 and 24, 2026. Mr. Kao has now moved for a de bene esse deposition.

## II.    ARGUMENT AND LAW

Plaintiff's primary argument that Mr. Kao's motion for a de bene esse deposition is that the discovery cutoff has passed and that his deposition should not be allowed for preservation purposes. But the Jan. 31, 2025 Minutes specifically made Mr. Kao's deposition an exception to the discovery cutoff because he asserted his Fifth Amendment right against self-incrimination. A criminal defendant's right

3

to remain silent does not end upon a conviction following a guilty plea or trial. ***Mitchell v. U.S***., 526 U.S. 314, 119 S.Ct. 1307 (1999).  In ***United States v. Garcia***, 78 F.3d 1457 (10th Cir. 1996), a 10th Circuit panel held that the district court judge erred in holding that a criminal defendant's Fifth Amendment rights ended upon his plea, and that he did not have Fifth Amendment rights at sentencing.  The court wrote, "[the] availability of the privilege does not turn upon the type of proceeding in which its protection is invoked, but upon the nature of the statement or admission and the exposure it invites."  The court noted that defendant faced "exposure" because his testimony admitting to distribution of a certain amount of cocaine could have enhanced the sentence he faced.  The Eleventh Circuit (***United States v. Kuku***, 129 F.3d 1435 (11th Cir. 1997); and the D.C. Circuit (***United States v. Lugg***, 892 F.2d 101 (D.C. Cir. 1989), follow the Tenth Circuit.  Mr. Kao has every right to exercise this right, despite inferences in Plaintiff's memorandum that he should not have exercised his Fifth Amendment rights.

Plaintiff, who is allowed to take Mr. Kao's deposition, seems to differentiate between their deposition of Mr. Kao and Mr. Kao's proposed de bene esse deposition.  Case law makes clear that there is no difference between discovery depositions and trial depositions.  In Bobrosky v. Vickers, 170 F.R.D. 411, 416 (W.D. Va. 1997), a federal court wrote: "there is no distinction between discovery and trial depositions."  The Southern District of New York reached a similar

4

conclusion in Donk v. Miller, 2000 WL 218400, *4-5 (S.D.N.Y. Feb. 24, 2000), stating: "[t]he federal courts have not drawn a distinction between discovery depositions and trial depositions for many years." There is no distinction between a discovery deposition, which clearly has been allowed here AND agreed to by the parties, and a trial deposition, which is what Mr. Kao seeks.

As cited in the memorandum supporting the motion, some federal courts have allowed a deposition to be taken even after the discovery cutoff. In *Estate of Gee v. Bloomington Hasp. & Health Care Sys., Inc.*, 2012 WL 729269, at *6 (S.D. Ind. Mar. 6, 2012), a federal court set forth the factors to be considered in granting a de bene esse deposition after the close of discovery are: the unavailability of the witness to appear at trial; whether the deposing party knew of the information the potential witness would testify to prior to the deposition; and whether the opposing party will be prejudiced by granting the deposition - with special attention given to the question of prejudice. Here, there is no prejudice because Mr. Kao's deposition is being taken for discovery, BY AGREEMENT OF THE PARTIES. And, Mr. Kao is a party that Plaintiff has obviously known about. In *Dopson-Troutt v. Novartis Pharm. Corp.*, No. 8:06-CV-1708-T-24, 2014 WL 408050, at *2 (M.D. Fla. Feb. 3, 2014), a federal district court granted the motion to take a de bene esse deposition because seven weeks before trial was determined to be "ample" time to take the deposition. Here, the trial was vacated from its April setting and a new trial date has not been set.

There is no urgency of a trial date that would preclude Mr. Kao's deposition being taken for preservation purposes, especially since Plaintiff will be taking his deposition as discovery.

As argued in the memorandum in support of the motion, courts should consider all of the circumstances in deciding a motion for a preservation deposition. In ***Chrysler Int'l Corp. v. Chemaly***, 280 F.3d 1358, 1362 (11th Cir. 2002) a federal court explained that courts should "consider all the circumstances" in "allowing or disallowing a deposition to be taken for use at trial".  Fed. R. Civ. P. 32(a)(4)(B)–(C) specifically states that a witness may be considered unavailable — and their deposition used in lieu of live testimony — when the witness (1) resides "more than 100 miles from the place of hearing or trial" or (2) "cannot attend or testify because of age, illness, infirmity, or imprisonment."  Mr. Kao presently resides in a South Dakota federal facility, which is more than 100 miles from Hawaii and he is imprisoned.  The ONLY reason cited by Plaintiff is that this deposition is to be taken after the discovery cutoff, but that argument, as argued above, is undercut by the fact that Mr. Kao's deposition was specifically to be taken outside of the discovery cutoff, because he asserted his Fifth Amendment right, which ceased to be relevant after he was sentenced on all of his three criminal offenses, and the fact that Plaintiff will be taking a discovery deposition of Mr. Kao.

Mr. Kao qualifies under FRCP Rule 32 to use his deposition at trial in lieu of live testimony.  And this motion is filed BEFORE his discovery deposition is taken, where the case has not yet been re-set for trial.  While this matter rests within the discretion of this Court, Mr. Kao will not otherwise have the ability to "present his case" and testify in this matter.  As argued in the memorandum in support of this motion, Plaintiff will not be prejudiced because: (a) trial has not yet been re-set in this matter, and (b) Plaintiff will have the opportunity to take Mr. Kao's deposition, without that deposition time impeding on his preservation deposition.  Based upon the foregoing, this Court should grant Mr. Kao's motion for a de bene esse deposition.

DATED:  Honolulu, Hawaii, July 2, 2026.

/s/ Keith M. Kiuchi

_____

KEITH M. KIUCHI

Attorney for Defendants Martin Kao and the
Society of Young Women Scientists and
Engineers, LLC