IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC), | ) CASE NO. 1:22-cv-00283-LEK-WRP ) ) MEMORANDUM IN SUPPORT OF ) MOTION |
| Plaintiff, | ) ) |
| vs. | ) ) |
| MARTIN KAO; TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |
| _____ | ) |
| CLIFFORD CHEN, | ) ) |
| Cross-Claimant, | ) ) |
| vs. | ) ) |
| MARTIN KAO, | ) ) |
| Cross-Claim Defendant. | ) ) |
| _____ | ) |

## TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................................1

II.  RELEVANT BACKGROUND .............................................................................2

    A.   Summary of Allegations Against Kao ....................................................... 2

    B.   Kao's Blanket Fifth Amendment Assertion in His Answer.................................. 3

    C.   Kao's Blanket Fifth Amendment Assertion Throughout Discovery ...................... 4

    D.   Kao's Repeated Failure to Comply With His Basic Discovery Obligations Caused Substantial Delay and Required the Court to Amend the Discovery and Pretrial Deadlines ................................................................ 6

    E.   Kao Now Attempts to Lift His Fifth Amendment Privilege................................. 7

III. LEGAL STANDARD...........................................................................................8

IV.  KAO MUST BE PRECLUDED FROM INTRODUCING EVIDENCE HE FAILED TO DISCLOSE DURING THE DISCOVERY PERIOD ...................................9

    A.   The Court Has the Discretion and Power to Grant the Relief Requested in this Motion ..................................................................... 10

    B.   Kao Must Be Barred from Withdrawing His Fifth Amendment Privilege at Trial.................................................................................. 11

    C.   Kao Must Be Precluded from Offering New Evidence at Trial........................... 14

V.   CONCLUSION....................................................................................................16

i

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

Art Intellect, Inc., No. 2:11-CV-357, 2013 WL 840048,
2013 U.S. Dist. LEXIS 32132 (D. Utah Mar. 6, 2013) ...........................................15

Baker v. Limber, 647 F.2d 916 (9th Cir. 1981).......................................................11

Doran v. Wells Fargo Bank, No. 11-00132 LEK-BMK, 2011 WL 2160643,
2011 U.S. Dist. LEXIS 58436 (D. Haw. May 31, 2011).........................................15

FTC v. Sharp, 782 F. Supp. 1445 (D. Nev. 1991).....................................................8

Gutierrez-Rodriguez v. Cartagena,
882 F.2d 553 (1st Cir. 1989)......................................................................................9

Hamilton v. State Farm Fire & Cas. Co.,
270 F.3d 778 (9th Cir. 2001) ...................................................................................15

Holliday v. Extex, 447 F. Supp. 2d 1131 (D. Haw. 2006) ....................................8, 9

Lyons v. Johnson, 415 F.2d 540 (9th Cir. 1969) ....................................................11

Nationwide Life Ins. Co. v. Richards,
541 F.3d 903 (9th Cir. 2008) .....................................................................................8

SEC v. Benson, 657 F. Supp. 1122 (S.D.N.Y. 1987) .........................................13, 16

SEC v. Colello, 139 F.3d 674 (9th Cir. 1998) ........................................................10

SEC v. Graystone Nash, Inc., 25 F.3d 187 (3d Cir. 1994) ......................................9

SEC v. Interlink Data Network, No. 93 3073 R, 1993 WL 603274,
1993 U.S. Dist. LEXIS 20163 (C.D. Cal. Nov. 15, 1993) ......................................12

SEC v. Zimmerman, 854 F. Supp. 896 (N.D.Ga. 1993) .........................................15

United States v. Certain Real Prop. & Premises Known
as 4003-4005 5th Ave., Brooklyn, N.Y., 55 F.3d 78 (2d Cir. 1995) .....................14

United States v. Hemmen, 51 F,3d 883 (9th Cir. 1995) ...........................................14

United States v. One Parcel of Real Property,
780 F. Supp. 715 (D. Or. 1991) ....................................................................13, 16

United States v. 4003-4005 5th Ave., 55 F.3d 78 (2nd Cir. 1995) ........................12

United States v. $133,420.00 in United States Currency,
672 F.3d 629 (9th Cir. 2012) ....................................................................11, 13, 16

United States SEC v. Cutting, No. 2:21-cv-00103-BLW,
2022 U.S. Dist. LEXIS 178181 (D. Idaho Sep. 28, 2022) ...............................10, 14

United States Sec. & Exch. Comm'n v. Ahmed,
308 F. Supp. 3d 628 (D. Conn. 2018) ......................................................................13

Wehling v. Columbia Broadcasting System,
608 F.2d 1084 (5th Cir. 1979) ................................................................................10

**Rules**

FRCP Rule 16 ...........................................................................................................7

FRCP Rule 26(a)(1) ..................................................................................................8

FRCP Rule 26(b) .......................................................................................................8

MEMORANDUM IN SUPPORT OF MOTION

I.    INTRODUCTION

Since the commencement of this case, Martin Kao, individually and as 30(b)(6) representative of SYWSE, has wielded his Fifth Amendment privilege as a shield to stonewall discovery, which has substantially prejudiced PacMar's ability to conduct discovery throughout this case. Kao now seeks to lift his blanket Fifth Amendment assertion only after nearly every substantive deadline in the Court's Rule 16 Scheduling Order has expired, including the discovery cut-off.

The Federal Rules contemplate full and equal discovery so that trials turn on truth, not surprise. A party cannot invoke the Fifth Amendment to obstruct discovery throughout litigation, and then waive the privilege on the eve of trial to impale his accusers with surprise testimony. Kao's misuse of his privilege has been neither subtle nor isolated. This Court has twice sanctioned him for discovery misconduct, finding his tactics "not substantially justified" and concluding that "reasonable people could not differ" on his failure to comply with his basic discovery obligations. Accordingly, and as explained below, this Motion should be granted, and Kao should be barred with withdrawing the invocation of his Fifth Amendment privilege at this time.

II.    RELEVANT BACKGROUND

Since the commencement of this case, Defendant MARTIN KAO

("**Kao**") has maintained a blanket Fifth Amendment assertion against self-

incrimination regarding all claims alleged in the Second Amended Complaint, filed

April 21, 2023 ("**SAC**").  See CM/EFC Dkts. 100, 150, 171, 201, 210, 212, 225,

227, 245, 248, 309; see Ex. A; see Ex. C; see Ex. E.  With the discovery period

now closed, Kao, individually and as 30(b)(6) representative of Defendant

SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC

("**SYWSE**"), should be barred from revoking his Fifth Amendment privilege and

precluded from offering any testimony, evidence, or exhibits at trial that he failed

to disclose during discovery or pursuant to Court order.

A.    Summary of Allegations Against Kao

This matter arises from various illegal and fraudulent schemes

conducted by Kao while he was the Chief Executive Officer in control of Plaintiff

PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC)

("**Plaintiff**" or "**PacMar**").  See generally, CM/ECF Dkt. 97.  These schemes

included funneling illegal campaign contributions through SYWSE ("**Campaign**

**Fraud**"); obstructing a Federal Election Commission ("**FEC**") investigation into

those same illegal campaign contributions; using false information to illegally

obtain multiple Paycheck Protection Program loans on behalf of PacMar ("**PPP**

2

Fraud"); and improperly using PacMar's funds to pay for Kao's personal expenses and extravagant lifestyle, including but not limited to, multimillion dollar properties around Oahu and the attorney's fees he incurred related to the FEC investigation and criminal cases arising out of the Campaign Fraud and PPP Fraud.

B.    Kao's Blanket Fifth Amendment Assertion in His Answer

On May 19, 2023, Kao, Defendant TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO ("**Lam**"), and SYWSE filed a consolidated Answer to the SAC ("**Answer**").  CM/ECF Dkt. 100.  In his Answer, Kao admitted that he was charged by indictment in the criminal case, *United States v. Kao*, Case No. 1:20-mj-01208-WRP ("**PPP Fraud Case**"), and his sentencing was scheduled for September 7, 2023.  Id. at 2, ¶¶ 1–2.  He also admitted he was indicted in a separate criminal case, *United States v. Kao*, Case No. 1-22-cr-00048-CJN ("**Campaign Fraud Case**"), but his sentencing had not been scheduled.  Id. at 2, ¶ 3.  Due to his ongoing criminal proceedings, Kao asserted a blanket Fifth Amendment objection to all claims alleged in the SAC, which he claimed also applied to SYWSE.  See generally, CM/ECF Dkt. 100.  Lam's Answer also asserted a blanket Fifth Amendment objection to all claims alleged in the SAC, which she also claimed applied to SYWSE because she was identified as "Individual A" in the indictment in the Campaign Fraud Case.  Id. at 3, ¶ 5.

3

Notably, the consolidated Answer failed to deny, dispute, or contest the allegation that Lam was the sole registered manager, member, and agent of SYWSE, or that Lam had signed, approved, or otherwise authorized documents and checks in her capacity as SYWSE's principal and agent.  Compare CM/ECF Dkt. 97:18–19, 28–30, ¶¶ 76, 82–83, 85, 127, 138, with CM/ECF Dkt. 100:13–14, 18–19, ¶¶ 76, 82–83, 85, 127, 138.  The consolidated Answer also failed to assert any affirmative defenses alleging that Kao forged Lam's signature on SYWSE's documents and checks, or that Lam did not know of or authorize those same items. See CM/ECF Dkt. 100:49–51, ¶¶ 20–29 (affirmative defenses).

Accordingly, the consolidated Answer created a reasonably belief that Lam knew and/or participated in SYWSE's operations as its sole principal and agent, and that she signed or otherwise authorized the documents and checks bearing her name and signature on behalf of SYWSE.

C.      Kao's Blanket Fifth Amendment Assertion Throughout Discovery

Discovery requests to Kao, Lam, and SYWSE provided no further insight.  PacMar served its First Request for Production of Documents ("**RPOD**") on Kao, Lam, and SYWSE on January 17, 2024.  See CM/ECF Dkts. 121–22, 126. Although their responses were due on February 16, 2024, PacMar only received their written responses on August 15, 2024 and October 4, 2024, which were noticeably sent *after* PacMar was forced to file a Motion to Compel.  Compare Ex.

4

A, and Ex. B, and Ex. E, with CM/ECF Dkt. 142; see Declaration of Grant Fasi Allison, Esq. ("**Allison Decl.**"), ¶¶ 3–7.  Despite receiving written responses from the defendants, PacMar had not received any documents related to the RPOD.  See Allison Decl., ¶ 8.  As a result, the Court granted PacMar's Motion to Compel and reprimanded both Kao and Lam for misusing their Fifth Amendment privilege to withhold basic discovery, ordered them to provide a proper response and produce all responsive documents in their possession, and awarded PacMar its reasonable expenses related to the Motion to Compel.  CM/ECF Dkts. 157 (finding that Kao and Lam's actions in the discovery dispute "were not substantially justified"), 163.

Barring a few documents related to a prior arbitration, Kao, Lam, and SYWSE continued to improperly withhold discovery under the Fifth Amendment. See Allison Decl., ¶ 9; see also CM/ECF Dkt. 164.  As a result, PacMar was forced to file a Second Motion to Compel, which the Court granted nearly in full, only stopping short of awarding the full range of sanctions requested.  CM/ECF Dkts. 164, 192 (finding that "reasonable people could not differ" on Kao and Lam's blatant disregard of their discovery obligations), 207.  In their amended written responses, Kao and Lam continued to object to the disclosure of certain documents based on their Fifth Amendment privilege.  See Ex. C; see Ex. D.

5

D.    Kao's Repeated Failure to Comply With His Basic Discovery
Obligations Caused Substantial Delay and Required the Court to
Amend the Discovery and Pretrial Deadlines

Kao, Lam, and SYWSE's dilatory actions and improper blanket

assertions of the Fifth Amendment heavily prejudiced PacMar's discovery

throughout this case.  As a result, PacMar was forced to file a motion to continue

trial.  CM/ECF Dkt. 177.  In response, Kao disputed PacMar's contention that he

withheld discovery in bad faith, claiming that the documents sought by PacMar

were either custodied with the federal government and not within his possession, or

he was prohibited from sharing those documents under court order.  CM/ECF Dkt.

210:2–3.  Kao also disclosed, for the first time, that only he could testify on

SYWSE's behalf because "Lam's involvement with [SYWSE] was extremely

limited."  Id. at 2.  Because Kao insisted on maintaining his Fifth Amendment

privilege, PacMar continued to be denied any further information about Lam's

involvement, and the Court rescheduled the trial date and ordered the Parties to

submit a joint discovery plan.  CM/ECF Dkts. 212, 222, 235.

Per the Court's order, the Parties filed a joint discovery plan on

January 27, 2025, which stated in relevant part:

> Kao's counsel informed the Parties that *Kao will continue to maintain
> and assert his Fifth Amendment privilege until sentencing occurs*, but
> once he is sentenced, he will no longer assert the privilege.  Kao's
> counsel also expressly stated that sentencing in the D.C. case must
> occur before Kao can testify on matters related to SYWSE or its
> political donations, *and that Kao would assert that privilege as*

6

*SYWSE's 30(b)(6) representative*.

CM/ECF Dkt. 225:4 (emphasis added).

Given Kao's continued refusal to produce any discovery in the case, the Court issued an order amending the discovery deadlines ("**Rule 16 Scheduling Order**"), which specifically noted that "*[t]he discovery deadline in this case [has] closed on November 15, 2024*." CM/ECF Dkt. 248:2, ¶ B1 (emphasis added). However, because the Campaign Fraud Case remained ongoing, the Court granted Kao and SYWSE additional time to produce any outstanding documents and/or answers to interrogatories being withheld under the Fifth Amendment. Id. at 2, ¶ A6. The Court also granted PacMar an extension to conduct Kao's deposition, individually and as 30(b)(6) representative of SYWSE. Id. at 2, ¶ A7.

E.      Kao Now Attempts to Lift His Fifth Amendment Privilege

On February 13, 2025, the district court sentenced Kao to 87 months of incarceration related to the PPP Fraud Case. Ex. F. On October 23, 2025, the district court sentenced Kao to 33 months of incarceration related to the Campaign Fraud Case. CM/ECF Dkts. 262–63. With the conclusion of both his criminal cases, Kao's Fifth Amendment privilege no longer applied. Pursuant to the Rule 16 Scheduling Order, Kao and SYWSE were now required to produce all discovery withheld under the Fifth Amendment. CM/ECF Dkt. 227:2, ¶ A6. Kao was also required to avail himself to PacMar's efforts to depose him, individually

7

and as 30(b)(6) representative of SYWSE.  Id., ¶ A7.  PacMar had not received any additional documents from Kao or SYWSE.  See Allison Decl., ¶ 10.

On April 8, 2026, Kao and SYWSE's attorney represented that "as of October 22, 2025[,] all documents that would have been produced by Mr. Kao in this matter has already been produced to PacMar."  CM/ECF Dkt. 333-1:3, ¶ 6.  On March 2, 2026, Kao and SYWSE filed a joint Pretrial Statement, affirming that  (1) all discovery had been produced, (2) no exhibits would be offered at trial, and (3) Kao was the only witness to be called at trial, but due to his incarceration, it is unlikely that Kao would appear at trial.  CM/ECF Dkt. 309:5–7.

III.    LEGAL STANDARD

"The Federal Rules of Civil Procedure ["**FRCP**"] 'contemplate…'full and equal discovery'…so as to prevent surprise, prejudice and perjury' during trial."  Nationwide Life Ins. Co. v. Richards, 541 F.3d 903, 910 (9th Cir. 2008) (quoting FTC v. Sharp, 782 F. Supp. 1445, 1452 (D. Nev. 1991)).  Therefore, FRCP Rule 26(a)(1) allows "[p]arties [to] obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"  Fed. R. Civ. P. 26(b)(1).  "Relevancy, for purposes of Rule 26(b), is a board concept that is construed liberally."  Holliday v. Extex, 447 F. Supp. 2d 1131, 1140 (D. Haw. 2006).  "'Discovery is not limited to the issues raised only in the pleadings, but

8

rather it is designed to define and clarify the issues.'" <u>Holliday</u>, 447 F. Supp. 2d at 1140 (citations omitted).

Although the Fifth Amendment is an exception to general discovery rules, civil litigants are not permitted to use such privilege as both a "sword" and "shield." <u>Richards</u>, 541 F.3d at 910 (citing <u>Gutierrez-Rodriguez v. Cartagena</u>, 882 F.2d 553, 577 (1st Cir. 1989)). In other words, "'because the privilege may be initially invoked and later waived at a time when an adverse party can no longer secure the benefits of discovery, the potential for exploitation is apparent.'" <u>Id.</u> (quoting <u>SEC v. Graystone Nash, Inc.</u>, 25 F.3d 187, 190 (3d Cir. 1994)). Accordingly, "[a] defendant may not use the fifth amendment to shield h[im]self from the opposition's inquiries during discovery only to impale h[is] accusers with surprise testimony at trial." <u>Id.</u> (quoting <u>Gutierrez-Rodriguez</u>, 882 F.2d at 577).

IV.    KAO MUST BE PRECLUDED FROM INTRODUCING EVIDENCE HE
       <u>FAILED TO DISCLOSE DURING THE DISCOVERY PERIOD</u>

Kao has repeatedly engaged in a number of discovery abuses to gain a tactical advantage to avoid having to comply with his basic discovery obligations. <u>E.g.</u>, CM/ECF Dkts. 157 (finding that Kao's refusal to withhold all document requested "w[as] not substantially justified"), 163 (awarding PacMar its expenses related to its Motion to Compel), 192 (finding that "reasonable people could not differ" on Kao's blatant disregard of his discovery obligations), 207 (awarding PacMar its expenses related to its Second Motion to Compel).

9

Kao cannot maintain the Fifth Amendment throughout the entirety of discovery, produce a limited number of documents after both his criminal proceedings have concluded, and then waive the Fifth Amendment at a later time to introduce favorable evidence at trial.  "While [a defendant] certainly has the right to either assert the privilege *or* provide unlimited […] testimony, 'he cannot have it both ways.'" United States SEC v. Cutting, No. 2:21-cv-00103-BLW, 2022 U.S. Dist. LEXIS 178181, 2022 WL 4536816, *26 (D. Idaho Sept. 28, 2022) (Alterations added) (emphasis in original) (citation omitted); see also Richards, 514 F.3d at 910.  Accordingly, Kao, individually and as 30(b)(6) representative of SYWSE, cannot withdraw his previously asserted Fifth Amendment privilege to offer new testimony at trial on any topic he failed to disclose during discovery or pursuant to Court order.

A.    The Court Has the Discretion and Power to Grant the Relief Requested in this Motion

Courts have broad discretion to fashion and order appropriate relief, including preclusionary orders against parties who invoke the Fifth Amendment, particularly where the privilege has been abused or the last-minute revocation of the privilege would otherwise prejudice the other party.  SEC v. Colello, 139 F.3d 674, 677 (9th Cir. 1998) (citing Wehling v. Columbia Broadcasting System, 608 F.2d 1084, 1089 (5th Cir. 1979) (holding that the district court "would be free to fashion whatever remedy is required to prevent unfairness")).  As explained in

further detail below, the relief requested in this Motion is not only appropriate, but necessary to address Kao's underhanded tactics to avoid complying with his discovery obligations and to mitigate the prejudice caused to PacMar.

B.    Kao Must Be Barred from Withdrawing His Fifth Amendment Privilege at Trial

A civil litigant may assert his Fifth Amendment privilege to shield himself from compulsory discovery if disclosure risks self-incrimination. Baker v. Limber, 647 F.2d 916 (9th Cir. 1981). Although this privilege is constitutionally based, courts must remain alert to the risk that the litigant may seek to use the Fifth Amendment primarily as a tactical device to obstruct discovery, manipulate proceedings, or gain an unfair strategic advantage. Richards, 541 F.3d at 903; United States v. $133,420.00 in United States Currency, 672 F.3d 629 (9th Cir. 2012). To ensure fairness, "'the competing interests of the party asserting the privilege, and the party against whom the privilege is invoked must be carefully balanced,' and 'the detriment to the party asserting it should be no more than is necessary to prevent unfair and unnecessary prejudice to the other side.'" Richards, 541 F.3d at 910 (citations omitted). Courts, however, must remain cognizant that the party who invoked the privilege is the one who "made the election to create an imbalance in the pans of the scales" in the first place. Lyons v. Johnson, 415 F.2d 540, 541–42 (9th Cir. 1969). Courts should additionally consider the manner in which the privilege was invoked and used (or abused) over

11

the course of the civil action.  See United States v. 4003-4005 5th Ave., 55 F.3d

78, 84 (2nd Cir. 1995) ("Since an assertion of the Fifth Amendment is an effective

way to hinder discovery and provides a convenient method for obstructing a

proceeding, trial courts must be especially alert to the danger that the litigant might

have invoked the privilege primarily to abuse, manipulate or gain an unfair

strategic advantage over opposing parties.").

Where a party asserts a blanket Fifth Amendment objection to prevent

the opposing party from obtaining any discovery regarding key facts at issue, the

injustice of allowing that party to subsequently offer evidence on those same facts

at a hearing or trial is "especially manifest."  SEC v. Interlink Data Network,

No. 93 3073 R, 1993 WL 603274, 1993 U.S. Dist. LEXIS 20163, at * 33 n.97

(C.D. Cal. Nov. 15, 1993).  By hiding behind the protection of the Fifth

Amendment, the party forfeits the right to offer evidence disputing the opposing

party's evidence or supporting their own denials.  Id. at *33.

Here, the scales weigh heavily against Kao's ability to withdraw his

prior blanket assertions of his Fifth Amendment privilege.  Not only was PacMar

forced to file multiple motions to compel Kao to comply with his discovery

obligations, which caused substantial disruption and delay, the Court also found,

on multiple occasions, that Kao abused his Fifth Amendment privilege to

improperly withhold relevant discovery for the near entirety of the discovery

period.  CM/ECF Dkts. 142 (Motion to Compel), 157 (Order granting Motion to Compel), 163 (awarding fees and costs); 164 (Second Motion to Compel), 192 (Order Granting Second Motion to Compel), 207 (awarding fees and costs), 177 (Motion to Continue Trial Date), 235 (Order Granting Motion to Continue Trial Date), 248 (amending the trial date from January 24, 2025 to April 20, 2026).

In short, Kao "has invoked and received the benefit of the Fifth Amendment privilege at every stage of this proceeding, and now he must also bear the consequences of that decision." United States Sec. & Exch. Comm'n v. Ahmed, 308 F. Supp. 3d 628, 650 (D. Conn. 2018) (citations omitted).  Under the circumstances here, this Court should bar Kao from withdrawing his Fifth Amendment privilege at trial.  E.g., Richards, 541 F.3d at 911 (affirming the district court's holding to preclude Angelina from testifying as to the subject matters to which she asserted her Fifth Amendment privilege); see e.g., United States v. One Parcel of Real Property, 780 F. Supp. 715, 722 (D. Or. 1991) (striking the defendant's counterclaim and affirmative defense in its entirety due to defendant's misuse of his Fifth Amendment privilege); see e.g. SEC v. Benson, 657 F. Supp. 1122, 1129 (S.D.N.Y. 1987) (holding that a defendant who obstructs discovery and asserts his Fifth Amendment privilege forfeits the right to introduce evidence disputing the plaintiff's claims or supporting their own denials, thereby justifying a grant of summary judgment); see $133,420.00 in United States

13

Currency, 672 F.3d at 640 ("We have long held that a district court may strike the testimony of a witness in a criminal proceeding to avoid a witness's improper use of the Fifth Amendment privilege against self-incrimination as a sword as well as a shield.").

Thus, for any questions related to SYWSE, including Kao's alleged role within the company, the origin of any signatures on SYWSE's documents and checks, any political donations, 1820 PAC, any communications with PacMar (or its predecessor), or any relevant communications with his co-defendants, Kao's testimony must be limited to his invocation of the Fifth Amendment.

C.    Kao Must Be Precluded from Offering New Evidence at Trial

"[I]f a litigant in a civil proceeding seeks to waive his Fifth Amendment privilege only at the 'eleventh hour,' and such waiver 'appears to be part of a manipulative, 'cat-and-mouse approach' to the litigation,' a trial court may bar the litigant 'from testifying later about matters previously hidden from discovery through an invocation of the privilege.'" Cutting, 2022 U.S. Dist. LEXIS 178181, at *25-26 (quoting United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y., 55 F.3d 78, 85 (2d Cir. 1995)).[1]

---

[1] In rejecting a litigant's belated attempts to withdraw their Fifth Amendment privilege and offer contradictory testimony at trial, many courts have held that its rejection echoes the rationale underlying the doctrine of equitable and judicial estoppel.  Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y., 55 F.3d at 85; United States v. Hemmen, 51 F,3d 883, 892 (9th

14

"Courts therefore have consistently stricken affidavit or declaration testimony under similar circumstances." Id. at *25 (citing Art Intellect, Inc., No. 2:11-CV-357, 2013 WL 840048, 2013 U.S. Dist. LEXIS 32132, at *10 (D. Utah Mar. 6, 2013) (collecting cases)) (quoting SEC v. Zimmerman, 854 F. Supp. 896, 899 (N.D.Ga. 1993) ("The Fifth Amendment privilege cannot be invoked to oppose discovery and then tossed aside to support a party's assertions."))).

Kao was allowed to invoke his Fifth Amendment privilege to shield himself, individually and as 30(b)(6) representative of SYWSE, throughout the entirety of the discovery period. See CM/EFC Dkts. 100, 150, 171, 201, 210, 212, 225, 227, 245, 248, 309; see Ex. A; see Ex. C; see Ex. E. Now that the discovery period has long since ended, Kao cannot simply withdraw his privilege to offer new evidence and testimony at trial. See CM/ECF Dkt. 248:2, ¶ B1 (noting that "[t]he discovery deadline in this case had closed on November 15, 2024"). Therefore, the Court should enter an order barring Kao from waiving his privilege at trial related to any new evidence or testimony he previously refused to disclose

---

Cir. 1995) (reciting elements of equitable estoppel); Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782–83 (9th Cir. 2001) (reciting elements and explaining that judicial estoppel is used to "prevent a party from gaining any advantage by taking inconsistent positions, [] because of general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings," and to "protect against a litigant playing fast and loose with the courts." (Quotations omitted)); Doran v. Wells Fargo Bank, No. 11-00132 LEK-BMK, 2011 WL 2160643, 2011 U.S. Dist. LEXIS 58436, *20–21 (D. Haw. May 31, 2011).

15

during the discovery period or pursuant to Court order.  E.g., Richards, 541 F.3d at 911; see e.g., One Parcel of Real Property, 780 F. Supp. at 722; see e.g. SEC v. Benson, 657 F. Supp. at 1129; see $133,420.00 in United States Currency, 672 F.3d at 640.

V.    CONCLUSION

For the foregoing reasons, PacMar respectfully requests that the Court grant this Motion.

DATED:  Honolulu, Hawaii, July 30, 2026.


/s/ Kira J. Goo
CRYSTAL K. ROSE
RYAN H. ENGLE
GRANT FASI ALLISON
JOHN D. FERRY III
KIRA J. GOO
LYLE S. HOSODA
SPENCER J. LAU

Attorneys for Plaintiff
PACMAR TECHNOLOGIES LLC
(f/k/a MARTIN DEFENSE GROUP, LLC)