IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC), <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN KAO; TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC, <br><br> Defendants. | CASE NO. 1:22-cv-00283-LEK-WRP <br><br> DECLARATION OF GRANT FASI ALLISON |
| CLIFFORD CHEN, <br><br> Cross-Claimant, <br><br> vs. <br><br> MARTIN KAO, <br><br> Cross-Claim Defendant. | |

<u>DECLARATION OF GRANT FASI ALLISON</u>

I, GRANT FASI ALLISON, declare as follows:

1.      I am a partner at the law firm of Lung Rose Voss & Wagnild and am one of the attorneys representing the Plaintiff PACMAR TECHNOLOGIES LLC (f/k/a MARTIN DEFENSE GROUP, LLC) ("**PacMar**") in the above-captioned matter.  I am licensed to practice law before all the state and federal courts in the State of Hawaii.

2.      I am competent to testify as to the matters set forth herein and make this declaration based upon my own personal information and knowledge.

3.      On January 17, 2024, PacMar served its First Request for Production of Documents ("**RPOD**") on Defendants MARTIN KAO ("**Kao**"), TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO ("**Lam**"), and SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC ("**SYWSE**").  <u>See</u> CM/ECF Dkts. 121–22, 126.

4.      Under Federal Rules of Civil Procedure, Rule 34(b)(2)(A), Kao, Lam, and SYWSE's written responses were due on or before February 16, 2024. Fed. R. Civ. P. 34(b)(2)(A).

5.      On August 15, 2024, I received a copy of Kao's written response to the RPOD.  I received Kao's written response *after* PacMar filed its Motion to Compel [Dkt. 142].

6.      On August 15, 2024, I received a copy of Lam's written response to the RPOD.  I received Lam's written response *after* PacMar filed its Motion to Compel [Dkt. 142].

7.      On October 4, 2024, I received a copy of SYWSE's written response to the RPOD.  I received SYWSE's written response *after* PacMar filed its Motion to Compel [Dkt. 142].

8.      Despite receiving written responses from Kao, Lam, and SYWSE on August 15, 2024, August 15, 2024, and October 4, 2024, respectively, PacMar had not received any documents requested in its RPOD.

9.      Barring a few documents related to the prior arbitration, Kao, Lam, and SYWSE continued to improperly withhold documents from PacMar despite explicit court orders to produce all relevant documents requested.

10.     Within 30 days from the last entry of judgment filed in Kao's last criminal proceeding, both Kao and SYWSE were obligated to produce any discovery previously withheld on the basis of Kao's Fifth Amendment privilege. CM/ECF Dkt. 227:2, ¶ A.6.  PacMar had not received any additional discovery from Kao or SYWSE.

11.     Attached hereto as **Exhibit A** is a true and correct copy of Kao's Response to the RPOD.

12.     Attached hereto as **Exhibit B** is a true and correct copy of Lam's Response to the RPOD.

13.     Attached hereto as **Exhibit C** is a true and correct copy of Kao's Amended Response to the RPOD.

14.     Attached hereto as **Exhibit D** is a true and correct copy of Lam's Amended Response to the RPOD.

15.     Attached hereto as **Exhibit E** is a true and correct copy of SYWSE's Response to the RPOD.

16.     Attached hereto as **Exhibit F** is a true and correct copy of the criminal sentencing order issued against Kao in the criminal case, *United States of America v. Martin Kao*, Case Nos. 1:21-cr-00061-LEK-1 and 1:23-cr-00003-LEK-1.  I respectfully request this Court take judicial notice of Exhibit F, as it is a public court record.  Fed. R. Evid. 201.

I, GRANT FASI ALLISON, do declare under penalty of law that the foregoing is true and correct.

DATED: Honolulu, Hawaii, July 30, 2026.

*/s/ Grant Fasi Allison*
GRANT FASI ALLISON

3