# EXHIBIT C

KEITH M. KIUCHI #2735
1001 Bishop Street, Suite 985
Honolulu, Hawaii 96813
Telephone: (808) 533-2230
Facsimile: (808) 533-4391
E-Mail: kkiuchi106@cs.com

Attorney for Defendants Martin Kao, Tiffany Lam, and
Society of Young Women Scientists and Engineers, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARTIN DEFENSE GROUP, LLC, AND NAVATEK HOLDINGS LLC<br><br>Plaintiffs,<br><br>v.<br><br>MARTIN KAO; TIFFANY JENNIFER LAM a.k.a. JENNY LAM and/or TIFFANY KAO; LAWRENCE KAHELE LUM KEE; CLIFFORD CHEN; GARY AMBROSE; DUKE HARTMAN; SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC,<br><br>Defendants. | ) Case 1:22-cv-00283-WRP<br>)<br>)<br>) DEFENDANT MARTIN<br>) KAO'S AMENDED<br>) RESPONSE TO<br>) PLAINTIFF PACMAR<br>) TECHNOLOGIES LLC'S<br>) FIRST REQUEST FOR<br>) PRODUCTION OF<br>) DOCUMENTS TO<br>) DEFENDANT MARTIN<br>) KAO<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT MARTIN KAO'S AMENDED RESPONSE TO PLAINTIFF PACMAR TECHNOLOGIES LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARTIN KAO**

1

# EXHIBIT C

MARTIN KAO ("Defendant") hereby provides his response to *Plaintiff PacMar Technologies LLC's First Request For Production Of Documents To Defendant Martin Kao* (the "Request").

## GENERAL OBJECTIONS PERTAINING TO REQUEST

Defendant objects to instructions and definitions to the extent that they are vague, ambiguous, unduly burdensome, and/or impose an obligation not required by the Federal Rules of Civil Procedure ("FRCP").

Defendant objects to the requests to the extent they seek documents that are not relevant.

Defendant objects to any request that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the extent to which the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant objects to any duty to supplement beyond that required by FRCP Rule 26.

Defendant objects to the document requests to the extent they seek privileged communications or documents not subject to discovery, including, but not limited to attorney-client communications and information protected from

2

discovery by the work-product doctrine. Any disclosure of privileged or protected documents or communications is inadvertent and not intended to waive any privilege or protection.

Mr. Kao further objects on the basis that almost all of the documents requested are already in the possession of Plaintiff for the reasons set forth below.

Each of these general objections is incorporated into each of the responses set forth below. Each of the responses contained herein are made subject to, and without waiving, each of these general objections and/or the further specific objections set forth below. All objections contained herein are made by the undersigned counsel for Defendant.

Dated: Honolulu, Hawaii, October 4, 2024.

/s/ Keith M. Kiuchi
Keith M. Kiuchi
Attorney for Defendant Martin Kao

3

## AMENDED RESPONSES TO REQUESTS FOR PRODUCTION

Objections are raised as to all the requests.  An objection does not necessarily mean that responsive documents exist.

### Document Request Nos. 1 - 3:

OBJECTION:

Defendant Kao objects to these requests on the basis that they are overly broad.

/s/  Keith M. Kiuchi
Keith M. Kiuchi

Response: No documents will be produced. First, Mr. Kao asserts the Privilege Against Self-Incrimination as set forth the Fifth Amendment of the United States Constitution, and Article I, Section 10 of the Hawai'i Constitution.  Second, Mr. Kao has no documents in his possession responsive to the request.  Mr. Kao was arrested on September 29, 2020 on federal charges and upon his arrest: (a) he was not allowed to enter the offices of Plaintiff, (b) his laptop computer and desktop computer was seized by Plaintiff, and (c) he was not allowed to take any documents that he had access to in his former position.

### Document Request No. 4:

OBJECTION:

Defendant Kao objects to this request asserting the marital privilege.

/s/  Keith M. Kiuchi
Keith M. Kiuchi

Response: No documents will be produced. Mr. Kao also asserts the Privilege Against Self-Incrimination as set forth the Fifth Amendment of the United States Constitution, and Article I, Section 10 of the Hawai'i Constitution.  Ms. Lam is also under investigation for potential criminal charges.

## Document Request Nos. 5 - 10:

Response: Mr. Kao also affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced.  In addition, Mr. Kao asserts the Privilege Against Self-Incrimination as set forth the Fifth Amendment of the United States Constitution, and Article I, Section 10 of the Hawai'i Constitution.  All of the communications requested are related to a federal criminal indictment and investigation of Mr. Kao.  Any and all e-mails are in the possession of Plaintiff as they have access to those e-mails on the company server.  Plaintiff has requested access to Mr. Kao's cellular phone, which was seized by the federal government, and was subject to a motion, filed in part by Plaintiff, to release the cellular phone to Plaintiff.  Mr. Kao does not have access to that cellular phone.

## Document Request Nos. 11 - 13:

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced.  In addition, Mr. Kao asserts attorney-client privilege as to any communications with Mr. O'Malley, the Goodsill law firm, and William Canfield.  To the extent that both Mr. O'Malley and the Goodsill law firm have elected to waive the attorney-client privilege, that is Mr. Kao's privilege to waive and he does not waive that privilege as to communications made to his counsel.  Any and all e-mails are in the possession of Plaintiff as they have access to those e-mails on the company server.  Plaintiff has requested access to Mr. Kao's cellular phone, which was seized by the federal government, and was subject to a motion, filed in part by Plaintiff, to release the cellular phone to Plaintiff.  Mr. Kao does not have access to that cellular phone.

5

## Document Request Nos. 14 - 15:

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced. In addition, Mr. Kao asserts the Privilege Against Self-Incrimination as set forth the Fifth Amendment of the United States Constitution, and Article I, Section 10 of the Hawai'i Constitution. All of the communications requested are related to a federal criminal indictment and investigation of Mr. Kao. Any and all e-mails are in the possession of Plaintiff as they have access to those e-mails on the company server. Plaintiff has requested access to Mr. Kao's cellular phone, which was seized by the federal government, and was subject to a motion, filed in part by Plaintiff, to release the cellular phone to Plaintiff. Mr. Kao does not have access to that cellular phone.

## Document Request Nos. 16 - 20:

Response: Mr. Kao affirmatively states that any documents that he has in his possession in response to this request are in the possession of his criminal defense attorney and were provided to him in his federal criminal case as part of *Jenks* discovery, and he is not allowed to release those documents. In addition, Mr. Kao asserts the Privilege Against Self-Incrimination as set forth the Fifth Amendment of the United States Constitution, and Article I, Section 10 of the Hawai'i Constitution. All of the communications requested are related to a federal criminal indictment and investigation of Mr. Kao. Any and all e-mails are in the possession of Plaintiff as they have access to those e-mails on the company server. Plaintiff has requested access to Mr. Kao's cellular phone, which was seized by the federal government, and was subject to a motion, filed in part by Plaintiff, to release the cellular phone to Plaintiff. Mr. Kao does not have access to that cellular phone.

6

**Document Request Nos. 21 - 22:**

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced.  In addition, Mr. Kao asserts the Privilege Against Self-Incrimination as set forth the Fifth Amendment of the United States Constitution, and Article I, Section 10 of the Hawai'i Constitution.  All of the communications requested are related to a federal criminal indictment and investigation of Mr. Kao.  Any and all e-mails are in the possession of Plaintiff as they have access to those e-mails on the company server.  Plaintiff has requested access to Mr. Kao's cellular phone, which was seized by the federal government, and was subject to a motion, filed in part by Plaintiff, to release the cellular phone to Plaintiff.  Mr. Kao does not have access to that cellular phone.

**Document Request No. 23:**

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced.  In addition, Mr. Kao asserts attorney-client privilege as to any communications with Mr. O'Malley and the Goodsill law firm.  To the extent that both Mr. O'Malley and the Goodsill law firm have elected to waive the attorney-client privilege, that is Mr. Kao's privilege to waive and he does not waive that privilege as to communications made to his counsel.  Any and all e-mails are in the possession of Plaintiff as they have access to those e-mails on the company server.  Plaintiff has requested access to Mr. Kao's cellular phone, which was seized by the federal government, and was subject to a motion, filed in part by Plaintiff, to release the cellular phone to Plaintiff.  Mr. Kao does not have access to that cellular phone.

7

## Document Request Nos. 24 - 25:

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced. The requested files were kept by Defendant Kahele Lum Kee, and then were sent to the Starn O'Toole office, and given that the Starn O'Toole office represented Plaintiff, those documents should be in the Plaintiff's possession. Any and all e-mails are in the possession of Plaintiff as they have access to those e-mails on the company server. Plaintiff has requested access to Mr. Kao's cellular phone, which was seized by the federal government, and was subject to a motion, filed in part by Plaintiff, to release the cellular phone to Plaintiff. Mr. Kao does not have access to that cellular phone.

## Document Request Nos. 26 - 34:

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced. In addition, Mr. Kao asserts the Privilege Against Self-Incrimination as set forth the Fifth Amendment of the United States Constitution, and Article I, Section 10 of the Hawai'i Constitution. All of the communications requested are related to a federal criminal indictment and investigation of Mr. Kao. Any and all e-mails are in the possession of Plaintiff as they have access to those e-mails on the company server. Plaintiff has requested access to Mr. Kao's cellular phone, which was seized by the federal government, and was subject to a motion, filed in part by Plaintiff, to release the cellular phone to Plaintiff. Mr. Kao does not have access to that cellular phone.

8

**Document Request Nos. 35 - 36:**

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced. Any and all e-mails are in the possession of Plaintiff as they have access to those e-mails on the company server. Plaintiff has requested access to Mr. Kao's cellular phone, which was seized by the federal government, and was subject to a motion, filed in part by Plaintiff, to release the cellular phone to Plaintiff. Mr. Kao does not have access to that cellular phone.

**Document Request No. 37:**

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced. In addition, Mr. Kao asserts attorney-client privilege as to any communications with Mr. O'Malley and the Goodsill law firm. To the extent that both Mr. O'Malley and the Goodsill law firm have elected to waive the attorney-client privilege, that is Mr. Kao's privilege to waive and he does not waive that privilege as to communications made to his counsel. Any and all e-mails are in the possession of Plaintiff as they have access to those e-mails on the company server. Plaintiff has requested access to Mr. Kao's cellular phone, which was seized by the federal government, and was subject to a motion, filed in part by Plaintiff, to release the cellular phone to Plaintiff. Mr. Kao does not have access to that cellular phone.

**Document Request No. 38:**

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced. Any and all e-mails are in the possession of Plaintiff as they have access to those e-mails on the company server. Plaintiff has requested access to Mr. Kao's cellular phone, which was seized by the federal government, and was subject to a motion, filed in part by Plaintiff, to release the cellular phone to Plaintiff. Mr. Kao does not have access to that cellular phone.

9

## Document Request No. 39:

Response: This document request is a repeat of Document Request No. 24. Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced. The requested files were kept by Defendant Kahele Lum Kee, and then were sent to the Starn O'Toole office, and given that the Starn O'Toole office represented Plaintiff, those documents should be in the Plaintiff's possession. Any and all e-mails are in the possession of Plaintiff as they have access to those e-mails on the company server. Plaintiff has requested access to Mr. Kao's cellular phone, which was seized by the federal government, and was subject to a motion, filed in part by Plaintiff, to release the cellular phone to Plaintiff. Mr. Kao does not have access to that cellular phone.

## Document Request Nos. 40 - 42:

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced. The requested files were kept by Defendant Kahele Lum Kee, and then were sent to the Starn O'Toole office, and given that the Starn O'Toole office represented Plaintiff, those documents should be in the Plaintiff's possession. Any and all e-mails are in the possession of Plaintiff as they have access to those e-mails on the company server. Plaintiff has requested access to Mr. Kao's cellular phone, which was seized by the federal government, and was subject to a motion, filed in part by Plaintiff, to release the cellular phone to Plaintiff. Mr. Kao does not have access to that cellular phone.

**Document Request No. 43:**

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced. In addition, Mr. Kao asserts the Privilege Against Self-Incrimination as set forth the Fifth Amendment of the United States Constitution, and Article I, Section 10 of the Hawai'i Constitution. All of the communications requested are related to a federal criminal indictment and investigation of Mr. Kao. Any and all e-mails are in the possession of Plaintiff as they have access to those e-mails on the company server. Plaintiff has requested access to Mr. Kao's cellular phone, which was seized by the federal government, and was subject to a motion, filed in part by Plaintiff, to release the cellular phone to Plaintiff. Mr. Kao does not have access to that cellular phone.

**Document Request Nos. 44 - 45:**

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced.

**Document Request No. 46:**

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced. In addition, Mr. Kao asserts attorney-client privilege as to any communications with Mr. O'Malley and the Goodsill law firm. To the extent that both Mr. O'Malley and the Goodsill law firm have elected to waive the attorney-client privilege, that is Mr. Kao's privilege to waive and he does not waive that privilege as to communications made to his counsel.

11

**Document Request No. 47:**

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced. The requested files were kept by Defendant Kahele Lum Kee, and then were sent to the Starn O'Toole office, and given that the Starn O'Toole office represented Plaintiff, those documents should be in the Plaintiff's possession.

**Document Request No. 48:**

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced.

**Document Request No. 49:**

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced. In addition, Mr. Kao asserts the Privilege Against Self-Incrimination as set forth the Fifth Amendment of the United States Constitution, and Article I, Section 10 of the Hawai'i Constitution. All of the communications requested are related to a federal criminal indictment and investigation of Mr. Kao.

**Document Request Nos. 50 - 52:**

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced.

12

**Document Request No. 53:**

OBJECTION:

Defendant Kao objects to this request asserting the marital privilege.

/s/ Keith M. Kiuchi
Keith M. Kiuchi

Response: No documents will be produced. Mr. Kao also asserts the Privilege Against Self-Incrimination as set forth the Fifth Amendment of the United States Constitution, and Article I, Section 10 of the Hawai'i Constitution. Ms. Lam is also under investigation for potential criminal charges.


**Document Request No. 54:**

Response: Mr. Kao affirmatively states that he does not have any of the requested documents in his possession, and thus no documents will be produced. The documents in question were drafted by Michael O'Malley of the Goodsill firm. As such, Mr. Kao asserts attorney-client privilege as to any communications with Mr. O'Malley and the Goodsill law firm. To the extent that both Mr. O'Malley and the Goodsill law firm have elected to waive the attorney-client privilege, that is Mr. Kao's privilege to waive and he does not waive that privilege as to communications made to his counsel.

13

## Document Request No. 55:

OBJECTION:

Defendant Kao objects to this request as it requests information on Mr. Kao's personal tax returns.

/s/ Keith M. Kiuchi
Keith M. Kiuchi

Response:  The requested communications are primarily between Mr. Kao and his attorneys relating to his personal tax returns, and as such, Mr. Kao asserts attorney-client privilege as to any communications regarding his tax returns.  Those communications were with Mr. Kao's present counsel and the Choi & Ito law firm relating to an IRS tax assessment.


## Document Request Nos. 56 - 57:

Response: At this time Mr. Kao has not retained any experts and therefore has nothing to produce.

14

## Document Request Nos. 58 – 60 and 62:

OBJECTION:

Defendant Kao objects to these requests on the basis that they are overly broad.

/s/  Keith M. Kiuchi
Keith M. Kiuchi

Response: No documents will be produced. First, Mr. Kao has not produced any non-privileged documents to any other party in this Lawsuit,  Second, Mr. Kao has no documents in his possession whether or not they have been produced to any other party in this Lawsuit.  As stated above, when Mr. Kao was arrested on September 29, 2020, he was ordered not to return to the offices of Plaintiff, and his laptop computer, cellular phone and desktop computer were all seized.  The cellular phone was seized by the federal government and ultimately released to the Kobayashi, Sugita & Goda law firm over Mr. Kao's objections.  The laptop computer and desktop computer have remained in Plaintiff's possession since that arrest.  Mr. Kao took no documents from his office prior to or after his arrest.  Third, Mr. Kao has not taken any witness statements or tape recordings of witnesses.  Fourth, no documents have been withheld based upon the assertion of attorney-client privilege.  Mr. Kao does not have any documents in his possession relating to contacts with Mr. O'Malley, the Goodsill firm, or Mr. Canfield, which are the attorneys, in addition to present counsel, that he asserts the attorney-client privilege to.  As such, there is no privilege log that will be generated on the basis of attorney-client privilege.

15

**Document Request No. 61:**

OBJECTION:

Defendant Kao objects to these requests on the basis that they are overly broad.

/s/ Keith M. Kiuchi
Keith M. Kiuchi

Notwithstanding the foregoing objection, Mr. Kao will produce the following: (a) all exhibits used and introduced in the arbitration proceeding in 1CCV-20-0001511; (b) all depositions taken in 1CCV-20-0001511, (c) communications with Larry Allen, who was the expert witness hired by Mr. Kao in the arbitration proceeding in 1CCV-20-0001511, and (d) all discovery received in 1CCV-20-0001511. Those documents will be produced on a thumb drive to Plaintiff on or before October 8, 2024. ALL of these documents being produced were given to Plaintiff's counsel in 1CCV-20-0001511.

16