UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PACMAR TECHNOLOGIES LLC, fka MARTIN DEFENSE GROUP, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN KAO, TIFFANY JENNIFER LAM, LAWRENCE KAHELE LUM KEE, CLIFFORD CHEN, DUKE HARTMAN, SOCIETY OF YOUNG WOMEN SCIENTISTS AND ENGINEERS LLC,<br><br>Defendants. | CIV. NO. 22-00283 LEK-WRP |

**ORDER DENYING DEFENDANT TIFFANY JENNIFER LAM'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT/CROSS-CLAIMANT CLIFFORD CHEN'S JOINDER IN LAM'S MOTION**

Before the Court is Defendant Tiffany Jennifer Lam's ("Lam") Motion for Summary Judgment, filed on March 30, 2026 ("Motion"). [Dkt. no. 331.] Pro se Defendant/Cross-Claimant Clifford Chen ("Chen") filed a joinder in Lam's Motion on April 10, 2026 ("Joinder"). [Dkt. no. 336.] On April 13, 2026, Defendant/Cross-Claim Defendant Martin Kao ("Kao") and Defendant Society of Young Women Scientists and Engineers, LLC ("SYWSE") filed a memorandum in support of the Motion. [Dkt. no. 337.] On April 29, 2026, Plaintiff PacMar Technologies LLC, formerly known as Martin Defense Group, LLC ("PacMar") filed its memorandum in opposition to Lam's Motion ("Memorandum in

Opposition"). [Dkt. no. 345.] Lam filed her reply on May 4, 2026. [Dkt. no. 347.]

Lam filed her supplemental memorandum in support of the Motion on May 27, 2026 ("Supplemental Memorandum in Support"). [Dkt. no. 353.] PacMar filed its supplemental memorandum in opposition on June 10, 2026 ("Supplemental Memorandum in Opposition"). [Dkt. no. 355.] These matters came on for hearing on July 14, 2026.

On July 20, 2026, the Court issued an entering order ("7/20/26 EO") that, *inter alia*, denied Lam's Motion and Chen's Joinder. [Dkt. no. 365 at PageID.8283.] The instant Order supersedes the 7/20/26 EO as to the ruling on the Motion and the Joinder. The Motion and the Joinder are denied for the reasons set forth below.

## BACKGROUND

### I. The Second Amended Complaint

The operative pleading is the Second Amended Complaint filed on April 21, 2023. [Dkt. no. 97.] This case broadly concerns a purported enterprise - as defined under the Racketeer Influenced and Corrupt Organizations Act ("RICO")- that allegedly operated an illegal scheme with a twofold purpose. Lam is alleged to have participated in the scheme as a member of the enterprise. See Second Amended Complaint at ¶¶ 11-13. Because the alleged enterprise, scheme, and twofold purpose have been

discussed extensively in the Court's prior orders, the Court does not repeat them in detail here.

The first part of the scheme's alleged purpose concerned an effort to obtain government benefits, contracts, and money through illegal means, specifically by: 1) defrauding the Paycheck Protection Program ("PPP"), which was created through the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020); see, e.g., Second Amended Complaint at ¶¶ 149-87; and 2) making unlawful campaign contributions, see, e.g., id. at ¶¶ 61-90.

The second part of the scheme's alleged purpose concerned the enterprise's efforts to use PacMar's funds to cover up the alleged PPP fraud and illegal campaign contributions and to obstruct government investigations. See id. at ¶¶ 195-218. This cover-up effort allegedly involved, *inter alia*, creating a sham scholarship program in which the enterprise took PacMar's money, laundered it through intermediaries, including Lam, who then funneled the funds to SYWSE. See, e.g., id. at ¶¶ 336-37. PacMar alleges that the laundered funds were donated to universities as scholarships to manufacture a façade of legitimacy for the enterprise and to deflect scrutiny from the enterprise's PPP fraud and campaign finance fraud. See, e.g., id. at ¶¶ 93-95.

Relevant to the Motion, the Second Amended Complaint alleges the following claims against Lam:

-a claim under RICO, Title 18 United States Code Section 1962(c), based on campaign contributions ("Count I"); [Second Amended Complaint at pgs. 65-72;]

-a Section 1962(d) claim alleging a conspiracy to commit the RICO violation at issue in Count I ("Count II"); [id. at pgs. 72-74;]

-a civil conspiracy claim ("Count VI"); [id. at pgs. 86-87;]

-an aiding and abetting claim ("Count VII"); [id. at pgs. 87-88;]

-a conversion claim ("Count IX"); [id. at pgs. 89-90;]

-an embezzlement claim ("Count X"); [id. at pgs. 90-91;]

-an unjust enrichment claim ("Count XI"); [id. at pg. 92;]

-a gross negligence claim ("Count XII"); [id. at pgs. 92-94]; and

-a fraudulent conveyance claim ("Count XIII"), [id. at pgs. 94-95].

After the Motion was filed, the Court dismissed Count X, as to all of the remaining defendants named therein, for failure to state a claim and pursuant to the law of the case doctrine. See 7/20/26 EO at PageID.8284 (citing Musacchio v. United States, 577 U.S. 237, 244-45 (2016)). The Court also dismissed Count XIII as to Lam and partially dismissed Counts VI and IX as to Lam. See id.[1] Thus, only PacMar's claims against Lam in

[1] The Court's reasoning supporting the dismissal, either in whole or in part, of Counts VI, IX, X, and XIII will be set

(. . . continued)

Counts I, II, VII, XI, and XII, and the remaining portions of Counts VI and IX are addressed in the instant Order.[2]

## II. Kao's Criminal Convictions

Kao was indicted in United States v. Kao, CR 21-00061 LEK ("CR 21-061") on May 6, 2021, and was charged with three counts of wire fraud (CR 21-061 Counts 1-3) and five counts of money laundering (CR 21-061 Counts 4-8). [CR 21-061, Indictment, filed 5/6/21 (dkt. no. 31).] Kao entered guilty pleas to CR 21-061 Counts 1 through 8, which the Court accepted. [Id., Acceptance of Plea of Guilty, Adjudication of Guilt and Notice of Sentencing, filed 9/22/22 (dkt. no. 79).] Kao was sentenced as to CR 21-061 Counts 1 through 8, as well as to one count of bank fraud in United States v. Kao, CR 23-00003 LEK ("CR 23-003" and "CR 23-003 Count 1"), [CR 23-003, Indictment, filed 1/5/23 (dkt. no. 1)]. See CR 21-061, Amended Judgment in a Criminal Case ("CR 21-061 Amended Judgment"), filed 2/24/25 (dkt. no. 153), at 3-4, 6-7; CR 23-003, Amended Judgment in a Criminal

---

forth in further detail in a written order that will supersede that portion of the 7/20/26 EO. See 7/20/26 EO at PageID.8284.

[2] Defendant/Cross-Claimant/Counterclaimant Duke Hartman ("Hartman") and Defendant/Cross-Claimant Lawrence Kahele Lum Kee ("Lum Kee") have been terminated as parties. See Stipulation for Partial Dismissal with Prejudice of Claims, filed 12/10/25 (dkt. no. 275) (dismissing claims against Hartman); Stipulation for Partial Dismissal with Prejudice of Claims, filed 2/19/26 (dkt. no. 291) (dismissing claims against Lum Kee).

Case ("CR 23-003 Amended Judgment"), filed 3/28/25 (dkt. no. 52), at 2-3, 5-6.[3]]

Kao was also indicted in the United States District Court for the District of Columbia on February 10, 2022. [United States v. Kao et al., CR 22-00048-CJN-1 ("D.D.C. Case"), Indictment, filed 2/10/22 (dkt. no. 1).] Kao was charged with: one count of conspiracy (D.D.C. Case Count 1); one count of making illegal conduit contributions (D.D.C. Case Count 2); one count of making illegal government contractor contributions (D.D.C. Case Count 3); and two counts of making false statements (D.D.C. Case Counts 4 and 5). [Id. at pgs. 4-15.] Kao entered guilty pleas to D.D.C. Case Counts 1, 2, 4, and 5, which the district court accepted. [D.D.C. Case, Transcript of Video Plea Agreement held on 9/27/22, filed 4/20/23 (dkt. no. 50), at 24-25.] On October 20, 2025, Kao was sentenced in the D.D.C. Case. [Id., Judgment in a Criminal Case ("D.D.C. Case Judgment"), filed 10/23/25 (dkt. no. 101).]

## III. The Instant Motion

Lam moves for summary judgment on the ground that PacMar's remaining claims are precluded under the doctrines of

---

[3] Kao appealed the CR 21-061 Amended Judgment and the CR 23-003 Amended Judgment to the Ninth Circuit Court of Appeals. [CR 21-061, Notice of Appeal, filed 3/6/25 (dkt. no. 158); CR 23-003, Notice of Appeal, filed 4/11/25 (dkt. no. 53).] His appeals remain pending.

res judicata and collateral estoppel. See Motion, Mem. in Supp. at 1. Lam also moves for summary judgment on the grounds that PacMar lacks standing to assert certain claims and cannot obtain double recovery for its claims. See Motion, Mem. in Supp. at 1.[4] In the alternative, Lam asks the Court to stay this action. See id. at 23-26.

As to res judicata, or claim preclusion, Lam states that the First Circuit Court of the State of Hawai`i ("state circuit court"), through various rulings, confirmed an arbitration award against Kao in Navatek Capital Inc. v. Kao, Case No. 1CCV-20-0001511 (Hawai`i 1st Cir. Ct.) ("1CCV-20-1511"). [Id. at 3.[5]] She contends that the res judicata effect of

---

[4] The Court has ordered the parties to file supplemental briefing concerning standing and other issues. See 7/20/26 EO at PageID.8284-86.

[5] The state circuit court denied Kao's motion to vacate the arbitration award. See 1CCV-20-1511, Motion to Vacate Award in DPR No. 21-0234-A, filed 2/18/22 (dkt. no. 321); id., Order Denying Defendant Martin Kao's Motion to Vacate Arbitration Award, filed 4/27/22 (dkt. no. 437) ("1CCV-20-1511 4/27/22 Order"). The state circuit court confirmed the arbitration award in a pair of orders. See Lam's Concise Statement of Facts in Support of Motion for Summary Judgment, filed 3/30/26 (dkt. no. 332), Declaration of Keith S. Kiuchi ("Kiuchi Decl."), Exh. 4 at PageID.5101-07 (1CCV-20-1511, Findings of Fact, Conclusions of Law and Order Granting Plaintiff Navatek Capital Inc., Individually and Derivatively on Behalf of Nominal Defendant Martin Defense Group, LLC, fka Navatek LLC's Motion to Confirm Arbitration Award, filed 4/27/22 (dkt. no. 439)), id. at PageID.5108-14 (1CCV-20-1511, Findings of Fact, Conclusions of Law, and Order Granting Plaintiff Nominal Defendant Martin Defense Group, LLC, FKA Navatek LLC's Joinder to Plaintiff

(. . . continued)

the Intermediate Court of Appeals of the State of Hawai`i's ("ICA") decision affirming in part the orders entered in the state circuit court proceedings precludes PacMar from pursuing the instant action. See id. at 14-18; see also Navatek Cap. Inc. v. Kao, No. CAAP-22-0000364, 2025 WL 2157693 (Hawai`i Ct. App. July 29, 2025).[6] PacMar responds that res judicata does not apply because the ICA's decision vacated the state circuit court's final judgment and partially vacated the state circuit court's orders. PacMar also argues that the Hawai`i Supreme Court's acceptance of Kao's application for a writ of certiorari weighs against giving the state court proceedings res judicata effect. See Mem. in Opp. at 17-21; see also Navatek Cap. Inc. v. Kao, SCWC-22-0000364, 2025 WL 3723313 (Hawai`i Dec. 23, 2025).[7]

As to collateral estoppel, or issue preclusion, Lam states that "[c]ollateral estoppel may apply even when the subsequent action involves different defendants, provided the

---

Navatek Capital Inc., Individually and Derivatively on Behalf of Nominal Defendant Martin Defense Group, LLC, fka Navatek LLC's Motion to Confirm Arbitration Award, filed 4/27/22 (dkt. no. 441)) ("1CCV-20-1511 Confirming Orders"). On April 28, 2022, the state circuit court filed its Final Judgment Confirming Arbitration Award ("1CCV-20-1511 Final Judgment"). [1CCV-20-1511, dkt. no. 452.]

[6] The ICA's decision was also attached as Exhibit 8 to the Kiuchi Declaration. [Dkt. no. 332-10.]

[7] As of the date of the instant Order, the Hawai`i Supreme Court has not issued a decision in Navatek Capital Inc. v. Kao, SCWC-22-0000364.

party against whom the doctrine is asserted had a full and fair opportunity to litigate." [Motion, Mem. in Supp. at 18 (citation omitted).] Lam argues that, because PacMar was a party to the arbitration and fully litigated essential issues that were conclusively decided in reaching the arbitration award, summary judgment is appropriate as to those issues in the instant case. See id. at 18-19. Lam also contends that Kao's criminal convictions in federal court have a collateral estoppel effect as to certain factual issues related to the alleged PPP fraud and illegal campaign contributions. See id. at 19-20.

PacMar's argument concerning the absence of a final judgment likewise applies to Lam's assertion that the arbitration award has a collateral estoppel effect. See Mem. in Opp. at 17-21. PacMar does not, however, dispute that Kao's criminal convictions may establish certain facts. See id. at 17. PacMar instead contends that the establishment of those facts, standing alone, does not warrant a grant of summary judgment in Lam's favor because, *inter alia*, the Motion also relies on rulings from the arbitration proceeding against Kao and state court rulings affirming those arbitration rulings, which PacMar maintains have no preclusive effect. See id.

**STANDARD**

With respect to the parties' arguments concerning the preclusive effect of the various state court rulings, the Court

must apply Hawai`i law. See Chen ex rel. Chen v. Albany Unified Sch. Dist., 56 F.4th 708, 725 (9th Cir. 2022) ("In determining the preclusive effect of a state administrative decision or a state court judgment, we follow the state's rules of preclusion." (quotation marks and citation omitted)). Hawai`i courts now prefer the terms claim preclusion and issue preclusion, but they continue to use the terms res judicata and collateral estoppel, and at times treat collateral estoppel as an aspect of res judicata. See Bumatay v. Fin. Factors, Ltd., Civil No. 10-00375 JMS/LEK, 2010 WL 3724231, at *4 n.3 (D. Hawai`i Sept. 16, 2010) (citing Bremer v. Weeks, 104 Haw. 43, 53, 85 P.3d 150, 160 (2004); Bush v. Watson, 81 Haw. 474, 480, 918 P.2d 1130, 1136 (1996); In re Dowsett Trust, 7 Haw. App. 640, 644, 791 P.2d 398, 401 (1990)).

This district court has explained that

> the party asserting claim preclusion has the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim presented in the action in question is identical to the one decided in the original suit, or to a claim or defense that might have been properly litigated in the first action but was not litigated or decided.

Levitz v. PNC Bank Nat'l Ass'n, Case No. 24-cv-00024-DKW-KJM, 2024 WL 5136685, at *4-5 (D. Hawai`i Dec. 17, 2024) (quoting

Eastern Savings Bank, FSB v. Esteban, 296 P.3d 1062, 1067 (Hawai`i 2013)).

The Hawai`i Supreme Court "has . . . held that an order granting a claimant's petition to confirm an arbitration award is an appealable 'judgment' under [Hawai`i Revised Statutes] chapter 658." Sousaris v. Miller, 92 Hawai`i 505, 510 n.3, 993 P.2d 539, 544 n.3 (2000) (citations omitted). "A judgment is final and binding unless an appeal is taken." Hoopai v. Civ. Serv. Comm'n, 106 Hawai`i 205, 224, 103 P.3d 365, 384 (2004) (citations omitted). The ICA has previously

> examined the definition of "final judgment" in various contexts and stated:
>
> > The expression "final judgment" is used in different contexts in the law, but in every instance imports a meaning of conclusiveness. . . . It is also significant in the application of the legal doctrine of *res judicata*. In that context, the supreme court, in Glover v. Fong, 42 Haw. 560 (1958), held that "[a] judgment is final where the time to appeal has expired without appeal being taken." Id. at 574. It follows from Glover that where an appeal has been taken, a judgment of the trial court is not final, at least for purposes of *res judicata*.
>
> [Littleton v. State, 6 Haw. App. 70,] 75, 708 P.2d [829,] 833 [(1985)] . . . .

In re Mitsuo Yoneji Revocable Tr. Dated Nov. 27, 1985, 147 Hawai`i 104, 112, 464 P.3d 892, 900 (Ct. App. 2020) (some alterations in Yoneji Revocable Tr.) (emphasis omitted).

With respect to the parties' arguments concerning the preclusive effect of Kao's federal criminal convictions, the Court must apply the federal standard for collateral estoppel.

> "Federal law governs the collateral estoppel effect of a federal case decided by a federal court." Fireman's Fund Ins. Co. v. Int'l Market Place, 773 F.2d 1068, 1069 (9th Cir. 1985). The collateral estoppel effect of a criminal conviction under federal law is fairly established. The Ninth Circuit applies the following criteria in determining the preclusive effect of a criminal conviction on a later civil proceeding:
>
> > The criteria for the application of collateral estoppel are: (1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a full and fair trial to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom the collateral estoppel is asserted was a party or in privity with a party to the prior trial.
>
> United States v. Real Prop. Located at Section 18, 976 F.2d 515, 518 (9th Cir. 1992) (citing Ayers v. City of Richmond, 895 F.2d 1267, 1271 (9th Cir. 1990)). "[O]nly matters necessarily decided in the prior action are barred from relitigation." Id. at 519. Thus, "[a]lthough it is settled law in this circuit that a guilty plea may be used to establish issue preclusion in a subsequent civil suit, preclusion has only been allowed where an element of the crime to which the defendant pled guilty or of which he was convicted was at issue in the second suit." Id.

Neman Fin., L.P. v. Citigroup Glob. Mkts., Inc., Case No. CV 14-02499 BRO(PLAx), 2015 WL 12765636, at *5 (C.D. Cal. Feb. 12, 2015) (alterations in Neman Fin.).

**DISCUSSION**

## I. The Preclusive Effect of the State Court Rulings

Both issue preclusion and claim preclusion require that there be a final judgment on the merits in the prior adjudication. See McShane v. Dep't of Parks & Recreation, Civ. No. 20-00244-ACK-WRP, 2021 WL 2582810, at *11-12 (D. Hawai`i June 23, 2021) (some citations omitted) (citing Santos v. State of Hawaii, 64 Haw. 648, 652, 646 P.2d 962 (1982)). The Court therefore addresses that requirement first.

### A. Final Judgment on the Merits

Lam argues that, under Hawai`i Revised Statutes Section 658A-28(a)(3), the state circuit court orders confirming the arbitration award are directly appealable as a final determination. Accordingly, she contends that the circuit court's entry of a final judgment based on its orders confirming the arbitration award is merely a ministerial act, and that the entry of a final judgment is not a prerequisite to preclusion. See Motion, Mem. in Supp. at 11. Lam notes that the 1CCV-20-1511 Confirming Orders were partially affirmed by the ICA and are "operative instruments for preclusion purposes." See id.; see also Navatek Cap., 2025 WL 2157693, at *3.

Lam's argument is overstated. Kao appealed the state circuit court's 1CCV-20-1511 4/27/22 Order, 1CCV-20-1511 Confirming Orders, and 1CCV-20-1511 Final Judgment. See 1CCV-20-1511, Kao's Notice of Appeal etc., filed 8/2/22 (dkt. no. 544); see also Navatek Cap., 2025 WL 2157693, at *1. The ICA vacated the 1CCV-20-1511 4/27/22 Order and the 1CCV-20-1511 Final Judgment, vacated in part and affirmed in part the 1CCV-20-1511 Confirming Orders, and remanded certain matters to the state circuit court. See Navatek Cap., 2025 WL 2157693, at *3. The Hawai`i Supreme Court thereafter accepted Kao's application for a writ of certiorari. See Navatek Cap., 2025 WL 3723313, at *1. In other words, the final judgment has been vacated, the 1CCV-20-1511 Confirming Orders have been partially vacated, and the appellate proceedings concerning those orders have not concluded.

Lam's reliance on Section 658A-28(a)(3) to support her preclusion argument is without merit. The 1CCV-20-1511 Confirming Orders are appealable judgments under Section 658A-28(a)(3). See Sousaris, 92 Hawai`i at 510 n.3, 993 P.2d at 544 n.3 (citations omitted). Appealable judgments, such as the 1CCV-20-1511 Confirming Orders, are final and binding unless an appeal is taken, see Hoopai, 106 Hawai`i at 224, 103 P.3d at 384, and an appeal was taken of the state circuit court orders.

Appealability is what permitted Kao to take his appeal; it is not a substitute for finality.

Lam argues that the ICA vacated portions of the state circuit court orders solely on procedural grounds, without disturbing the arbitrator's factual findings or the damages award, and that a confirming court does not review the merits of an arbitration award. See Motion, Mem. in Supp. at 11-12. That argument is directed at what may survive appellate review; it does not answer whether there is presently a final judgment on the merits. Kao's application for a writ of certiorari asks whether the ICA erred in affirming the confirmation of the arbitration award, and Kao asks the Hawai\`i Supreme Court to vacate the ICA and state circuit court judgments. See PacMar's Counter Statement of Facts in Opposition to Defendant Tiffany Jennifer Lam's Motion for Summary Judgment, filed 4/27/26 (dkt. no. 343), Declaration of Grant Fasi Allison ("Allison Decl."), Exh. 30 (Kao's Application for Writ of Certiorari to the Hawaii Supreme Court Re: Judgment on Appeal Filed on August 29, 2025, with appendices, filed 10/29/25 ("Kao's Cert. Application")) at PageID.7662, PageID.7673 (pgs. 1 & 12 of the application); see also Navatek Cap., 2025 WL 3723313, at *1. Lam contends that, if the Hawai\`i Supreme Court were to reverse the ICA and order a new arbitration, the new arbitration would be "functionally moot." See Motion, Mem. in Supp. at 13. That argument asks the

Court to predict both the outcome of the pending certiorari proceeding and the outcome of a hypothetical arbitration. A prediction of that sort is not a final judgment on the merits.[8]

Despite her arguments to the contrary, Lam concedes that "complete claim-preclusion finality is difficult to establish while certiorari is pending," and she acknowledges that she "is aware of no Hawai`i decision holding a partially vacated confirmation order final for res judicata while a discretionary appeal of the affirmed portions remains pending." [Suppl. Mem. in Supp. at 7.] The Court is also unaware of such authority. Because an appeal of the state circuit court orders has been taken and remains pending, the Court concludes that Lam has failed to meet her burden of establishing that the confirmation of the arbitration award is sufficiently final, at least for purposes of claim and issue preclusion. See Yoneji Revocable Tr., 147 Hawai`i at 112, 464 P.3d at 900; Levitz, 2024 WL 5136685, at *4.

[8] For similar reasons, the Court rejects Lam's argument that "[t]he Court should separately grant summary judgment since the damages which PacMar alleges it suffered from claims alleged in the [Second Amended Complaint] have already been awarded in the Arbitration." See Motion, Mem. in Supp. at 21. The Court cannot predict whether the arbitration award, and the damages conferred therein, will be upheld or vacated after the state court proceedings conclude. In any event, in considering Lam's Motion, the record must be construed in the light most favorable to PacMar as the nonmoving party. See Harris v. Cnty. of Orange, 17 F.4th 849, 855 (9th Cir. 2021).

**B. Claim Preclusion**

Lam has not established the first element of claim preclusion, *i.e.*, that there was a final judgment on the merits, Levitz, 2024 WL 5136685, at *4, for the reasons stated *supra*.

Lam has also not established the second element, *i.e.*, identity or privity between the parties. See id. Lam concedes that there is no identity of parties to the arbitration proceeding. [Suppl. Mem. in Supp. at 7 ("claim preclusion requires identity of parties or privity - absent as to Lam, who was not a party to the Arbitration" (citation omitted)).] Lam does not argue, in the alternative, that she is in privity with any party to that proceeding. Because Lam has established neither of the first two elements for claim preclusion, the Court does not reach the third. The Court concludes that claim preclusion does not apply to bar PacMar's claims against Lam.

**C. Issue Preclusion**

Lam argues in the alternative that the arbitrator's determinations have a collateral estoppel effect as to PacMar because PacMar was a party to the arbitration proceeding and had a full and fair opportunity to litigate in the arbitration the factual issues that are central to the instant case. See Motion, Mem. in Supp. at 18-19. Issue preclusion under Hawai`i law

> is even more narrowly applied than claim preclusion. It has four elements: (1) the fact or issue in the present action is identical to the

> one decided in the prior adjudication; (2) there was a final judgment on the merits in the prior adjudication; (3) the parties to the present action are the same or in privity with the parties in the prior action; and (4) the fact or issue decided in the prior action was actually litigated, finally decided, and essential to the earlier valid and final judgment.

McShane, 2021 WL 2582810, at *12 (citing Smallwood v. City & Cnty. of Honolulu, 118 Haw. 139, 147, 185 P.3d 887 (Ct. App. 2008)).

Lam argues that a more relaxed finality standard governs issue preclusion, under which a prior determination may be given "'conclusive effect'" if it is "'sufficiently firm.'" [Suppl. Mem. in Supp. at 8 (quoting Restatement (Second) of Judgments § 13 (1982); Malahoff v. Saito, 111 Hawai`i 168, 181 n.16, 140 P.3d 401, 414 n.16 (2006)).] PacMar responds that Hawai`i law requires a final judgment on the merits for issue preclusion, that the language upon which Lam relies is dicta in a footnote, and that PacMar has identified no reported Hawai`i appellate decision applying a sufficiently firm standard to issue preclusion. See Suppl. Mem. in Opp. at 7 (citing Malahoff v. Saito, 111 Haw. 168, 181 n.16, 140 P.3d 401, 414 n.16 (2006)); id. at 7-8 & n.2.

The Court does not need to decide whether the Hawai`i courts have adopted the "sufficiently firm" standard because Lam does not satisfy either standard. For the reasons stated above,

there is no final judgment on the merits. See *supra* Discussion Section I.A. Nor are the arbitrator's determinations sufficiently firm to be accorded conclusive effect because Kao's pending certiorari proceeding is directed at the procedural adequacy of the arbitration. See Allison Decl., Exh. 30 (Kao's Cert. Application) at PageID.7670-72 (pgs. 9-11 of the application).

Because Lam has not established the second element, the Court does not reach the remaining elements of issue preclusion. The Court concludes that issue preclusion does not apply to bar PacMar's claims against Lam.

## II. The Preclusive Effect of Kao's Federal Criminal Convictions

Lam argues that "Kao's federal guilty pleas establish collateral estoppel on the PPP fraud and campaign contribution facts." [Motion, Mem. in Supp. at 19.] The fourth criterion of the federal collateral estoppel standard, however, requires that "the party against whom the collateral estoppel is asserted was a party or in privity with a party to the prior trial." Real Prop. Located at Section 18, 976 F.2d at 518 (citation omitted). Lam concedes that she "does not contend that [Kao's] convictions estop PacMar," and she acknowledges that the party against whom estoppel is asserted must have been a party, or in privity with a party, to the prior action. [Suppl. Mem. in Supp. at 1.]

PacMar was not a party to Kao's criminal proceedings,[9] nor does Lam contend that Kao was in privity with PacMar. See id. at 1-6. Kao's convictions therefore have no preclusive effect against PacMar.

Lam argues that Kao's judgments of conviction are nevertheless admissible against PacMar under Federal Rule of Evidence 803(22), which she describes as a hearsay exception that contains no party-identity requirement. See Suppl. Mem. in Supp. at 2-3. Whether the judgments are admissible, however, is an evidentiary question distinct from whether they preclude PacMar from litigating an issue. See Fed. R. Evid. 803(22) advisory committee's note to 1972 Proposed Rules ("The rule does not deal with the substantive effect of the judgment as a bar or collateral estoppel.").

To the extent that Kao's convictions preclude Kao from relitigating facts essential to those convictions, Lam has not shown that such preclusion entitles her to summary judgment. Kao's guilty pleas have a collateral estoppel effect only as to elements of the crimes to which Kao pled guilty that are at issue in the instant action. See Real Prop. Located at

---

[9] The Court did, however, conclude that PacMar was Kao's victim under the Mandatory Victim Restitution Act ("MVRA"), and that Kao was therefore obligated to pay PacMar restitution pursuant to the MVRA. See CR 21-061, Order Granting in Part and Denying in Part Movant's Renewed Motion for Restitution Pursuant to 18 U.S.C. § 3663A and § 3664, filed 7/29/26 (dkt. no. 202).

Section 18, 976 F.2d at 519 (citations omitted). Lam does not identify the overlapping elements between Kao's crimes and the ones at issue here. While Kao's criminal convictions may establish certain facts, those facts were insufficiently identified by Lam and do not warrant a grant of summary judgment in her favor on the grounds of preclusion.

**III. Joinder**

Chen asserts that the Joinder is a substantive joinder. See Joinder at PageID.5294. However, the Joinder was filed more than three days after the Motion and was not "supported by a memorandum that complies with LR7.4(a) and (b) supplementing" the Motion. See Local Rule LR7.7. In any event, because the instant Order denies the Motion, the Joinder is also denied.

**IV. Request for a Stay**

> [A] district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 259 (1936).
>
> In deciding whether to enter a stay, the Court weighs three considerations: (1) the possible damage that may result from granting a stay; (2) the hardship or inequity a party may suffer in being required to go forward; and (3) the orderly course of justice measured in

> terms of the simplifying or complicating of issues, proof, and questions of law that a stay is expected to produce. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55).
>
> Where the requested stay is potentially indefinite in duration, the moving party bears a heightened burden and must make out a clear case of hardship or inequity in being required to go forward. Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (citing Landis, 299 U.S. at 255). A stay tied to independent proceedings must be limited to a reasonable time. See Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007).

Aragon Alcantar v. Rancho Humilde Ent., LLC, Case No. 5:25-cv-01445-SSS-DTBx, 2026 WL 2261054, at *1 (C.D. Cal. Aug. 5, 2026).

The Court declines to exercise its authority to stay the instant action. Lam proposes no outer limit upon the stay she requests, and the Court is unable to set one from the present record. Indeed, Kao's certiorari proceeding remains pending. Lam identifies no hardship apart from the burden of continuing to defend this action, see, e.g., Motion, Mem. in Supp. at 25-26, but "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity," Lockyer, 398 F.3d at 1112 (citation and internal quotation marks omitted). A stay would also do little to simplify the issues, proof, or questions of law before the Court. These considerations therefore weigh against a stay. The denial is without prejudice to a renewed request should there be a

material change in the posture of the proceedings in the Hawai`i state courts.

**CONCLUSION**

For the foregoing reasons, Lam's Motion for Summary Judgment, filed March 30, 2026, is DENIED. Chen's joinder in Lam's Motion, filed April 10, 2026, is also DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 31, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**PACMAR TECHNOLOGIES LLC, FKA MARTIN DEFENSE GROUP, LLC VS. MARTIN KAO, ET AL; CV 22-00283 LEK-WRP; ORDER DENYING DEFENDANT TIFFANY JENNIFER LAM'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT/CROSS-CLAIMANT CLIFFORD CHEN'S JOINDER IN LAM'S MOTION**